## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
_____

ANTHONY HART,

               Plaintiff,

v.                                    Case No:
                                        Honorable:

HILLSDALE COUNTY, a Municipal        Magistrate:
Corporation; HILLSDALE COUNTY
SHERIFF'S DEP'T AGENTS CHRISTINE
WANDA, KWINN LEVA, LT. TIMOTHY
PARKER; CITY OF HILLSDALE and
OFFICERS SHELBY RATHBUN and OFFICER
TODD HOLTZ; MICHIGAN STATE POLICE
ANALYSTS MELISSA MARINOFFAND
MARCI KELLY, in their individual capacities;
and ATT'Y KIMBERLEY BURGER, and
PARKER, HAYES, & LOVINGER P.C. all
jointly and severally,

               Defendants.
_____/

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
GOODMAN & HURWITZ, P.C.
1394 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 567-6170/Fax: (313) 567-4827
mail@goodmanhurwitz.com

Steven T. Budaj, P.C.
By STEVEN T. BUDAJ (P30154)
65 Cadillac Square, Suite 2915
Detroit, MI  48226
313-963-9330
stbudaj@counsel.cc
*Attorneys for Plaintiff*
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff ANTHONY HART, by and through his attorneys, Steven T. Budaj, P.C. and Goodman & Hurwitz, P.C., and, for his Complaint, alleges the following:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff ANTHONY HART (hereafter "HART") seeks relief for injuries stemming from Defendants' violations of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and laws of the State of Michigan.

2.     Defendants herein caused Plaintiff HART to be twice convicted of a crime that, at the time of each of his convictions, did not apply to him by virtue of his juvenile offender status and level of criminal conviction. The latter conviction caused Plaintiff to be incarcerated for nineteen months in Jackson State Prison in Jackson, Michigan.

3.     Defendants WANDA, LEVA, PARKER, RATHBUN, HOLTZ, MARINOFF, KELLY, (hereinafter referred to as "Law Enforcement Defendants"), caused Plaintiff HART to be falsely arrested, maliciously prosecuted, convicted and incarcerated, in violation of Plaintiff's Constitutional rights.

4.     Municipal Defendants CITY OF HILLSDALE (hereafter "CITY" and HILLSDALE COUNTY's  (hereafter "COUNTY") policies and practices resulted

in inadequate training and hiring, and affirmatively authorizing Defendants WANDA, LEVA, TIMOTHY PARKER, RATHBUN, and HOLTZ, to falsely arrest and maliciously prosecute Plaintiff ANTHONY HART, resulting in the violation of Plaintiff's constitutional rights.

5.      Defendants BURGER and her one-time employer, law firm PARKER, HAYES & LOVINGER P.C. (hereafter "FIRM"), committed legal malpractice in advising Plaintiff HART to plead guilty to crimes that did not and could not legally apply to him at the time of his 2013 and 2014 guilty pleas, and in failing to advise him that he could not legally be guilty of the charged crimes.

6.      Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorneys' fees and costs, and any such additional relief as the Court deems proper.

## JURISDICTION

7.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

8.      Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims that are so

related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

10.     Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that the events giving rise to the Plaintiff's claim occurred in this judicial district.

## JURY DEMAND

11.     Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

12.     Plaintiff HART is a citizen of the United States and, at all times relevant herein, was a resident of the City of Hillsdale, Hillsdale County, State of Michigan.

13.     Defendant CITY is a municipal corporation, authorized under and created by the laws of the State of Michigan.  It is authorized by law to maintain and operate the Hillsdale City Police Department.  Defendant CITY establishes, promulgates, and implements the policies of the Hillsdale Police Department with regard to hiring, training, supervision, and discipline of the employees of said department.

14.     Defendant COUNTY is a municipal corporation, authorized under and created by the laws of the State of Michigan.  It is authorized by law to maintain and operate a Sheriff's Department. Defendant COUNTY establishes, promulgates, and implements the policies of the Hillsdale Sheriff's Department with regard to hiring, training, supervision, and discipline of the employees of said department.

15.     Defendants WANDA, LEVA, and PARKER were at all times relevant herein employed by Defendant COUNTY.

16.     At all times relevant herein, Defendants WANDA, LEVA, and PARKER acted within the scope of their employment with Defendant COUNTY.

17.     At all times relevant herein, Defendant Sheriff Department Dispatchers CHRISTINE WANDA and KWINN LEVA, and Hillsdale County Sheriff's Lieutenant TIMOTHY PARKER acted pursuant to the customs, policies and practices of Defendant COUNTY. Defendants RATHBUN and HOLTZ, were at all times relevant herein employed by Defendant CITY as members of the Hillsdale Police Department.

18.     At all times relevant herein, Defendants RATHBUN and HOLTZ acted within the scope of their employment with Defendant CITY.

19.     At all times relevant herein, Defendants RATHBUN and HOLTZ acted pursuant to the policies and practices of Defendant CITY.

20.    Defendants, Michigan State Police Custodians of the Michigan Sex Offender Registry, KELLY and MARINOFF were at all times relevant herein employed by the Michigan State Police, and were responsible for accurately maintaining the Sex Offenders Registry pursuant to Michigan Law, specifically MCL § 28.725.

21.    At all times relevant herein, Defendants KELLY and MARINOFF were employees of the Michigan State Police, acting under color of law and pursuant to their authority.

22.    At all times relevant herein, Defendants KELLY and MARINOFF acted within the scope of their employment with the Michigan State Police.

23.    At all times relevant herein, the individual law enforcements Defendants named above ("Law Enforcement Defendants") violated rights of Plaintiff that were clearly established under the Constitution of the United States, in particular under the Fourth and Fourteenth Amendments, and that a reasonable police officer and/or public official, acting under similar circumstances, knew.

24.    At all times relevant herein, Defendants BURGER, individually and as an employee of the FIRM were criminal defense attorneys, admitted to practice law in the State of Michigan, with their principal offices and conducting business in the City of Hillsdale, Michigan.

25.   Defendant BURGER (Plaintiff's appointed counsel in the below referenced Sex Offenders Registration Act criminal cases), is and was, at all relevant time, an Attorney at Law licensed to practice in the courts of the State of Michigan.

26.   The actions complained of herein occurred in Hillsdale County, and arose, in part, out of Defendants BURGER and the FIRM's representation of Plaintiff in Hillsdale District Court criminal case numbers 13-1486 FY and 14-107 FY and Hillsdale Circuit Court criminal cases number 14-38-3215; and the damages sustained by the Plaintiff occurred as a result in both Hillsdale County and Jackson County, Michigan.

## FACTS

27.   In 2001, when Plaintiff ANTHONY Hart was 17 years old, he was convicted of a violation of MCL § 750.520(E), fourth degree criminal sexual conduct (CSC).

28.   As a result of his conviction for violation of MCL 750.520(E) involving a victim between the ages of 13-17, Plaintiff Hart is considered a "Tier II" sex offender. Prior to a 2011 statutory amendment, the Michigan Sex Offenders Registration Act MCL § 28.721 (SORA) required that Plaintiff register his address bi-annually, for 25 years.

29.    SORA was amended such that, beginning July 1, 2011, Tier II offenders who were adjudicated as juveniles were no longer required to register. Thus, their names were to be removed from the registry by the Michigan State Police Department employees responsible for maintaining the registry.

30.    Under the SORA as amended in 2011, Plaintiff ANTHONY HART, who had been adjudicated as a juvenile in 2001, was no longer required to register or verify his address after July 1, 2011.

31.    Under both the current and former versions of the Michigan SORA and pursuant to pursuant to MCL § 28.725, the Michigan State Police has a duty to accurately maintain the registry and inform registrants of their own duties under the law.

32.    The Michigan State Police, following the July 1, 2011 amendment that no longer required Tier II juvenile offenders to register under SORA, began removing such people from the Sex Offender Registry and informing them of their removal, and that they no longer had any duty to register as a sex offender.

33.    Michigan State Police employee Defendants were obligated to remove Plaintiff HART from the Michigan Sex Offender Registry (SOR) after July 1, 2011.

34.    Michigan State Police employee Defendants did not remove Plaintiff HART from the SOR, nor did they advise law enforcement Defendants herein that

HART was not legally on the list and not responsible for advising law enforcement as to his whereabouts.

35.    Likewise, Defendants COUNTY and CITY registering authorities did not remove Plaintiff ANTHONY HART from the SOR, nor did they inform law enforcement Defendants herein that HART was not legally on the list and not responsible for advising law enforcement as to his whereabouts.

36.    From July, 2011 through July, 2013, Plaintiff continued to register as a sex offender with his respective local registering authorities; Hillsdale Police Department, and the Hillsdale County Sheriff, even though he was not required to do so.

37.    Defendants WANDA, and LEVA, were the Hillsdale County Sheriff Department's registering officials.   As the registering officials, Defendants WANDA and LEVA were responsible for obliged by law and by the Fourteenth to the Constitution to maintain accurate information regarding the identity of actual registrants and to correct information regarding those whose name should not have been included in the Registry.

38.    In the event that an actual offender failed to register with the COUNTY, pursuant to the COUNTY policy, it was the responsibility of Defendants WANDA and LEVA to register the offender themselves, and place

said registration in the mailbox of the Detective Office indicating that the offender

failed to register so that criminal felony proceedings could be initiated.

39.     On March 4, 2012, Defendant WANDA required Plaintiff HART to

responsibilities as a registered sex offender regardless of the fact that those

responsibilities did not and should not have applied to him, as he was no longer

required to register.  Nevertheless, Defendant WANDA erroneously asserted that

Plaintiff HART was required to register regardless of the fact that this was untrue.

40.     On July 5, 2013, pursuant to the 2011 amended SORA, Plaintiff

ANTHONY HART was not required to register for the SOR.

41.     Nonetheless, on that date, without knowing he was not required to do

so, he registered as living at 79 Budlong in Hillsdale, in a tree house in the back

yard.

42.     Plaintiff ANTHONY HART, who was effectively homeless at the

time, was actually staying in the backyard of 76 Budlong, but he mistakenly

registered the wrong address.

43.     On July 17, 2013, Defendant Hillsdale County Sheriff's Department

Lieutenant TIMOTHY PARKER arrested Plaintiff ANTHONY HART for

violation of SORA, because he was not living at 79 Budlong.

44.     Plaintiff ANTHONY HART spent one night in Hillsdale County Jail

and released on bond the following day.

45.     Concurrently, Defendant PARKER reviewed Plaintiff ANTHONY HART's computerized criminal history (CCH) and SOR documents, which included his birthdate and the date of his 2001 CSC offense, making it obvious that Plaintiff HART was no longer required to register under the 2011 amended SORA.

46.     Nonetheless, Defendant PARKER signed a warrant request and sent the request to the Hillsdale County Prosecutor's Office for a warrant charging a violation of SORA.

47.     Defendant Parker's warrant request falsely asserted that Plaintiff HART was required to register as a sex offender.

48.     Relying on this false information, the warrant was authorized by the Hillsdale County Prosecutor's Office on July 18, 2013.

49.     On August 14, 2013, following a plea agreement, on the advice of counsel Defendant BURGER, employed at the time by Defendant FIRM, Plaintiff HART entered a plea of nolo contendere, and was found guilty of one count of failure to register according to Michigan Sex Offender Registry Act, MCL § 28.729, a crime that did not exist under these circumstances and which was impossible for him to have committed.  Mr. Hart was assessed a $325 fine.

50.     From July, 2013 through December, 2013, Plaintiff continued to register as a sex offender with local registering authorities, even though he was not required to do so.

51.    On December 30, 2013, Defendant LEVA improperly registered Plaintiff HART as a sex offender, and transmitted his information to the Michigan State Police Sex Offenders Registry.

52.    On January 23, 2014, Defendant PARKER advised Defendants RATHBUN and HOLTZ that Plaintiff HART had failed to verify his address for the SOR, notwithstanding that he was under no obligation to do so, thus falsely accusing him of criminal acts.

53.    Nonetheless, on that date, Defendants RATHBUN and HOLTZ sought to locate Plaintiff HART.

54.    After learning that Hillsdale Police were looking for him, Plaintiff HART voluntarily appeared at the Hillsdale Police Department, where Defendants RATHBUN and HOLTZ arrested him.

55.    Defendants RATHBUN and HOLTZ then sought a felony arrest warrant, for "failure to comply with reporting duties" MCL § 28.725 & 28.729, and "failure to comply with registration act" MCL § 28.729.

56.    The warrant request was based on the falsehood that Plaintiff HART was under any obligation to register as a sex offender.

57.    The warrant was authorized by the Hillsdale County Prosecutor's Office on January 24, 2014, based upon false information provided by Defendants RATHBUN, HOLTZ AND PARKER.

58.     On February 10, 2014, Defendant KELLY attested to the validity of Plaintiff HART's purported "Sex Offender Registry Certified Record" and transmitted those records to Defendant RATHBUN.

59.     Those records included Plaintiff HART's accurate birth date, the date of his 2001 conviction, and the statute under which he had been convicted.

60.     Yet Defendant KELLY, using the vehicle of the SOR records, falsely attested that Plaintiff HART was required to register on a semi-annual basis from August 3, 2001 through February 20, 2054.

61.     In the ensuing 2014 criminal proceedings for violation of registering as a sex offender, Plaintiff HART was again represented and advised by Defendants Burger, acting as agent and employee of Defendant FIRM.

62.     On February 18, 2014 Plaintiff HART pled guilty to the felony of failure to register, in Hillsdale County Circuit Court, He was advised to do so by his attorney Defendant BURGER, acting as agent and employee of Defendant FIRM.

63.     On March 17, 2014, Mr. Hart was sentenced to 16-24 months in State Prison and ordered to pay $1,026.94 in fines, costs, and restitution.

64.     Plaintiff HART was in fact incarcerated for 19 months in State Prison for Southern Michigan, located in Jackson, Michigan.

65.    On August 14, 2015, the Michigan Department of Corrections (MDOC) realized that Plaintiff HART was being illegally held in prison, and notified the Michigan State Police of that fact.

66.    Defendant KELLY, the Michigan State Police Custodian of the Michigan Sex Offender Registry, confirmed that Plaintiff HART was erroneously listed as an adult offender, and that his subsequent conviction and incarceration were premised on that error.

67.    Following the revelation by MDOC and the confirmation by MSP of its error, MDOC Administrator Daphne Johnson wrote a letter to Hillsdale County Circuit Court Judge Michael Smith to explain the circumstances that led to Plaintiff's mistaken conviction and illegal imprisonment.

68.    On August 25, 2015, Hillsdale County Circuit Court Judge Michael Smith signed a stipulated order vacating Mr. Hart's 2014 guilty plea, his subsequent conviction and sentence.

69.    On August 26, 2015, the Warden where Plaintiff HART was incarcerated, signed the discharge form and Plaintiff HART was released from prison.

70.    On November 17, 2015, Hillsdale District Court Judge Sara S. Lisznyai signed a stipulated order vacating Mr. Hart's 2013 guilty plea, and subsequent conviction and sentence.

71.     As a direct and proximate result of the foregoing actions, Plaintiff HART has suffered the following injuries, among others:

    a.  Seizure and loss of liberty;

    b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

## CLAIMS

### COUNT I:
### 42 U.S.C. § 1983
### FOURTH AMENDMENT – FALSE ARREST
### (LAW ENFORCEMENT DEFENDANTS)

72.     Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

73.     As described above, Law Enforcement Defendants violated Plaintiff's right to be free from arrest without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

74.     As a direct and proximate result of the foregoing actions, Plaintiff HART has suffered the following injuries, among others:

    a.  Seizure and loss of liberty;

    b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

**COUNT II:**
**42 U.S.C. § 1983**
**FOURTH AMENDMENT – MALICIOUS PROSECUTION**
**(LAW ENFORCEMENT DEFENDANTS)**

75.     Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

76.     As described above, Law Enforcement Defendants violated Plaintiff's right to be free from criminal prosecution without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

77.     Law Enforcement Defendants initiated, through the use of falsehood, the aforementioned criminal prosecution of Plaintiff HART without probable cause.

78.     As a consequence of the criminal prosecution initiated by Defendants, Plaintiff HART suffered an unreasonable and unconstitutional deprivation of liberty and damages for confinement.

79.     The aforementioned criminal proceedings were resolved in Plaintiff's favor; the convictions were vacated.

80.     As a direct and proximate result of the foregoing actions, Plaintiff HART has suffered the following injuries, among others:

a.  Seizure and loss of liberty;

b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

c.  Loss of, and damage to, his reputation; and

d.  Loss of earnings.

## COUNT III:
## 42 U.S.C. § 1983
## *MONELL* CLAIM
## (MUNICIPAL DEFENDANTS)

81.  Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

82.  At all times herein, Defendants COUNTY and CITY through their supervisors and/or policymakers, established and/or maintained the following policies and/or practices:

a.  Failure to  train, supervise, and/or discipline police officers, including but not limited to the individual Defendant officers herein, when the Defendants CITY and COUNTY knew, or had actual notice, that said officers could undertake and engage in arrests and initiate prosecutions that lacked probable cause;

b.  Failure to  train, supervise, and/or discipline police officers, including but not limited to the individual Defendant officers herein, when the Defendants CITY and COUNTY knew, or had actual notice, that said officers could undertake and engage in arrests and initiate prosecutions while they lacked any understanding or appreciation of the laws that they were enforcing; and

c.  Failure to train, supervise, and/or discipline police officers, including but not limited to the individual Defendant officers herein, when the

Defendants CITY and COUNTY knew, or had actual notice, that said officers could undertake and engage in arrests and initiate prosecutions under provisions of SORA, when the officers were likely to target persons for such arrests and prosecutions who were legally ineligible for such actions.

83.    Each of the aforementioned policies and/or practices, i.e., the failures to train, supervise, and/or discipline the individual Defendants, was known to Defendants CITY and COUNTY as being highly likely and probable to cause violations of the constitutional rights of members of the public, including but not limited to Plaintiff herein.

84.    Defendants CITY and COUNTY were deliberately indifferent to the obvious risk that such policies and practices would lead to constitutional violations such as those alleged herein.

85.    Each such custom, policy and/or practice was a moving force in the violations of Plaintiff's constitutional rights, as set forth herein.

86.    As a direct and proximate result of Defendants Hillsdale County and City of Hillsdale's policies and/or practices – which were a moving force in the violations of Plaintiff's constitutional rights, as set forth in Counts I-II above – Plaintiff ANTHONY HART has suffered the following injuries, among others:

a.  Seizure and loss of liberty;

b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

### COUNT IV:
### STATE LAW
### LEGAL MALPRACTICE
### (DEFENDANTS BURGER AND FIRM.)

87.    Plaintiff hereby realleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

88.    At certain times pertinent hereto, Defendant attorney BURGER was employed by Defendant FIRM, and acted as its agent.

89.    At all times pertinent hereto, Defendants, attorney Burger and FIRM, represented and held out to the public, and in particular to Plaintiff  HART, that they were equipped, qualified, and prepared to represent the public and, in particular, Plaintiff HART, in matters relating to the criminal charges with which the Plaintiff was charged.

90.    Defendants Burger and FIRM agreed to furnish Plaintiff  HART with the services of a competent, qualified and licensed attorney to render competent advice, representation and assistance in accordance with the standard of practice within the community wherein the acts alleged herein occurred.

91.    At all times pertinent hereto, Defendants BURGER and FIRM had a duty to provide Plaintiff with competent and qualified legal services and to render competent advice, representation and assistance, and to render same in accordance

with the standard of practice of an attorney within the community wherein the acts alleged herein occurred.

92.     At all times hereafter mentioned, Defendants BURGER and FIRM were engaged in the practice of law and held themselves out to the public, and to the Plaintiff in particular, as possessing and able to exercise that degree of skill, knowledge, and ability generally possessed by others in the same profession, and further held themselves out as skilled, competent and capable of properly and skilfully advising, representing and assisting individuals, specifically Plaintiff HART, who had been charged with criminal allegations.

93.     Defendants BURGER and FIRM owed Plaintiff HART the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by attorneys practicing in the field of criminal law, specifically in the community wherein the acts alleged herein occurred and to use reasonable care and diligence in the exercise of her skill, and the application of her learning in the representation of the Plaintiff HART.

94.     Defendants BURGER and FIRM in disregard of their duties and obligations to the Plaintiff, and at variance of the standards of practice, committed legal malpractice including, but not limited to, the following:

   a. Advising Plaintiff HART to plead guilty on August 14, 2013 to a criminal charge that he failed to register as a sex offender when he

was not required to do so under state law;

b. Failure to ascertain that the felony for which they advised Plaintiff HART to plead guilty did not exist for Plaintiff HART and it was legally impossible for him to have committed this crime;

c. Failure to bring the facts asserted in Paragraph 95(b) above to the attention of the Prosecutor and the Court and to move to dismiss, as a result;

d. Advising Plaintiff HART to plead guilty again on February 18, 2014 to a criminal charge that he failed to register as a sex offender when he was not required to do so under state law.

e. Defendants BURGER's and FIRM's representation of the Plaintiff HART ended on or about October 13, 2015.

95.   Defendants BURGER's and FIRM's negligence, malpractice, and conduct were a proximate cause of the Plaintiff's injuries and damages.

96.   As a direct and proximate result of the negligence of Defendant Burger, Plaintiff Hart twice wrongly pled guilty to a failure to register according to the Michigan Sex Offender Registry Act, MCL § 28.729 – the first conviction resulting in $325 in fines and other consequences, and the second conviction resulting in a fine, other consequences and nineteen months of incarceration in Jackson State Prison in Jackson, Michigan.

97.     That notwithstanding its independent obligations and duties to Plaintiff, imposed by law which they failed to discharge, Defendant FIRM is likewise vicariously liable for the actions of its employee, Defendant, KIMBERLEY BURGER, under the Doctrine of *Respondeat Superior*.

98.     As a direct and proximate result of the negligence and malpractice of Defendant Burger, Plaintiff ANTHONY HART has suffered the following injuries, among others:

    a.  Seizure and loss of liberty;

    b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

## <u>RELIEF REQUESTED</u>

**WHEREFORE**, Plaintiff, ANTHONY HART, demands the following relief, jointly and severally against all Defendants, for the violation of his rights as set forth in the Counts I through IV herein:

    (a)  Compensatory damages for the emotional, and economic injuries suffered by Plaintiff as a result of Defendants' unlawful, unconstitutional and unjustified conduct, in an amount determined by a jury to be fair, just, and reasonable and in conformity with the evidence at trial;

    (b)  Punitive and exemplary damages against the individual Defendants to

the extent allowable by law;

(c)  Attorney's fees, as allowed, pursuant to 42 U.S.C. § 1988;

(d)  The costs, interest, and disbursements of this action; and

(e)  Such other and further relief as appears just and proper.


Respectfully submitted,


**GOODMAN & HURWITZ, P.C.**          **STEVEN T. BUDAJ, P.C.**

By:  *s/ William H. Goodman*_____          By:  *s/ Steven T. Budaj*_____
William H. Goodman (P14173)          Steven T. Budaj (P30154)
Kathryn Bruner James (P71374)          65 Cadillac Square, Suite 2915
Julie H. Hurwitz (P34720)          Detroit, MI  482226
1394 E. Jefferson Ave.          313-963-9330
Detroit, MI 48207          stbudaj@counsel.cc
(313) 567-6170/Fax: (313) 567-4827
bgoodman@goodmanhurwitz.com

Dated:  January 22, 2015