## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTHONY HART,

        Plaintiff,

v.

    Case No:   16-cv-10253
    Honorable: Denise Page Hood
    Mag. Judge: Elizabeth A. Stafford

HILLSDALE COUNTY, a Municipal
Corporation; AGENTS CHRISTINE
WANDA, KWINN LEVA, LT. TIMOTHY
PARKER; CITY OF HILLSDALE and
OFFICERS SHELBY RATHBUN and
OFFICER TODD HOLTZ; MICHIGAN
STATE POLICE ANALYSTS MELISSA
MARINOFFAND MARCI KELLY, in their
individual capacities; WATCH SYSTEMS,
L.L.C., a Louisana Corporation; and
ATTORNEY KIMBERLEY BURGER, KB
LAW OFFICE, P.C. and PARKER, HAYES,
& LOVINGER P.C. all jointly and severally,

        Defendants.

_____/

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
GOODMAN & HURWITZ, P.C.
1394 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 567-6170/Fax: (313) 567-4827
mail@goodmanhurwitz.com

SOMMERS SCHWARTZ, P.C.
David M. Black (P25047)
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
dblack@sommerspc.com
*Attorneys for Plaintiff*

Steven T. Budaj, P.C.
By STEVEN T. BUDAJ (P30154)
65 Cadillac Square, Suite 2915
Detroit, MI  48226
313-963-9330
stbudaj@counsel.cc

_____/

## FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

Now comes Plaintiff ANTHONY HART, by and through his attorneys, Steven T. Budaj, P.C., Goodman & Hurwitz, P.C., and Sommers Schwartz, P.C. and, for his Complaint, alleges the following:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff ANTHONY HART (hereafter "HART") seeks relief for injuries stemming from Defendants' violations of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and laws of the State of Michigan.

2.      Defendants herein caused Plaintiff HART, at two different times, to be convicted of a crime that, at the time of each of his convictions, did not exist as it applied to him by virtue of his juvenile offender status and the specific nature of the criminal offense of which he was convicted, due to a change in Michigan Law. The latter conviction caused Plaintiff to be wrongfully incarcerated for nineteen months in Jackson State Prison in Jackson, Michigan.

3.      Defendants WANDA, LEVA, PARKER, RATHBUN, HOLTZ, MARINOFF, and KELLY (hereinafter referred to as "Law Enforcement Defendants"), caused Plaintiff HART to be falsely arrested, maliciously prosecuted, convicted and incarcerated, in violation of Plaintiff's Constitutional rights.

4.      Municipal Defendants CITY OF HILLSDALE (hereafter "CITY" and HILLSDALE COUNTY's  (hereafter "COUNTY") policies and practices resulted in inadequate training and hiring, and affirmatively authorizing Defendants WANDA, LEVA, TIMOTHY PARKER, RATHBUN, and HOLTZ, to falsely arrest and maliciously prosecute Plaintiff ANTHONY HART, resulting in the violation of Plaintiff's constitutional rights.

5.      Defendant WATCH SYSTEMS L.L.C., (hereafter "WATCH SYSTEMS"), a Louisana Corporation, under contract with the State of Michigan through the Michigan State Police, negligently created and maintained a faulty sex offender registry database software that resulted in the defamation, false arrest and malicious prosecution of Plaintiff ANTHONY HART.

6.      Defendants KIMBERLEY BURGER, KB LAW OFFICE, P.C. and the law firm PARKER, HAYES & LOVINGER P.C. (hereafter "FIRM"), committed legal malpractice when they advised Plaintiff HART, on two separate occasions, to plead guilty to a crime that did not exist as it applied to him at the time of his 2013 and 2014 guilty pleas. Said Defendants also failed to advise Plaintiff that it was legally impossible for Plaintiff to be guilty of the alleged charged crimes and, as a consequence, that he should not plead guilty.

7.    Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorneys' fees and costs, and any such additional relief as the Court deems proper.

## JURISDICTION

8.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

9.    Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10.    Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

11.    Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that events giving rise to the Plaintiff's claim, in particular, his wrongful and unlawful incarceration in Jackson, Michigan, occurred in this judicial district.

## JURY DEMAND

12.     Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

13.     Plaintiff HART is a citizen of the United States and, at all times relevant herein, was a resident of the City of Hillsdale, Hillsdale County, State of Michigan.

14.     Defendant CITY is a municipal corporation, authorized under and created by the laws of the State of Michigan.  It is authorized by law to maintain and operate the Hillsdale City Police Department.  Defendant CITY establishes, promulgates, and implements the policies of the Hillsdale Police Department with regard to the Department's operations, as well as its hiring, training, supervision, and discipline of the employees of said department.

15.     Defendant COUNTY is a municipal corporation, authorized under and created by the laws of the State of Michigan.  It is authorized by law to maintain and operate a Sheriff's Department. Defendant COUNTY establishes, promulgates, and implements the policies of the Hillsdale Sheriff's Department with regard to its operations, as well as its hiring, training, supervision, and discipline of the employees of said department.

16.     Defendants WANDA, LEVA, and PARKER were at all times relevant herein employed by Defendant COUNTY.

17.     At all times relevant herein, Defendants WANDA, LEVA, and PARKER acted within the scope of their employment with Defendant COUNTY.

18.     At all times relevant herein, Defendant Sheriff Department Dispatchers CHRISTINE WANDA and KWINN LEVA, and Hillsdale County Sherriff's Lieutenant TIMOTHY PARKER acted pursuant to the customs, policies and practices of Defendant COUNTY. Defendants RATHBUN and HOLTZ, were at all times relevant herein employed by Defendant CITY as members of the Hillsdale Police Department.

19.     At all times relevant herein, Defendants RATHBUN and HOLTZ acted within the scope of their employment with Defendant CITY.

20.     At all times relevant herein, Defendants RATHBUN and HOLTZ acted pursuant to the policies and practices of Defendant CITY.

21.     Defendants, Michigan State Police Custodians of the Michigan Sex Offender Registry, KELLY and MARINOFF were at all times relevant herein employed by the Michigan State Police, and were responsible for accurately maintaining the Sex Offenders Registry pursuant to Michigan Law, specifically MCL § 28.725.

22.     At all times relevant herein, Defendants KELLY and MARINOFF were employees of the Michigan State Police, acting under color of law and pursuant to their authority.

23.     At all times relevant herein, Defendants KELLY and MARINOFF acted within the scope of their employment with the Michigan State Police.

24.     At all times relevant herein, the individual law enforcements Defendants named above ("Law Enforcement Defendants") violated rights of Plaintiff that were clearly established under the Constitution of the United States, in particular under the Fourth and Fourteenth Amendments, and that a reasonable police officer and/or public official, acting under similar circumstances, knew.

25.     Defendant WATCH SYSTEMS L.L.C. is a private technology vendor corporation, incorporated in the State of Louisiana, with its offices in Covington, Louisiana, that has contracted with the State of Michigan through the Michigan State Police since at least 2013, to accurately provide and maintain sex offender registry database software, under color of law, consistent with the duties of the Michigan State Police Department under MCL § 28.728.

26.     As such, at all times relevant herein, Defendant WATCH SYSTEMS, paid by the State of Michigan, jointly participated with State and/or local officials under color of law for the purpose of performing the governmental function of creating and maintaining the State of Michigan's Sex Offender Registry, as

mandated by the Sex Offender Registration Act, and as a result, Defendant WATCH SYSTEMS established certain responsibilities on persons, in particular the Plaintiff herein, which carried with them the potential for arrest, criminal charges and prosecution.

27.     At all times relevant herein, Defendants KIMBERLEY BURGER, individually and as an employee of KB LAW OFFICE, P.C. and as a former employee of the FIRM, and the FIRM, were criminal defense attorneys, admitted to practice law in the State of Michigan, with their principal offices and conducting business in the City of Hillsdale, Michigan.  These parties shall be collectively referred to as the "LAWYER DEFENDANTS."

28.     Defendant KIMBERLEY BURGER employed by Defendant KB LAW OFFICE, P.C. and/or the Defendant FIRM, (Plaintiff's appointed counsel in the below referenced Sex Offenders Registration Act criminal cases), is and was, at all relevant time, an Attorney at Law licensed to practice in the courts of the State of Michigan.

29.     The actions complained of herein occurred in Hillsdale County, and arose, in part, out of the LAWYER Defendants' representation of Plaintiff in Hillsdale District Court criminal case numbers 13-1486 FY and 14-107 FY and Hillsdale Circuit Court criminal cases number 14-38-3215; and the damages

sustained by the Plaintiff occurred as a result in both Hillsdale County and Jackson County, Michigan.

## FACTS

30.    In 2001, when Plaintiff ANTHONY HART was 17 years old, he was convicted of a violation of MCL § 750.520(E), fourth degree criminal sexual conduct (CSC).

31.    As a result of his conviction for violation of MCL 750.520(E) involving a victim between the ages of 13-17, Plaintiff ANTHONY HART is considered a "Tier II" sex offender. Prior to a 2011 statutory amendment, the Michigan Sex Offenders Registration Act, (SORA), MCL § 28.721 et seq. required that Plaintiff register his address bi-annually, for 25 years.

32.    SORA was amended such that, beginning July 1, 2011, Tier II offenders who were adjudicated as juveniles were no longer required to register. Thus, their names were to be removed from the registry by the Michigan State Police Department employees responsible for maintaining the registry.

33.    Under the SORA, as amended in 2011, Plaintiff ANTHONY HART, who had been adjudicated as a juvenile in 2001, was no longer required to register or verify his address after the statutory amendment on July 1, 2011.

34.     Under both the current and former versions of Michigan SORA,,MCL § 28.725, the Michigan State Police has a duty to accurately maintain the registry and inform registrants of their own duties under the law.

35.     The Michigan State Police, following the July 1, 2011 amendment that no longer required Tier II juvenile offenders to register under SORA, began removing some people from the Sex Offender Registry and informing them of their removal, and that they no longer had any duty to register as a sex offender, as statutorily required.

36.     Michigan State Police employee Defendants were obligated to remove Plaintiff HART from the Michigan Sex Offender Registry (SOR) after July 1, 2011.

37.     Michigan State Police employee Defendants did not remove Plaintiff HART from the SOR, nor did they advise law enforcement Defendants herein that HART was not legally on the list and not responsible for advising law enforcement as to his whereabouts.

38.     Likewise, Defendants COUNTY and CITY registering authorities did not remove Plaintiff ANTHONY HART from the SOR, nor did they inform law enforcement Defendants herein that Plaintiff HART was not legally on the list and not responsible for advising law enforcement as to his whereabouts.

39.     From July, 2011 through July, 2013, Plaintiff HART continued to register as a sex offender with his respective local registering authorities; Hillsdale Police Department, and the Hillsdale County Sheriff, even though he was not required to do so.

40.     Defendants WANDA, and LEVA, were the Hillsdale County Sheriff Department's registering officials. As the registering officials, Defendants WANDA and LEVA were responsible for and obliged by law and by the Fourteenth Amendment to the United States Constitution to maintain accurate information regarding the identity of actual registrants and to correct information regarding those whose name should not have been included in the Registry.

41.     In the event that an actual offender failed to register with the COUNTY, pursuant to the COUNTY policy, it was the responsibility of Defendants WANDA and LEVA to register the offender themselves, and place said registration in the mailbox of the Detective Office indicating that the offender failed to register so that criminal felony proceedings could be initiated.

42.     On March 4, 2012, Defendant WANDA required Plaintiff HART to register and required him to sign the form for the responsibilities as a registered sex offender, regardless of the fact that those responsibilities did not and should not have applied to him, as he was no longer required to register.  Nevertheless,

Defendant WANDA erroneously asserted that Plaintiff HART was required to register regardless of the fact that this was untrue.

43.     By statute, the Michigan Legislature delegated the duty to accurately maintain the Michigan Sex Offender Registry, to the Michigan Department of State Police, pursuant to Section of 8 of SORA,  MCL § 28.728.

44.     At least as early as 2013, the State of Michigan, through the Michigan Department of State Police, contracted with Defendant WATCH SYSTEMS to have WATCH SYSTEMS provide database software and maintenance and support of the State's Sex Offender Registry, thereby delegating MSP's duties under MCL § 28.728 to WATCH SYSTEMS.

45.     While under contract with the State of Michigan, Michigan Department of State Police, Defendant WATCH SYSTEMS, acting pursuant to its customs, policies or practices, negligently, grossly negligently and with deliberate indifference, operated the SOR software, such that Plaintiff ANTHONY HART was never flagged for removal from the Michigan SOR, and in fact remained on the public registry long-after the 2011 Amendment to SORA had taken effect; which required the Michigan State Police to remove him from the registry.

46.     Defendants negligently, grossly negligently and with deliberate indifference breached their duty under the SORA to the Plaintiff, who was never

properly flagged and removed from the registry, as required by the July 1, 2011 statutory amendment.

47.    Because Defendant WATCH SYSTEM's software failed to properly flag Plaintiff ANTHONY HART for removal from the registry, Plaintiff HART was improperly and falsely published as a registered sex offender on both the private law enforcement SOR database, and the public registry.

48.    As a proximate result of the false publication of Plaintiff's name on the registry, and because of Defendant WATCH SYSTEMS' negligence, gross negligence and deliberate indifference, Plaintiff was subjected to false arrests and malicious prosecutions, on more than one occasion, and in violation of his Constitutional rights, as enumerated below.

49.    For the years that Defendant WATCH SYSTEMS had the statutory duty to accurately maintain the Michigan SOR, which included the removal of those registrants no longer subject to the registry, including but not limited to Plaintiff HART, its custom, practice and policy regarding this duty was deliberately indifferent to the Constitutional and Statutory rights of Plaintiff HART, and therefore never properly flagged, or removed him from the SOR, causing his subsequent Constitutional deprivations.

50.    On July 5, 2013, pursuant to the 2011 amended SORA, Plaintiff ANTHONY HART was not required to register for the SOR as a matter of law.

51.     Nonetheless, on that date, without knowing he was not required to do so, he registered as living at 79 Budlong in Hillsdale, in a tree house in the back yard.

52.     Plaintiff ANTHONY HART, who was effectively homeless at the time, was actually staying in the backyard of 76 Budlong, but he mistakenly registered the wrong address.

53.     On July 17, 2013, Defendant Hillsdale County Sheriff's Department Lieutenant TIMOTHY PARKER arrested Plaintiff ANTHONY HART for violation of SORA, because he was not living at 79 Budlong.

54.     Plaintiff ANTHONY HART spent one night in Hillsdale County Jail and released on bond the following day.

55.     Concurrently, Defendant PARKER knew of Plaintiff ANTHONY HART's computerized criminal history (CCH) and SOR documents, which included his birthdate and the date of his 2001 CSC offense, making it obvious that Plaintiff HART was no longer required to register under the 2011 amended SORA.

56.     Nonetheless, Defendant PARKER signed a warrant request and sent the request to the Hillsdale County Prosecutor's Office for a warrant charging Plaintiff HART with a violation of SORA.

57.     Defendant Parker's warrant request falsely asserted that Plaintiff HART was required to register as a sex offender.

58.     Relying on this false information, the warrant for the arrest of Plaintiff HART was authorized by the Hillsdale County Prosecutor's Office on July 18, 2013.

59.     On August 14, 2013, following a plea agreement, on the advice of his counsel, the LAWYER DEFENDANTS, Plaintiff HART entered a plea of nolo contendere, and was found guilty of one count of failure to register according to Section 9 SORA, MCL § 28.729, a crime that did not exist under these circumstances and which was impossible for him to have committed.  Mr. Hart was assessed a $325 fine.

60.     From July, 2013 through December, 2013, Plaintiff continued to register as a sex offender with local registering authorities, even though he was not required to do so.

61.     On December 30, 2013, Defendant LEVA improperly registered Plaintiff HART as a sex offender, and transmitted his information to the Michigan State Police Sex Offenders Registry.

62.     On January 23, 2014, Defendant PARKER advised Defendants RATHBUN and HOLTZ that Plaintiff HART had failed to verify his address for the SOR, notwithstanding that he was under no obligation to do so, thus falsely accusing him of criminal acts.

63.     Nonetheless, on that date, Defendants RATHBUN and HOLTZ sought to locate Plaintiff HART.

64.     After learning that Hillsdale Police were looking for him, Plaintiff HART voluntarily appeared at the Hillsdale Police Department, where Defendants RATHBUN and HOLTZ arrested him.

65.     Defendants RATHBUN and HOLTZ then sought a felony arrest warrant for Plaintiff HART, for "failure to comply with reporting duties" MCL § 28.725 & 28.729, and "failure to comply with registration act" MCL § 28.729.

66.     The warrant request was based on the falsehood that Plaintiff HART was under any obligation to register as a sex offender.

67.     The warrant for the arrest of Plaintiff HART was authorized by the Hillsdale County Prosecutor's Office on January 24, 2014, based upon false information provided by Defendants RATHBUN, HOLTZ AND PARKER.

68.     On February 10, 2014, Defendant KELLY attested to the validity of Plaintiff HART's purported "Sex Offender Registry Certified Record" and transmitted those records to Defendant RATHBUN.

69.     Those records included Plaintiff HART's accurate birth date, the date of his 2001 conviction, and the statute under which he had been convicted.

70.     Yet Defendant KELLY, using the vehicle of the SOR records, falsely attested that Plaintiff HART was required to register on a semi-annual basis from August 3, 2001 through February 20, 2054.

71.     In the ensuing 2014 criminal proceedings for violation of registering as a sex offender, Plaintiff ANTHONY HART was again represented and advised by the LAWYER DEFENDANTS.

72.     On February 18, 2014 Plaintiff HART pled guilty to the felony of failure to register, in Hillsdale County Circuit Court, He was advised to do so by his attorneys, the LAWYER DEFENDANTS.

73.     On March 17, 2014, Mr. Hart was sentenced to 16-24 months in State Prison and ordered to pay $1,026.94 in fines, costs, and restitution.

74.     Plaintiff ANTHONY HART was in fact incarcerated for 19 months in State Prison for Southern Michigan, located in Jackson, Michigan.

75.     On August 14, 2015, the Michigan Department of Corrections (MDOC) became aware that Plaintiff HART was being illegally held in prison, and notified the Michigan State Police of that fact.

76.     Defendant KELLY, the Michigan State Police Custodian of the Michigan Sex Offender Registry, confirmed that Plaintiff HART was erroneously listed as an adult offender, and that his subsequent conviction and incarceration for SORA violations were premised on that error.

77.     Following the revelation by MDOC and the confirmation by MSP of its error, MDOC Administrator Daphne Johnson wrote a letter to Hillsdale County Circuit Court Judge Michael Smith to explain the circumstances that led to Plaintiff's mistaken conviction and illegal imprisonment.

78.     On August 25, 2015, Hillsdale County Circuit Court Judge Michael Smith signed a stipulated order vacating Mr. Hart's 2014 guilty plea, his subsequent conviction and sentence.

79.     On August 26, 2015, the Warden where Plaintiff HART was incarcerated, signed the discharge form and Plaintiff HART was released from prison.

80.     On November 17, 2015, Hillsdale District Court Judge Sara S. Lisznyai signed a stipulated order vacating Mr. Hart's 2013 guilty plea, and subsequent conviction and sentence.

81.     As a direct and proximate result of the foregoing actions, Plaintiff HART has suffered the following injuries, among others:

    a.  Seizure and loss of liberty;

    b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

## CLAIMS

### COUNT I:
### 42 U.S.C. § 1983
### FOURTH AMENDMENT – FALSE ARREST
### (LAW ENFORCEMENT DEFENDANTS AND WATCH SYSTEMS)

82.    Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

83.    As described above, Law Enforcement Defendants, and Defendant WATCH SYSTEMS, violated Plaintiff's right to be free from arrest without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

84.    As a direct and proximate result of the foregoing actions, Plaintiff HART has suffered the following injuries, among others:

    a.  Seizure and loss of liberty;

    b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

**COUNT II:**
**42 U.S.C. § 1983**
**FOURTH AMENDMENT – MALICIOUS PROSECUTION**
**(LAW ENFORCEMENT DEFENDANTS AND WATCH SYSTEMS)**

85.     Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

86.     As described above, Law Enforcement Defendants, and Defendant WATCH SYSTEMS, violated Plaintiff's right to be free from criminal prosecution without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

87.     Law Enforcement Defendants, and Defendant WATCH SYSTEMS initiated, through the use of falsehood, the aforementioned criminal prosecution of Plaintiff HART without probable cause.

88.     As a consequence of the criminal prosecution initiated by Defendants, Plaintiff HART suffered an unreasonable and unconstitutional seizure and deprivation of liberty and damages for confinement.

89.     The aforementioned criminal proceedings were resolved in Plaintiff's favor; the convictions were vacated.

90.     As a direct and proximate result of the foregoing actions, Plaintiff HART has suffered the following injuries, among others:

     a.  Seizure and loss of liberty;

    b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

**COUNT III:**
**42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT SUBSTANTIVE or PROCEDURAL DUE PROCESS-- DEFAMATION CLAIM**
**(LAW ENFORCEMENT AND WATCH SYSTEMS DEFENDANTS)**

91.    Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

92.    As described above, Defendant WATCH SYSTEMS acting pursuant to its customs, policies and/or practices, violated Plaintiff's right to be free from criminal prosecution without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

93.    LAW ENFORCEMENT and WATCH SYSTEMS Defendants, by continuing to falsely publish Plaintiff's name to the public and private law enforcement Michigan Sex Offender Registry, for several years after Plaintiff was no longer required to register or be published to the registry, Defendants subjected Plaintiff, HART, to humiliation and loss of employment.

94.    WATCH SYSTEMS, acting pursuant to its customs, policies and/or practices, was deliberately indifferent to Plaintiff HART's U.S. Constitutional and

Statutory rights and thereby caused a violation thereof. WATCH SYSTEMS deliberately and systematically failed to remove Plaintiff HART's name from its registry, which resulted in subsequent incarceration, and caused law enforcement Defendant PARKER to inform HART's employer in 2013 that he was a registered sex offender.

95.     As a direct and proximate result of the foregoing actions, Plaintiff HART has suffered the following injuries, among others:

    a.  Seizure and loss of liberty;

    b.  Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.  Loss of, and damage to, his reputation; and

    d.  Loss of earnings.

**COUNT IV:**
**42 U.S.C. § 1983**
**MONELL CLAIM**
**(MUNICIPAL DEFENDANTS AND WATCH SYSTEMS)**

96.     Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

97.     At all times herein, Defendants COUNTY and CITY through their supervisors and/or policymakers, established and/or maintained the following

policies and/or practices:

     a.  Failure to  train, supervise, and/or discipline police officers, including but not limited to the individual Defendant officers herein, with regard to when it was proper to issue warrant requests and to arrest for SORA violations, knowing that:

          i.    These officers were ill trained and supervised as to when arrests and criminal prosecutions were appropriate under SORA and when they were not;

          ii.    This lack of training and supervision would likely result in unreasonable and unlawful arrests and criminal prosecutions.

     b.  Failure to  train, supervise, and/or discipline police officers, including but not limited to the individual Defendant officers herein, when the Defendants CITY, COUNTY, and WATCH SYSTEMS, or had actual notice, that said officers were likely to engage in arrests and initiate prosecutions for alleged SORA violations, when said officers lacked adequate understanding or appreciation of the SORA and related laws that they were enforcing.

    98.    At all times herein, Defendant WATCH SYSTEMS, through its owners, supervisors and operators, established and/or maintained the following policies and/or practices:

     a.  Failure to provide and/or maintain the statutorily mandated software programs to reflect the 2011 change in SORA, which would have required Plaintiff HART and all those similarly situated to be taken off the registry, when it was on actual notice that officers relying on the registry software would undertake and engage in arrests and initiate prosecutions under provisions of SORA, when the officers were likely to target persons for such arrests and prosecutions who were legally ineligible for such actions;

     b.  Failure to promulgate sufficient training materials sufficient to ensure

that law enforcement officers, including but not limited to the individual Defendant officers herein, when the Defendant WATCH SYSTEMS knew, or had actual notice, that said officers could undertake and engage in arrests and initiate prosecutions that lacked probable cause, in reliance the information obtained through Defendant WATCH SYSTEMS-based registry software;

c. Failed to properly monitor changes in Michigan Law and to modify its software program to reflect changes in the law.

99.  Each of the aforementioned policies and/or practices, i.e., the failures to train, supervise, and/or discipline the individual Defendants, was known to Defendants CITY, COUNTY, and WATCH SYSTEMS, as being highly likely and probable to cause violations of the constitutional rights of members of the public, including but not limited to Plaintiff herein.

100.  Defendants CITY, COUNTY, and WATCH SYSTEMS were deliberately indifferent to the obvious risk that such policies and practices would lead to constitutional violations such as those alleged herein.

101.  Each such custom, policy and/or practice was a moving force in the violations of Plaintiff's constitutional rights, as set forth herein.

102.  As a direct and proximate result of Defendants COUNTY's, CITY's, and WATCH SYSTEM's, policies and/or practices – which were a moving force in the violations of Plaintiff's constitutional rights, as set forth in Counts I-II above – Plaintiff ANTHONY HART has suffered the following injuries, among others:

a. Seizure and loss of liberty;

24

b. Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

c. Loss of, and damage to, his reputation; and

d. Loss of earnings.

## COUNT V:
## STATE LAW NEGLIGENCE
## (DEFENDANT WATCH SYSTEMS)

103.    Plaintiff hereby realleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

104.    The State of Michigan, Michigan Department of State Police contracted with and delegated its statutory duty under MCL § 28.728 to provide and maintain an accurate sex offender registry, including removal of offenders no longer required to register, to Defendant WATCH SYSTEMS.

105.    WATCH SYSTEMS had a statutory duty to create its software such that it maintained the SOR in a manner consistent with Michigan Law.

106.    WATCH SYSTEMS had a duty to create software that, had it not been negligently created, would have removed and/or properly flagged Plaintiff HART for removal from the sex offender registry, as statutorily required.

107.    WATCH SYSTEMS breached that duty by negligently creating, deploying and maintaining faulty software for the administration of the Michigan SOR.

108.   WATCH SYSTEMS did not provide software to the State of Michigan to accurately maintain the Michigan SOR.

109.   As a proximate result of WATCH SYSTEMS' failure to properly act, Plaintiff HART was never properly flagged or removed from the SOR, resulting in Plaintiff's multiple wrongful arrests, prosecutions, convictions, and extended incarceration for failure to register, when in fact, he was not legally required to register.

110.   The negligent acts of creating, deploying and maintaining faulty software to the State of Michigan that did not meet the statutory duty delegated to WATCH SYSTEMS, *vis-à-vis* their contract with the State of Michigan, Michigan Department of State Police, was a proximate cause of Plaintiff's damages and he has suffered the following injuries, among others:

    a.   Seizure and loss of liberty;

    b.   Degradation, humiliation, mental anguish, emotional suffering, and embarrassment and other psychological and emotional injuries, past and future;

    c.   Loss of, and damage to, his reputation; and

    d.   Loss of earnings.

# COUNT VI:
# STATE LAW
# LEGAL MALPRACTICE
# (LAWYER DEFENDANTS)

111.    Plaintiff hereby realleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

112.    The elements of legal malpractice are: 1) attorney-client relation; 2) negligence or breach of the standard of care; 3) proximate causation of; 4) damages. Plaintiff will address each.

## A.    Attorney-Client Relation

113.    No doubt that this element exists between Plaintiff and the LAWYER DEFENDANTS.

## B.    Breach of Standard of Care/Negligence

114.    Once a lawyer accepts a retainer to represent a client, he/she is obligated to exert his/her best efforts wholeheartedly to advance the client's legitimate efforts.  See Legal Ethics, Model Rule 1.1 and *In re: Daggs*, 384 Mich. 729 (1971). A lawyer has a duty of competence.   MRCP 1.1

115.    An attorney owes a client a duty of care – an obligation to use reasonable care, skill, discretion and judgment.  *Lipton v. Boesky*, 110 Mich. App. 589, 594 (1981); *Peterson v. Simasko Simasko & Simasko, P.C.*, 228 Mich. App. 707, 708 (1998).

116.    At attorney thereby assumes the position of highest trust and confidence. *Hart v. Comerica Bank*, 957 F.Supp. 958, 981 (E.D. MI 1997).

117.    An attorney who practices criminal law must know the jurisdiction's pertinent statutes and the common law.

118.    An attorney has a duty to keep a client reasonably informed regarding the representation, and the duty to explain a matter to the extent reasonably necessary for the client to make an informed decision.  MRCP 1.4.

119.    The LAWYER DEFENDANTS materially breached each of their duties by:

      a.  Advising Plaintiff HART to plead guilty on August 14, 2013 to a criminal charge that he failed to register as a sex offender when he was not required to do so under state law;

      b.  Failure to ascertain that the felony for which they advised Plaintiff HART to plead guilty did not exist for Plaintiff HART and it was legally impossible for him to have committed this crime;

      c.   Failure to bring the facts asserted in Paragraph 95(b) above to the attention of the Prosecutor and the Court and to move to dismiss, as a result;

      d.  Advising Plaintiff HART to plead guilty again on February 18, 2014 to a criminal charge that he failed to register as a sex offender when he was not required to do so under state law.

### C.     Causation

120.    Causation may be established as a matter of law in the absence of professional care is so manifest to be within the knowledge of a lay person. *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich. App. 14, 48 (1989).

121.    In this case it is certainly "more likely than not" that "but for the LAWYER DEFENDANTS' negligence, Plaintiff's injuries "would not have occurred." *Pontiac School District v. Miller Canfield Paddock & Stone*, 221 Mich. 602, 614 (1997).

122.    The LAWYER DEFENDANTS' negligence was the direct and foreseeable cause of the damages set forth below.

123.    Thus, causation is established.

### D.     Damages

#### 1.     Direct Damages

124.    An attorney is liable for all damages proximately caused by the wrongful act. *Basic Food Industries v. Grant*, 107 Mich. App. 685, 693 (1981) lv. den. 413 Mich. 913 (1982); 3 Mallen & Smith Legal Malpractice §21:4.

125.    As a direct and proximate result of the negligence and malpractice of the LAWYER DEFENDANTS, Plaintiff ANTHONY HART has suffered the following direct injuries, among others:

   a.  Seizure and loss of liberty;

    b.  Loss of, and damage to, his reputation; and

    c.  Loss of earnings.

### 2.   <u>Mental Anguish and Emotional Damages</u>

126.   Under the appropriate circumstances, such as here, a client is entitled to recover mental anguish and emotional damages. *Gore v. Rains & Block*, 189 Mich. 729 (1991). The whole episode has caused Plaintiff extreme mental anguish due to his unlawful incarceration and he has suffered extreme emotional suffering and embarrassment and other psychological and emotional injuries, past and future.

### <u>RELIEF REQUESTED</u>

**WHEREFORE**, Plaintiff, ANTHONY HART, demands the following relief, jointly and severally against all Defendants, for the violation of his rights as set forth in the Counts I through IV herein:

   (a)  Compensatory damages for the emotional, and economic injuries suffered by Plaintiff as a result of Defendants' unlawful, unconstitutional and unjustified conduct, in an amount determined by a jury to be fair, just, and reasonable and in conformity with the evidence at trial;

   (b)  Punitive and/or exemplary damages against the individual Defendants to the extent allowable by law;

   (c)  Attorney's fees, as allowed, pursuant to 42 U.S.C. § 1988;

(d)   The costs, interest, and disbursements of this action; and

(e)   Such other and further relief as appears just and proper.

## **JURY DEMAND**

Plaintiff in the above entitled action demands a trial by jury on all issues so triable in his Complaint.

Respectfully submitted,

**GOODMAN & HURWITZ, P.C.**

By:  *s/ William H. Goodman*_____
William H. Goodman (P14173)
Kathryn Bruner James (P71374)
Julie H. Hurwitz (P34720)
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
bgoodman@goodmanhurwitz.com

**STEVEN T. BUDAJ, P.C.**

By:  *s/ Steven T. Budaj*_____
Steven T. Budaj (P30154)
65 Cadillac Square, Suite 2915
Detroit, MI  482226
313-963-9330
stbudaj@counsel.cc

**SOMMERS SCHWARTZ, P.C.**

By: *s/ David M. Black*_____
David M. Black (P25047)
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
dblack@sommerspc.com

Dated:  April 8, 2016