UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HART,

     Plaintiff,

v

HILLSDALE COUNTY, a Municipal
Corporation, AGENTS CHRISTINE
WANDA, KWINN LEVA, LT. TIMOTHY
PARKER, CITY OF HILLSDALE and
OFFICERS SHELBY RATHBUN and
OFFICER TODD HOLTZ, MICHIGAN
STATE POLICE ANALYSTS MELISSA
MARINOFF AND MARCI KELLY, in their
capacities, WATCH SYSTEMS, LLC, a
Louisiana Corporation, and ATTORNEY
KIMBERLEY BURGER, KB LAW OFFICE,
P.C., and PARKER, HAYES & LOVINGER
P.C., all jointly and severally,

     Defendants.

_____/

No. 2:16-cv-10253

HON. DENISE PAGE
HOOD

MAG. ELIZABETH A.
STAFFORD

**DEFENDANTS
KELLEY AND
MARINOFF'S
MOTION TO DISMISS**

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
Attorneys for Plaintiff
1394 East Jefferson Avenue
Detroit, Michigan 48207
(313) 567-6170

_____

David M. Black (P25047)
Attorney for Plaintiff
One Towne Square, Suite 1700
Southfield, Michigan  48076
(248) 355-0300

_____

Steven T. Budaj (P30154)
Attorney for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, Michigan  48226
(313) 963-9330
_____

Erik A. Grill (P64713)
Dana Wood (P71955)
Assistant Attorneys General
Attorneys for Defendants Kelley and Marinoff
P.O. Box 30736
Lansing, Michigan  48909
(517)373-6434

_____/

## DEFENDANTS KELLEY AND MARINOFF'S MOTION TO DISMISS

Defendants Marci Kelley and Melissa Marinoff, through their attorneys Bill Schuette, Attorney General for the State of Michigan, and Erik A. Grill and Dana Wood, Assistant Attorneys General, move this Honorable Court to dismiss Plaintiff's claims against them for the following reasons and the reasons stated more fully in the attached brief in support:

1.      Defendants Kelley and Marinoff ("the State Defendants") are employees of the Michigan State Police assigned to the Sex Offender Registry unit.

2.      Plaintiff has brought claims under 42 U.S.C. § 1983 against the State Defendants for alleged violations of his Fourth Amendment rights.  These claims are premised upon theories of false arrest and malicious prosecution.

3.      Plaintiff has also brought a claim under 42 U.S.C. § 1983 against the State Defendants for alleged violation of Substantive or Procedural Due Process under the Fourteenth Amendment.  This claim is premised upon a theory of defamation.

4.      The only allegations against the State Defendants are that they were responsible for maintaining the Sex Offender Registry.

5.      Plaintiff further alleges that Defendant Kelley provided a certified copy of Plaintiff's Sex Offender Registry information to other law enforcement officers.

6.      Plaintiff alleges that a statutory amendment in 2011 alleviated his obligation—as a juvenile offender—to register, and that his registration was not updated or removed.

7.      Plaintiff's complaint expressly alleges that Defendant Kelley has explained that his registration was not updated because he was

erroneously registered as an adult instead of a juvenile.  (R. 22,
Complaint, ¶76).

8.     Plaintiff's complaint alleges that, on two separate occasions
following the statutory change, he pleaded nolo contendere and guilty
for offenses based upon his failing to register.  (R. 22, ¶59, 72)

8.     The State Defendants' actions did not violate any clearly
established constitutional rights of the Plaintiff.

9.     A reasonable official in the State Defendants' position would
not have known or believed that their conduct would violate Plaintiff's
rights.

10.    Defendants Kelley and Marinoff are entitled to qualified
immunity.

11.    Plaintiff has failed to state a legally viable claim against the
State Defendants for a violation of the Fourth or Fourteenth
Amendments, and his claims fail as a matter of law.

12.     Concurrence in the relief sought in this motion was sought
on May 3, 2016, but concurrence was not obtained.

# RELIEF REQUESTED

For these reasons and the reasons stated in the accompanying brief, Defendants Marci Kelley and Melissa Marinoff respectfully request that this Honorable Court enter an Order dismissing the claims against her in their entirety and with prejudice, together with any other relief that the Court determines to be appropriate under the circumstances.

Respectfully submitted,

Bill Schuette
Attorney General


/s/ Erik A. Grill
Erik A. Grill (P64713)
Assistant Attorney General
Attorneys for Defendants Kelley
& Marinoff
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
Grille@Michigan.gov
P64713

Dated: May 3, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HART,

     Plaintiff,

v                                                     No. 2:16-cv-10253

HILLSDALE COUNTY, a Municipal            HON. DENISE PAGE
Corporation, AGENTS CHRISTINE            HOOD
WANDA, KWINN LEVA, LT. TIMOTHY
PARKER, CITY OF HILLSDALE and            MAG. ELIZABETH A.
OFFICERS SHELBY RATHBUN and              STAFFORD
OFFICER TODD HOLTZ, MICHIGAN
STATE POLICE ANALYSTS MELISSA
MARINOFF AND MARCI KELLY, in their
capacities, WATCH SYSTEMS, LLC, a
Louisiana Corporation, and ATTORNEY
KIMBERLEY BURGER, KB LAW OFFICE,
P.C., and PARKER, HAYES & LOVINGER
P.C., all jointly and severally,

     Defendants._____/


**BRIEF IN SUPPORT OF DEFENDANTS KELLEY AND
MARINOFF'S MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

Relief Requested...............................................................................5

Index of Authorities..................................................................... iii

Concise Statement of Issues Presented ......................................vi

Statement of Facts ..........................................................................1

Argument.........................................................................................3

I.   State Defendants Kelley and Marinoff are entitled to
     qualified immunity because their actions did not violate a
     clearly established constitutional right that a reasonable
     officer would have been aware of. ......................................3

II.  Hart has failed to state valid legal claims against the State
     Defendants. .........................................................................7

     A.   Hart's claims for false arrest against the State
          Defendants under 42 U.S.C. § 1983........................9

     B.   Hart's claims for malicious prosecution against the
          State Defendants under 42 U.S.C. 1983...............10

     C.   Hart's claims for defamation against the State
          Defendants under 42 U.S.C. § 1983......................12

III. Hart's claims for false arrest and malicious prosecution
     under 42 U.S.C. § 1983 are barred by the statute of
     limitations. .........................................................................15

Conclusion and Relief Requested..............................................18

Certificate of Service ..................................................................19

# INDEX OF AUTHORITIES

Page

## Cases

*Anderson v. Creighton*, 483 U.S. 635 (1987) ........................................ 3, 4

*Ashcroft v. al-Kidd,* 563 U.S. 731 (2011) .................................................. 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ................... 7

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007) ....................................................................................... 8

*Baker v. City of Hamilton*, 471 F3d 601 (CA 6, 2006) ............................. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955 (2007) ..................................................................................................... 7, 8

*Brosseau v. Haugen*, 543 US 194 (2004) .................................................. 5

*Durham v. Nu'Man*, 97 F3d 862 (CA 6, 1996) ........................................ 5

*Feathers v. Aey*, 319 F3d 843 (CA 6, 2003) ............................................. 4

*Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978) ..................................................................................... 11

*Gladych v. New Family Homes, Inc.*, 468 Mich. 594 (2003) ................... 16

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ............................................... 4

*Hunter v. Bryant*, 502 U.S. 224 (1991) ..................................................... 7

*Johnson v. Moseley,* 790 F.3d 649 (6th Cir. 2015) ................................. 12

*Kuhnle Bros., Inc. v. County of Geauga,* 103 F.3d 516 (6th Cir. 1997) ....................................................................................................... 16

*Malley v. Briggs*, 475 U.S. 335 (1986) ...................................................... 7

*Mays v. City of Dayton*, 134 F.3d 809 (6th Cir. 1998) ............................. 9

*Mertik v. Blalock*, 983 F.2d 1353 (6th Cir. 1993)....................................14

*Mullenix v. Luna,* 136 S. Ct. 305 (2015) ..............................................5, 7

*Newman v. Township of Hamburg,* 773 F.3d 769 (6th Cir. 2014) .........12

*Noble v. Schmitt,* 87 F.3d 157 (6th Cir. 1996) ........................................3

*Ohio Civil Serv Employees Ass'n v. Seiter*, 858 F2d 1171 (CA 6, 1988) .........................................................................................................5

*Paul v. Davis*, 424 U.S. 693 (1976) ......................................................12

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014)................................11

*Saucier v. Katz*, 533 U.S. 194 (2001).................................................5, 6

*Sevier v. Turner,* 742 F.2d 262 ( 6th Cir. 1986) ...................................15

*Sharpe v. Cureton,* 319 F.3d 259 (6th Cir. 2003) .................................15

*Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ...................................................................................................14

*Solomon v. Auburn Hills Police Dep't*, 389 F3d 167 (CA 6, 2004)............3

*Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010) .................................11

*United States v. Atkin*, 107 F.3d 1213 (6th Cir. 1997) ...........................9

*Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669 (6th Cir. 2005) ......................................................................................................9

*Wilson v. Garcia,* 471 U.S. 261 (1985) .................................................15

**Statutes**

42 U.S.C. § 1983 ...............................................................................3, 12

Mich. Comp. Laws § 600.5805...............................................................16

Mich. Comp. Laws § 600.5806...............................................................16

Mich. Comp. Laws § 600.5856...............................................................16

Mich. Comp. Laws § 750.520.......................................................................1

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.    Whether Defendants Kelley and Marinoff are entitled to qualified immunity against Hart's § 1983 claims where their actions did not violate a clearly established right that a reasonable state official would have known?

2.    Whether Hart has failed to state a legally sufficient claim against Defendants Kelley and Marinoff for violations of the Fourth and Fourteenth Amendments?

## STATEMENT OF FACTS

Defendants Marci Kelley and Melissa Marinoff are employees of the Michigan State Police.  (R. 22, Complaint, ¶22-23).  As alleged in the Complaint, they served as custodians of the Michigan Sex Offender Registry, and were responsible for maintaining the registry.  (R .22, ¶21).

In 2001, Plaintiff Anthony Hart was 17 years old and was convicted of a violation under Mich. Comp. Laws §750.520(E).  (R. 22, ¶30).  As a result of this conviction, Hart was required to register as a Tier II sex offender for 25 years.  (R. 22, ¶31).  In 2011, SORA was amended to provide that Tier II offenders such as Hart who were convicted as juveniles were no longer required to register.  (R. 22, ¶32).  The Michigan State Police undertook a process to remove Tier II juvenile offenders.  (R. 22, ¶35).

Hart was erroneously registered as an adult offender—not a juvenile—and so he was not removed from the Registry.  (R. 22, ¶37, 76).  Hart continued to register as a sex offender with the local law enforcement agency from July, 2011 through July, 2013.  (R. 22, ¶39).

On July 5, 2013, Hart registered an incorrect address. (R. 22, ¶50-51). He was arrested by Hillsdale Police and charged with a violation of SORA. (R. 22, ¶53, 56). Hart entered a plea agreement in which he entered a plea of nolo contendere, and was found guilty of one count of failure to register as a sex offender. (R. 22, ¶59).

On January 23, 2014, Hart failed to verify his address with SOR and was later arrested and charged with failure to register. (R. 22, ¶62, 64, 65, 67). Defendant Marci Kelley provided a certified copy of Hart's sex offender registration record. (R. 22, ¶68). On February 18, 2014, Hart entered a plea of guilty to the charge of failure to register. (R. 22, ¶72).

On August 14, 2015, the Michigan Department of Corrections determined that Hart was not required to register as a Tier II juvenile offender, and notified the Michigan State Police. (R. 22, ¶75). Defendant Marci Kelley confirmed that Hart should have been registered as a juvenile, and that his convictions were premised upon that error. (R. 22, ¶76). Within 10 days, the Hillsdale Circuit Court entered an order vacating Hart's guilty plea and conviction. (R. 22, ¶78). Hart was released from prison on August 26, 2015 (R. 22, ¶79).

Hart's earlier 2013 conviction was vacated on November 17, 2015.  (R.

22, ¶80).

Hart filed this lawsuit on January 25, 2016.  He filed an amended

complaint on April 8, 2016, and another amended complaint on April

26, 2016.  Against Defendants Kelley and Marinoff, he raises three

claims under 42 U.S.C. § 1983 under theories of false arrest, malicious

prosecution, and defamation.

## ARGUMENT

## I.   State Defendants Kelley and Marinoff are entitled to qualified immunity because their actions did not violate a clearly established constitutional right that a reasonable officer would have been aware of.

Qualified immunity is an affirmative defense against a § 1983

claim.  *Noble v. Schmitt,* 87 F.3d 157, 160 (6th Cir. 1996).  The doctrine

of qualified immunity, "shields 'governmental officials performing

discretionary functions . . . from civil damages liability as long as their

actions could reasonably have been thought consistent with the rights

they are alleged to have violated.'"  *Solomon v. Auburn Hills Police*

*Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) (quoting *Anderson v. Creighton*,

483 U.S. 635, 638 (1987)).  Government officials are immune from

liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a
reasonable person would have known.  *Harlow v. Fitzgerald,* 457 U.S.
800, 818 (1982).

A Government official's conduct violates clearly established law
when, at the time of the challenged conduct, the contours of a right are
sufficiently clear that every reasonable official would have understood
that what he is doing violates that right.  *Ashcroft v. al-Kidd,* 563 U.S.
731, 741 (2011).  This Circuit has occasionally added another inquiry:
"whether the plaintiff has offered sufficient evidence 'to indicate that
what the official allegedly did was objectively unreasonable in light of
the clearly established constitutional rights.'"  *Armstrong v. City of
Melvindale*, 432 F.3d 695, 699 (6th Cir. 2006) (quoting *Feathers v. Aey*,
319 F.3d 843, 848 (6th Cir. 2003) (internal citation omitted)).

In order for a right to be considered clearly defined, "the contours
of the right must be sufficiently clear that a reasonable officer would
understand that what he is doing violates that right." *Anderson v.
Creighton,* 483 U.S. 635, 640 (1987).  The relevant, dispositive inquiry
in determining whether a right is clearly established is whether it
would be clear to a reasonable officer that his conduct was unlawful in

4

the situation he confronted.  *Brosseau v. Haugen*, 543 U.S. 194, 198-99 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001)).

Recently, in *Mullenix v. Luna,* 136 S. Ct. 305, 308 (2015), the Supreme Court clarified that although case directly on point is not required to make a right clearly established, that "existing precedent must have placed the statutory or constitutional question beyond debate." (internal quotations and citations omitted).  In inquiring whether a constitutional right is clearly established, this Court must look first to decisions of the Supreme Court, then to decisions of this Court and other courts within the Circuit, and finally to decisions of other circuits."  *Baker v. City of Hamilton*, 471 F.3d 601, 606 (6th Cir. 2006) (internal citations omitted).  Those decisions must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting. *Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996) (citing *Ohio Civil Serv Employees Ass'n v. Seiter*, 858 F.2d 1171 (6th Cir. 1988)).  When a defendant raises a defense of qualified immunity, the plaintiff bears the

5

burden of demonstrating that the defendant is not entitled to qualified immunity.  *Saucier*, 533 U.S. at 201.

Applying this framework to the facts alleged in this Complaint, Defendants Kelley and Marinoff have not engaged in any activity that violated a "clearly established right."  Hart has not identified any legal authority from the Supreme Court, this Circuit, or elsewhere holding that a public official violates a constitutional right by maintaining a database that contains inaccurate information.  This is particularly so where the plaintiff does not allege that these defendants were responsible for creating the inaccuracy, and where the plaintiff undertook no action to correct the information in the database.  In the absence of any such authority, the constitutional rights he attempts to assert here are not "clearly established."  It would not have been clear to a reasonable officer that the act of maintaining a database—or, in the case of Defendant Kelley, providing a certified copy of a record—was unlawful in these circumstances.  In fact, according to the Complaint, it was not even clear to Hart or his attorneys that his registration was improper.

At an absolute minimum, existing precedent did not place the constitutionality of the State Defendants' actions "beyond debate." *Mullenix,* 136 S. Ct. at 308. Even if the Court were to conclude that the State Defendants' conduct breached a constitutional standard, they could still have reasonably *believed* that their actions were lawful, and so are still entitled to qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341 (1986) (qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'")). Defendants Kelley and Marinoff are entitled to qualified immunity.

## II. Hart has failed to state valid legal claims against the State Defendants.

As articulated by the Supreme Court of the United States, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that

7

discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965.  Even though a complaint need not contain "detailed" factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citation omitted).

While courts are required to accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Before proceeding to the specific claims alleged against the State Defendants, it should be noted that the Complaint fails to make any particular allegations against Defendant Marinoff other than that she is employed by the Michigan State Police and that she was in some way

8

responsible for maintaining the Sex Offender Registry.  These allegations are insufficient to state any cause of action against Defendant Marinoff, and the claims against her should be dismissed.

## A.   Hart's claims for false arrest against the State Defendants under 42 U.S.C. § 1983.

A plaintiff claiming false arrest under § 1983 must prove that the arresting officer lacked probable cause to arrest him.  *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).  Under most circumstances, an arrest pursuant to a facially valid arrest warrant is a complete defense to a § 1983 claim for false arrest.  *Id.* However, the Sixth Circuit has noted an exception to this general rule:

> A facially valid warrant is not always sufficient to merit summary judgment in an action brought pursuant to § 1983 when evidence exists that a defendant intentionally mislead or intentionally omitted information at a probable cause hearing for an arrest or a search warrant provided that the misleading or omitted information is critical to the finding of probable cause.

*Id.* n.4 (citing *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) and *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997)).

Here, the complaint fails to make allegations sufficient to state such a claim against Defendants Kelley or Marinoff.  First, there is no allegation—or indication—that Kelley or Marinoff participated in

9

arresting Hart on either occasion.  The Complaint instead specifically alleges that he was arrested by Defendants Parker, Rathburn, and Holtz.  The allegations of the complaint against the State Defendants thus reduce to a claim that they provided inaccurate information to the officers who subsequently sought warrants against him.  However, there is no allegation that the State Defendants *intentionally* misled or omitted the officers or any Court.  Instead, the Complaint alleges that Hart was "erroneously" listed as an adult offender.  (R. 22, ¶76).  Thus, at the time of the arrest, there was probable cause showing that Hart was required to register as a sex offender, but had not.  These allegations are insufficient to state a claim for false arrest under the Fourth Amendment.

### B.    Hart's claims for malicious prosecution against the State Defendants under 42 U.S.C. 1983.

To state a valid federal civil rights claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege facts meeting four elements: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff

suffered a deprivation of liberty apart from the initial seizure; and (4)

the criminal proceeding was resolved in the plaintiff's favor." *Robertson*

*v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014). But, as the Sixth Circuit

recently stated, the case of *Sykes v. Anderson*, 625 F.3d 294 (6th Cir.

2010) offers essential instruction on how the freedom from malicious

prosecution on the Fourth Amendment is defined:

> Indeed, *Sykes* is instructive. In *Sykes*, we recognized that a
> showing of "malice" is not necessarily essential to a
> malicious prosecution claim under the Fourth Amendment.
> Sykes, 625 F.3d at 309-10. But we also observed that the
> requisite participation in the decision to prosecute after
> probable cause has ceased to exist must amount to "aiding"
> the decision in more than a passive or neutral way. *Id.* at
> 309 n.5. And there must be some element of
> blameworthiness or culpability in the participation—albeit
> less than "malice." That is, truthful participation in the
> prosecution decision is not actionable. Id. at 314. The
> requisite blameworthiness was made out in *Sykes* by
> evidence that both defendant officers testified for the
> prosecution and each made false statements, made flagrant
> misrepresentations, or failed to disclose key items of
> evidence. *Id.* at 301-02, 306-07, 311-17.
>
> We further clarified the point in *Robertson*, 753 F.3d at 617,
> holding that **even false testimony is not actionable as
> malicious prosecution unless deliberate—i.e., given
> with knowledge of, or reckless disregard for, its
> falsity. "Allegations of negligence or innocent mistake
> are insufficient."** *Id.* at 617 n.7 (quoting *Franks v.
> Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L. Ed. 2d 667
> (1978)). Even more recently, the rule was succinctly stated in
> *Newman v. Township of Hamburg,* 773 F.3d 769 (6th Cir.

2014). A police officer violates a suspect's clearly established right to freedom from malicious prosecution under the Fourth Amendment "only when his deliberate or reckless falsehoods result in arrest and prosecution without probable cause." *Id.* at 772. Again, we see that **a defendant's participation must be marked by some kind of blameworthiness, something beyond mere negligence or innocent mistake, to satisfy the elements of a malicious prosecution claim under the Fourth Amendment.**

*Johnson v. Moseley,* 790 F.3d 649, 654-55 (6th Cir. 2015).  [Emphasis added].

Here, the allegations of the Complaint fall far short of the "blameworthiness" described by the Sixth Circuit.  Again, there are no allegations that Defendants Kelley and Marinoff deliberately presented inaccurate information.  The allegations instead describe exactly what the Court in *Johnson* referred to as an "innocent mistake," or at worst simple negligence.  As such, Hart has failed to state claim against Defendants Kelley and Marinoff for malicious prosecution under the Fourth Amendment.

## C.   Hart's claims for defamation against the State Defendants under 42 U.S.C. § 1983.

Under well-settled precedent, damage to reputation alone does not implicate a protected liberty or property interest.  See *Paul v. Davis,* 424 U.S. 693, 701 (1976).  In *Paul v. Davis,* the Supreme Court held

12

that a plaintiff may not recover under § 1983 for damages to his
reputation if the alleged defamatory acts did not also result in the
deprivation of a constitutionally protected right or interest.  In *Paul*,
the Louisville Police Department distributed to local merchants a flyer
that identified the plaintiff as "a person[ ] who [had] been arrested . . .
or [had] been active in various criminal fields. . . . " *Id*. at 695.  Upon
receiving the flyer, the plaintiff's employer issued the plaintiff a
warning and threatened to fire him if he engaged in any misconduct.
The plaintiff then sued the police department, alleging that the
defamatory statements in the flyer "seriously impair[ed] his future
employment opportunities." *Id*. at 696-97. In rejecting the plaintiff's
claim, the Supreme Court observed that "[t]he interest in reputation
alone which respondent seeks to vindicate . . . is quite different from the
liberty or property [interests] recognized in [the Court's due process
jurisprudence]." *Id*. at 711.  Rather, the Court has limited the scope of
an actionable liberty interest deprivation to situations involving
termination of government employment or the loss of a legal right or
status previously enjoyed under state or federal law. *Id*. at 710-11.

13

In *Mertik v. Blalock*, 983 F.2d 1353, 1363 (6th Cir. 1993), the

Sixth Circuit stated:

> That the Supreme Court has narrowly construed the nature
> and scope of protected liberty interests is nowhere more
> evident than in *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct.
> 1789, 114 L.Ed.2d 277 (1991).  There the Court refused to
> recognize a protected liberty interest in favor of a clinical
> psychologist who resigned from employment at a federal
> hospital and who, three weeks later, was the subject of an
> extremely negative employment reference by his former
> supervisor at the hospital. The reference had the effect of
> foreclosing employment positions at other federal facilities, a
> loss "particularly tragic because [Siegert's] professional
> specialty appears to be one very difficult to practice outside
> of government institutions." *Siegert*, 500 U.S. at 246, 111
> S.Ct. at 1801 (Marshall, J., dissenting). Nonetheless, the
> Court refused to recognize the loss of the protected liberty
> interest because the alleged defamation at issue was not
> "uttered incident to the termination of Siegert's employment
> by the hospital, since he voluntarily resigned from his
> position at the hospital, and the letter was written several
> weeks later." Id., 500 U.S. at 233, 111 S.Ct. at 1794. Relying
> on *Paul*, the Court held that a stigma to reputation that
> affects only future employment opportunities does not give
> rise to a protected liberty interest. Because the only interest
> impaired was that in future employment, rather than an
> interest in employment presently enjoyed, Siegert had failed
> to establish the violation of a constitutional right. *Siegert*,
> 500 U.S. at 233, 111 S.Ct. at 1794.

*Mertik* and *Siegert* thus underscore two important points: (1) a plaintiff

asserting a claim for deprivation of liberty without due process must

allege the loss of a governmental right, benefit or entitlement; and (2)

14

the loss must occur at the same time as the claimed stigmatizing publication.

Here, Hart has not made allegations establishing the deprivation of liberty without due process.  To the contrary, Hart had due process following each arrest and—rather than contest his registration—he pleaded either guilty or nolo contendere.  More pointedly, there is no allegation that Defendants Kelley or Marinoff made a "publication" that stigmatized or caused the loss of a government right or benefit.  Hart does not allege the loss of government employment or any legal right previously enjoyed.  Hart's allegations fail to state a claim for defamation under a theory of Due Process.

## III.  Hart's claims for false arrest and malicious prosecution under 42 U.S.C. § 1983 are barred by the statute of limitations.

The applicable limitations period for a § 1983 action is governed by state law.  *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003)( citing *Wilson v. Garcia,* 471 U.S. 261 (1985) and *Sevier v. Turner,* 742 F.2d 262, 272 ( 6th Cir. 1986)).  Generally, the statute of limitations begins to run when "the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Kuhnle Bros., Inc. v. County of*

*Geauga,* 103 F.3d 516 (6th Cir. 1997).  Mich. Comp. Laws § 600.5805(2)

provides that any action for assault, battery, or false imprisonment

must be commenced within 2 years.  Similarly, an action for "malicious

prosecution" must also be commenced within 2 years under Mich.

Comp. Laws § 600.5806(5).  The Michigan Supreme Court held in

*Gladych v. New Family Homes, Inc.*, 468 Mich. 594 (2003), that simply

filing a complaint does not toll the statute of limitations, and that the

statute of limitations is only tolled if the requirements of Mich. Comp.

Laws 600.5856 are met.  *Gladych*, 468 Mich. at 589-599; Mich. Comp.

Laws § 600.5856.  Mich. Comp. Laws § 600.5856 provides that the

statute of limitations is only tolled at the time the complaint is filed if a

copy of the summons and complaint are served on the defendant within

the time set forth in the supreme court rules, or at the time jurisdiction

over the defendant is otherwise acquired.[1]

Hart was arrested on July 17, 2013 and January 23, 2014.  (R. 22,

¶53, 62, 64).  The time of his arrest should have provided Hart with

notice of the injuries alleged here.  Thus, an action premised upon his

---

[1] Mich. Comp. Laws § 600.5856 also provides for tolling in certain
circumstances involving medical malpractice claims, but that section is
inapplicable in this case.

2013 arrest and conviction should have been commenced on or before July 17, 2015.  Similarly, an action for his 2014 arrest and conviction should have been initiated by January 23, 2014.  But, the first complaint in this case was not filed until January 25, 2016, and the summons was not issued until January 26, 2016.  Hart's claims are barred by the statute of limitations and must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendants Marci Kelley and Melissa Marinoff respectfully request that this Honorable Court enter an Order dismissing the claims against her in their entirety and with prejudice, together with any other relief that the Court determines to be appropriate under the circumstances.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Erik A. Grill
Assistant Attorney General
Attorneys for Defendants Kelley
and Marinoff
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
Grille@Michigan.gov
P64713

Dated:  May 3, 2016

18

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2016, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

> */s/ Erik A. Grill*
> Assistant Attorney General
> Attorneys for Defendants Kelley
> and Marinoff
> Civil Litigation, Employment &
> Elections Division
> P.O. Box 30736
> Lansing, MI 48909
> (517) 373-6434
> Grille@Michigan.gov
> P64713

19