UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HART,

    Plaintiff,

                                    Case No. 16-10253

v.

                                    HONORABLE DENISE PAGE HOOD

COUNTY OF HILLSDALE, et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT [#43]**

**I.    INTRODUCTION**

Defendants Michigan State Police Analysts Melissa Marinoff and Marci Kelley (the "State Defendants") filed a Motion to Dismiss based on qualified immunity and failure to state a claim.  After the Motion to Dismiss was filed, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint [#43].  The State Defendants filed a response, and most of the other Defendants filed a concurrence in the State Defendants' response.  Plaintiff did not file a reply to the State Defendants' response.  Defendant Watch Systems, L.L.C. ("Watch") also filed a response, asserting that the proposed Second Amended Complaint would be futile as to Watch because the Court lacks personal jurisdiction over Watch.  Plaintiff has replied to

Watch's response, stating that the response is irrelevant because none of the allegations related to Watch have been amended and the Court has personal jurisdiction over Watch. A hearing on the Motion for Leave to File a Second Amended Complaint was held on September 14, 2016.

For the reasons that follow, the Court denies Plaintiff's Motion for Leave to File a Second Amended Complaint insofar as it pertains to the State Defendants. The Court grants Plaintiff's Motion for Leave to File a Second Amended Complaint against the other Defendants, including Watch.

## II.  PLAINTIFF'S PROPOSED AMENDMENTS

In essence, Plaintiff seeks to amend his Amended Complaint to allege that the State Defendants: (1) "deliberately, recklessly, and unreasonably" caused Plaintiff to be arrested and maliciously prosecuted, *see, e.g.*, Proposed Second Amended Complaint ("SAC"), Paragraphs 3, 38, 71; and (2) failed to properly maintain the Michigan Sex Offenders Registry ("SOR") accurately as they were required to do (by ensuring it was reliable and not likely to result in arrest or criminal prosecution of persons who were not subject to its requirement), *see, e.g.*, SAC, Paragraphs 22, 33, 35, 37, 69, 70 of the SAC. In his Amended Complaint, Plaintiff only generally alleged that the State Defendants caused things to happen, with no allegation of anything more than mistake or error, and Plaintiff did not specify that the State

Defendants were required to perform in a certain manner.

### III. APPLICABLE LAW & ANALYSIS

#### A. Rule 15(a)

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. FED. R. CIV. P. 15(a)(2). Defendants do not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,
(2) the lack of notice to the other party,
(3) bad faith by the moving party,
(4) repeated failure to cure deficiencies by previous amendments,
(5) undue prejudice to the opposing party, and
(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford*

*Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B.     Analysis**

In this case, there is no serious dispute that: (a) Plaintiff did not delay in filing its proposed amendment; (b) Defendants had notice of the proposed amendment; (c) there is no bad faith by Plaintiff; (d) Plaintiff has not tried to cure substantive deficiencies previously, or (e) Defendants would be unduly prejudiced. For those reasons, leave to file the proposed Second Amended Complaint is granted as to all Defendants[1] other than the State Defendants.

The State Defendants argue that Plaintiff's Motion should be denied because his proposed amendments are futile as it relates to them. The Court agrees. The State Defendants argue that the only real proposed change is to change their alleged conduct from "error" (erroneous or mistaken) conduct to "intentional" or "reckless" conduct because Plaintiff realized that errors or mistakes are not sufficient to enable his claims to survive. The State Defendants contend that the changes simply modify the legal allegations made by Plaintiff but that they do not buttress the deficient factual allegations that would support Plaintiff's claims. The State Defendants argue that the conclusory allegations are not enough because the factual allegations have not

---

[1] The Court rejected Watch's argument that it is not subject to personal jurisdiction in this Court, as detailed in the Court's Order denying Watch's Motion to Dismiss, filed earlier today.

4

changed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

The State Defendants maintain that they would continue to be entitled to qualified immunity because the actions attributed to them in the proposed amendment still would not violate any clearly established constitutional right. The State Defendants continue to rely on *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015), arguing that there is no prior case law that clearly showed or demonstrated that the specific conduct of State Defendants was unlawful "beyond debate." The State Defendants state that none of the new allegations allege conduct that would show that the State Defendants clearly knew or should have known that maintaining an inaccurate database would violate Plaintiff's constitutional rights.

Plaintiff has not filed a reply to the State Defendants' response/arguments. Plaintiff's proposed Second Amendment is denied with respect to the States Defendants because the amendments are futile as it relates to them. The conclusory allegations do not overcome the State Defendants' entitlement to qualified immunity because Plaintiff has not demonstrated that there was a clearly established constitutional right to have the SOR maintained accurately when there was no reckless

or malicious action by the relevant actors (the State Defendants).

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint [#43] is **GRANTED** as it relates to Defendants other than the State Defendants.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint [#43] is **DENIED** as it relates to the State Defendants.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager