**ANTHONY HART v HILLSDALE COUNTY, ET AL**

Case No. 16-cv-10253
Honorable Denise Page Hood

**INDEX OF UNPUBLISHED AUTHORITIES TO DEFENDANTS HILLSDALE COUNTY, CHRISTINE WAHTOLA, KWINN LEVA AND LT. TIMOTHY PARKER'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**Exhibit 1 -** *Johnson v. Bank of Am. Corp.*, No. 1:11-CV-1284, 2013 WL 664906, (W.D. Mich. Feb. 22, 2013)

2013 WL 664906
Only the Westlaw citation is currently available.
United States District Court,
W.D. Michigan,
Southern Division.

Robert JOHNSON, Plaintiff,
v.
BANK OF AMERICA CORPORATION, Defendant.

No. 1:11–cv–1284.
|
Feb. 22, 2013.

**Attorneys and Law Firms**

T. Michael Doyle, Doyle & Malinzak PC, Douglas, MI, for Plaintiff.

Dawn T. Yeaton, Martin Scott Frenkel, Maddin Hauser Wartell Roth & Heller PC, Southfield, MI, for Defendant.

*OPINION*

JANET T. NEFF, District Judge.

**\*1** Plaintiff filed this action against Defendant,[1] alleging various contract and tort claims premised on allegations that Defendant overcharged Plaintiff for delinquent property taxes, lapsed insurance, and fees on several residential rental property loans and wrongfully foreclosed on certain mortgages. Defendant has filed a Motion to Dismiss all claims (Dkt 26). Plaintiff has filed a Response (Dkt 28), and Defendant has filed a Reply (Dkt 27). Having fully considered the parties' briefs, accompanying exhibits, and the record, the Court concludes that oral argument is unnecessary to resolve the pending motions. *See* W.D. Mich. LCivR 7.2(d). The Court grants Defendant's motion to dismiss.

I. Facts

This case stems from loans obtained by Plaintiff in 2006 on five residential rental investment properties in Holland, Michigan, commonly known as 2017 Lake Street, 2020 Lake Street, 2033 Lake Street, 2245 First Avenue, and 649 Tennis Court (collectively, the "Properties"). Plaintiff executed promissory notes and mortgages for each of the five loans (*see* Def. Br., Exs. A–J).

In 2010, three of the Properties (2033 Lake Street, 2245 First Avenue, and 649 Tennis Court) were subject to judicial foreclosure proceedings brought by the Ottawa County Treasurer due to Plaintiff's failure to pay the property taxes in 2007 (*see* Def's. Exs. M–O). Of these three, only 2033 Lake Street is not currently in foreclosure, since Defendant commenced foreclosure by advertisement on two of the Properties: 2245 First Avenue in October 2011 and 649 Tennis Court in September 2011, after Plaintiff defaulted on his mortgages (*see* Def's. Exs. P–Q). The First Avenue property was sold at a sheriff's sale on December 1, 2011; the sheriff's sale on Tennis Court was temporarily adjourned.

After Plaintiff became delinquent on his loan payments, and failed to pay property taxes and acquire hazard and flood insurance as required, Defendant assessed Plaintiff charges for the payment of taxes and insurance, as well as associated

fees on the loans. Plaintiff alleges that Defendant improperly inflated flood insurance premiums on the properties by 300 percent, and issued monthly mortgage payment charges that included tax assessment charges that were three times the proper real estate tax assessments (Compl.¶¶ 8, 10). Plaintiff further alleges that Defendant's unlawful charges made it impossible for him to keep his monthly payments current (*id.* at ¶ 11). Plaintiff claims that Defendant's actions negatively impacted Plaintiff's credit rating, and as a result, other banks raised Plaintiff's interest rates by more than 100 percent on the loans he had with them (*id.*).

Plaintiff's Complaint alleges six counts against Defendant based on these allegations:

I. Breach of Express Contract

II. Unlawful Interference With Business Opportunities of Plaintiff

III. Quantum Meruit—Unjust Enrichment

IV. Fraudulent Misrepresentation

**\*2** V. Negligent Misrepresentation

VI. Equitable Relief/Injunction

Plaintiff seeks a judgment in excess of $500,000 for the resulting decreased value of the Properties, including damages in excess of $250,000 for lost business revenue exceeding $500,000, plus fees, costs, and interest (*see* Compl. ¶¶ 13, 17, 31). Plaintiff further requests that his loans be reduced to current value, the interest rates be reduced to 3.74% fixed interest (30 year) as of January 2012, and that all foreclosure activity cease and desist (*see* Dkt 17). Defendant contends that Plaintiff's claims have no basis in fact or the law, and must therefore be dismissed.

## II. Legal Standard

Fed.R.Civ.P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" In deciding a motion to dismiss for failure to state a claim, the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir.2008); *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir.2006). "A claim survives this motion where its '[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.' " *Zaluski v. United Am. Healthcare Corp.,* 527 F.3d 564, 570 (6th Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Stated differently, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *German Free State of Bavaria v. Toyobo Co., Ltd.,* 480 F.Supp.2d 958, 963 (W.D.Mich.2007); *see also Twombly,* 550 U.S. at 555 (citing FED. R. CIV. P. 8(a) (2)). Accordingly, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under a viable legal theory. *Bavaria,* 480 F.Supp.2d at 963; *see also Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." *Twombly,* 550 U.S. at 555.

## III. Analysis

## A. Tort Claims

Defendant seeks dismissal of Plaintiff's tort claims on the grounds that they are barred by the economic loss doctrine and because there are express, written contracts between Plaintiff and Defendant (i.e., the mortgages), which govern Defendant's obligations with respect to late fees, escrow, taxes, and insurance. Thus, Defendant argues that Plaintiff cannot maintain his claims for unlawful interference with business opportunities (Count II), fraudulent misrepresentation (Count IV), and negligent misrepresentation (Count V). Plaintiff makes no argument to the contrary, and in fact, Plaintiff's brief does not address this point. The Court finds Defendant's argument meritorious on the facts presented.

**\*3** The Michigan courts have distinguished between tort and contract actions: " 'Where the cause of action arises merely from a breach of promise, the action is in contract. The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise.' " *Corl v. Huron Castings, Inc.,* 450 Mich. 620, 544 N.W.2d 278, 281 n. 10 (Mich.1996) (citations and quotations omitted); *see also Kroeger v. AEC Enters. Const., Inc.,* No. 286333, 2009 WL 4981180, at \*5 (Mich.Ct.App. Dec.22, 2009) (unpublished opinion) (quoting *Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.,* 454 Mich. 65, 559 N.W.2d 647, 658 (Mich.1997) (plaintiffs must "show a duty 'separate and distinct' from that imposed by contract to give rise to tort liability")). This distinction has been applied under the rubric of the "economic loss doctrine" to bar a party from recovering in tort, economic losses suffered because of a breach of duty assumed only by contract. *Rinaldo's Constr.,* 559 N.W.2d at 658; *Neibarger v. Universal Coops., Inc.,* 439 Mich. 512, 486 N.W.2d 612, 617–18 (1992).

Plaintiff sets forth no allegations or factual context to take this case outside the general rule barring tort claims in an action based on a breach of contract. Plaintiff states that Defendant had a separate duty not to engage in unlawful acts that could interfere with his relationships with his tenants (Pl. Resp. at 11). However, Plaintiff's allegations of tortious interference with his leases are alleged merely as the indirect result of excessive charges under the parties' contracts. Plaintiff asserts that Defendant " 'diminish[ed] Plaintiff's business development and operational plans' " by " 'failing to follow through with ... *promises under the mortgages* ...' " (*id.* citing Compl ¶¶ 11, 20 (emphasis added)). Likewise, Plaintiff's misrepresentation claims relate to a purported $40,000 commitment, and establish no basis for an independent cause of action in tort. *See Huron Tool & Eng'g Co. v. Precision Consulting Servs.,* 209 Mich.App. 365, 532 N.W.2d 541, 545 (Mich.Ct.App.1995) (misrepresentations that relate to the breaching party's performance of the contract do not give rise to an independent cause of action in tort). The Court concludes that Plaintiff's tort claims for unlawful interference with business opportunities (Count II), fraudulent misrepresentation (Count IV), and negligent misrepresentation (Count V) are properly dismissed as barred in this contract action.

Even assuming for purposes of argument that the tort claims were not barred, Plaintiff has failed to state viable claims in Counts II, IV and V. With respect to the tortious interference claim, Plaintiff has failed to allege facts establishing that Defendant "intentionally interfered" with Plaintiff's business relationships with his tenants, a required element of this claim. *See Wausau Underwriters Ins. Co. v. Vulcan Dev., Inc.,* 323 F.3d 396, 404 (6th Cir.2003) (setting forth the elements necessary to prevail on a tortious interference with a business relationship). This element requires:

> **\*4** more than just purposeful or knowing behavior on the part of the defendant. The plaintiff must also allege that the interference was either (1) a *per se* wrongful act or (2) a lawful act done "with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." "Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference."

*Id.* at 404 (citations omitted). Plaintiff has failed to make the requisite showing that Defendant's conduct was purposeful or knowing behavior that was not motivated by legitimate business reasons.

B. Quantum Meruit—Unjust Enrichment

Defendant argues that Plaintiff's quantum meruit-unjust enrichment claim (Count III) is precluded because this dispute is governed by an express contract and, moreover, Plaintiff has failed to state a claim. The Court agrees. It is undisputed that the charges at issue are governed by written contracts, i.e., the *"promises under the mortgages ...'"* (Pl. Resp. at 11, citing Compl. ¶¶ 11, 20 (emphasis added); *see also* Pl. Resp. at 6). Plaintiff notes, for example, that "[t]he mortgages state that BOA can hold in escrow an amount sufficient to cover items including but not limited to taxes and/or insurance premiums (*id.* at 12, citing Def. Br. Exs. B, D, F, H, J, pgs. 4–5, ¶ 3). Under Michigan law, "the existence of the express contract bars the quantum meruit claim." *Morris Pumps v. Centerline Piping, Inc.,* 273 Mich.App. 187, 729 N.W.2d 898, 906 (Mich.Ct.App.2006).

Even assuming for purposes of argument that Plaintiff's unjust enrichment claim was not barred, Plaintiff has failed to state a claim for unjust enrichment. "I]n order to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Id.* at 904. The Complaint has no allegations establishing these elements. Plaintiff merely alleges that Defendant has had the use of a purported $40,000, which Defendant failed to loan to Plaintiff, and Defendant received excessive consideration from Plaintiff (Compl.¶ 23). These allegations fail to support any claim relevant to the factual allegations in this case, let alone a specific basis for unjust enrichment.

C. Breach of Contract

Defendant argues that Plaintiff fails to state a breach of contract claim because the Complaint contains no allegations regarding which provisions of the mortgages were allegedly violated or how they were violated. Moreover, Plaintiff committed the first material breach, and his breach was substantial. For example, public documents demonstrate that three of the properties were subject to judicial foreclosure brought by the Ottawa County Treasurer in 2007 due to Plaintiff's failure to pay property taxes. Defendant contends that Plaintiff is thus prohibited from bringing a breach of contract action, citing *Tawfik v. BAC Home Loans Servicing, LP,* No. 11–12590, 2011 WL 6181441, at *3 (E.D.Mich. Dec.13, 2011).

 *5 The Court agrees that Plaintiff has failed to state a claim for breach of contract. Plaintiff's general allegations of breach of contract lack any basis in fact. Plaintiff does not dispute that Defendant was entitled to assess charges under the mortgages for unpaid taxes and insurance. Plaintiff's allegations of excessive overcharges of three times the proper amount of property taxes, 300–percent inflation in insurance premiums and unwarranted fees are nothing more than bare allegations. As Defendant points out, on a 12(b)(6) motion, the Court is not bound to accept as true "unwarranted" allegations or factual inferences in the Complaint, such as allegations "contradicted by public records and other evidentiary materials of which the Court may take judicial notice." *McGee v. City of Cincinnati Police Dep't,* No. 1:06–CV–726, 2007 WL 1169374, at *2 (S.D.Ohio Apr.18, 2007); *see also Moon,* 465 F.3d at 723, 728 (the court treats all *well-pleaded allegations* in the complaint as true and draws all *reasonable inferences* from those allegations in favor of the nonmoving party (emphasis added)).

D. Dismissal Otherwise and Amendment of Complaint

Defendant argues that Plaintiff's Complaint is otherwise subject to dismissal because the Complaint fails under Federal Rules of Civil Procedure 8 and 9(b). Further, Plaintiff's request to amend the Complaint should be denied. The Court agrees in both respects.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly,* 550 U.S. at 570).

Plaintiff's Complaint fails to set forth plausible claims for relief. As Defendant notes, the Complaint lumps all five mortgages together and it is impossible to discern the factual or legal basis, if any, with respect to the particular claims or loans, even though it is undisputed that the status of taxes, insurance, fees, and foreclosure is distinct for each mortgage. Plaintiff's quantum meruit—unjust enrichment, fraudulent misrepresentation, and negligent misrepresentation claims are based on a purported failed loan of $40,000, which appears wholly unrelated to the mortgages at issue in this case.

Further, Plaintiff's fraud claims are subject to dismissal because Plaintiff has failed to plead the claims with particularity as required by Federal Rule of Civil Procedure 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see also United States ex rel. Poteet v. Medtronic, Inc.,* 552 F.3d 503, 518 (6th Cir.2009). A complaint is generally sufficient under Rule 9(b) with respect to an allegation of fraud if it alleges the time, place, and content of the alleged misrepresentation on which the victim relied; the fraudulent scheme; the fraudulent intent of the defendant; and the injury resulting from the fraud. *Poteet,* 552 F.3d at 518; *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 563 (6th Cir.2003). Plaintiff's Complaint fails to meet this standard.

**\*6** The Court finds no viable claim set forth in Counts I through V, and no grounds for injunctive relief as requested in Count VI. Further, to the extent that Plaintiff contends he should be permitted to amend the Complaint, he has failed to show any basis for amendment.

A district court should freely grant leave to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir.2000). "Nevertheless, the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality .' " *Parry,* 236 F.3d at 306 (quoting *United States v. Midwest Suspension & Brake,* 49 F.3d 1197, 1202 (6th Cir.1995)). " '[A] motion to amend a complaint should ... be denied if the amendment ... would be futile.' " *TolTest, Inc. v. North Am. Specialty Ins. Co.,* 362 F. App'x 514, 518 (6th Cir.2010) (citation and quotations omitted); *Midkiff v. Adams County Reg'l Water Dist.,* 409 F.3d 758, 767 (6th Cir.2005).

Having fully considered Plaintiff's allegations and the record, the Court concludes that Plaintiff's request for leave to amend his Complaint should be denied as belated and futile. *See Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 458 (6th Cir.2001) (relevant factors for granting or denying amendment). Despite having had full notice of Defendant's basis for seeking dismissal through the Court's pre-motion conference procedure in March and April 2012, Plaintiff failed to seek leave to amend his Complaint until after Defendant filed its motion to dismiss. Plaintiff fails to set forth any proposed amendment to cure the deficiencies in his Complaint, and the Court is not persuaded that the elements of his claims could be established by an amendment of his pleadings.

IV. Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss (Dkt 26). Further, as the Court's decision resolves all pending claims, an Order and corresponding Judgment will be entered consistent with this Opinion. *See* FED. R. CIV. P. 58.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 664906

Footnotes

| 1 | Defendant states that the Complaint erroneously names Bank of America Corporation as the sole defendant in this case, but that entity has no connection with the loans at issue, and the proper defendant is Bank of America, N.A., the servicer of the loans (Def. Br., Att. 1 at 1 n. 1). Plaintiff notes and does not dispute this assertion. The Court proceeds on the basis that Bank of America, N.A., is the proper party. |

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.