# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ANTHONY HART,

             Plaintiff,

v.

HILLSDALE COUNTY, a Municipal Corporation;
DEPUTIES CHRISTINE WAHTOLA, KWINN
LEVA, LT. TIMOTHY PARKER, in their
individual capacities; CITY OF HILLSDALE, a
Municipal Corporation; OFFICERS SHELBY
RATHBUN and TODD HOLTZ, in their individual
capacities; MICHIGAN STATE POLICE
ANALYSTS MELISSA MARINOFF and MARCI
KELLEY, in their individual capacities; WATCH
SYSTEMS, L.L.C., a Louisiana Corporation; all
jointly and severally; and ATTORNEY
KIMBERLEY BURGER, and PARKER, HAYES,
& LOVINGER P.C.,

             Defendants.

Case No:   16-cv-10253
Honorable: Denise Page Hood
Mag. Judge: Elizabeth A. Stafford

***CORRECTED
PLAINTIFF'S MOTION FOR
RECONSIDERATION OR
REHEARING***

_____/

GOODMAN & HURWITZ, P.C .
By:  William H. Goodman (P14173)
     Julie H. Hurwitz (P34720)
     Huwaida Arraf (NY #4707220)
1394 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 567-6170/Fax: (313) 567-4827
mail@goodmanhurwitz.com

STEVEN T. BUDAJ, P.C.
By:   Steven T. Budaj (P30154)
65 Cadillac Square, Suite 2915
Detroit, MI  48226
(313) 963-9330
stbudaj@counsel.cc

SOMMERS SCHWARTZ, P.C.
David M. Black (P25047)
One Towne Square, Suite 1700
Southfield, MI  48076
(248) 355-0300

MATTA BLAIR PLC
By:  Roger A. Smith (P27722)
39572 Woodward Ave ., Suite 200
Bloomfield Hills, MI 48304-5005
(248) 593-6100 /Fax: (248) 593-6116
rsmith@mattablair.com
*Attorneys for Defendants City of Hillsdale,
Officers Rathbun & Holtz*

Erik A. Grill (P64713)
Dana Wood (P71955)
Assistant Attorneys General
P.O. Box 30736
Lansing, Michigan 48909
(517)373-6434
grille@michigan.gov
woodd9@michigan.gov
*Attorneys for Defendants Kelley and Marinoff*

COLLINS EINHORN FARRELL PC
By:  Michael J. Sullivan (P35599)

dblack@sommerspc.com
*Attorneys for Plaintiff*

DEMOREST LAW FIRM, PLLC
By: Mark S. Demorest (P35912)
322 W. Lincoln Avenue
Royal Oak, MI  48067
(248-723-5500
mark@demolaw.com

PHELPS DUNBAR LLC
By:  Guy P. McConnell
100 South Ashley Dr., Suite 1900
Tampa, FL  33602-5311
(813) 472-7577
guy.mcconnell@phelps.com

*Attorneys for Defendant Watch System*

Colleen H. Burke (P63857)
4000 Town Center, 9th Floor
Southfield, MI  48075
(248) 355-4141
Michael.Sullivan@CEFlawyers.com
Colleen.Burke@CEFlawyers.com
*Attorneys for K. Burger, KB Law Office, and Parker, Hayes & Lovinger*

JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.
By:  James L. Dyer (P32544)
     Andrew J. Brege (P71474)
822 Centennial Way, Suite 270
Lansing, MI  48917
(517) 886-3800
jdyer@jrsjlaw.com
*Attorneys for Hillsdale County, Wahtola, Leva & Parker*

_____/

2

**PLAINTIFF'S *CORRECTED* MOTION FOR RECONSIDERATION OR REHEARING REGARDING ORDER (Doc. 66) GRANTING DEFENDANTS MARINOFF AND KELLEY'S MOTION TO DISMISS (Doc. 27) AND ORDER (Doc. 68) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. 43)**

NOW COMES Plaintiff, by and through his attorneys, GOODMAN & HURWITZ, P.C. and STEVEN T. BUDAJ, P.C., and, pursuant to E.D. Mich LR 7.l(h), hereby requests that this Court reconsider its *Order Granting Defendants Marinoff and Kelley's Motion to Dismiss [#27]*, (Doc. 66), for the reasons briefly set forth below and more fully developed in the attached Brief in Support.  In the alternative, Plaintiff respectfully requests that the Court allow the parties to provide supplemental briefings on the issues raised in this Motion and accompanying Brief.  In support thereof, Plaintiff states the following:

(1)     The Court and parties were misled by palpable defects that, once corrected, would result in a different disposition of Defendants Marinoff and Kelley's Motion to Dismiss, granting qualified immunity to these defendants with respect to Plaintiff's claim of Fourth Amendment violations, i.e. malicious prosecution and false arrest;

(2)     The Court failed to properly identify the relevant reckless conduct engaged in by Defendants Kelley and Marinoff, failed to apply the proper test for assessing reckless conduct, and failed to apply the proper standard for establishing malicious prosecution;

(3)     The Court misconstrued Plaintiff's allegations against Defendants Marinoff and Kelley, leading it to the erroneous conclusion that Plaintiff did not allege that either defendant acted for the specific purpose of establishing probable cause;

(4)     The Court disregarded specific facts alleged by Plaintiff to show that Defendants Marinoff and Kelley engaged in culpable conduct;

(5)     The amount of information Defendants Kelley and Marinoff had in their possession

is a question of fact and whether, based on what they knew, their conduct constituted reckless disregard for the truth, is a question for the jury. Accordingly, the Court erred in dismissing Plaintiff's claims against Marinoff and Kelley at this pleading stage.

(6)     Pursuant to E.D. Mich LR 7.l(a)(2)(A), concurrence in this Motion was sought and denied,

WHEREFORE, in reliance on the aforementioned assertions, LR 7.1(h), and the attached Brief in Support, Plaintiff respectfully requests that this Honorable Court grant his *Motion for Reconsideration* and, accordingly, deny *Defendants Marinoff and Kelley's Motion to Dismiss* the claims against them, or, in the alternative, allow the parties to provide supplemental briefing with regard to the issues raised in this Motion and Brief in Support. Plaintiffs further request all other relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

GOODMAN & HURWITZ, P.C.
By: _/s/Huwaida Arraf_____
Huwaida Arraf (NY4707220)
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
harraf@goodmanhurwitz.com
*Attorney for Plaintiff*

Date: April 18, 2017

**_CORRECTED_ BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING REGARDING ORDER (Doc. 66) GRANTING DEFENDANTS MARINOFF AND KELLEY'S MOTION TO DISMISS (Doc. 27) AND ORDER (Doc. 68) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. 43)**

## TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED ........................................................... ii

TABLE OF AUTHORITIES ...................................................................................................... iii

I.   STANDARD OF REVIEW.................................................................................................1

    A. Standard Governing Motions for Reconsideration................................................1

    B. Standard for Evaluating Defendants' Motion to Dismiss Based on Qualified Immunity. ..............................................................................................2

II.  ARGUMENT .....................................................................................................................3

    A. The Court Committed Plain Error By Not Applying the Well-Established Criteria for Assessing "Reckless Disregard"..........................................................4

    B. The Court Committed Plain Error in Misconstruing Plaintiff's Allegations Against Defendants Marinoff and Kelly...............................................................8

III. CONCLUSION ................................................................................................................10

CERTIFICATE OF SERVICE ................................................................................................13

i

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Did the Court commit plain error by not applying the well-established criteria for assessing "reckless disregard," to the conduct of Defendants Marinoff and Kelley, thereby warranting reconsideration?

   Plaintiff's Answer: YES

2. Did the Court commit plain error by misconstruing and/or disregarding the allegations that Plaintiff made against Defendants Marinoff and Kelley, thereby warranting reconsideration?

   Plaintiff's Answer: YES

# TABLE OF AUTHORITIES

<u>CASES</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................2,5

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ...............................................2

*Carter v. Robinson*, 211 F.R.D. 549 (E.D. Mich. 2003)...........................................1

*Courtright v. City of Battle Creek*, 839 F.3d 513 (6th Cir. 2016).............................2,3

*Farmer v. Brennan,* 511 U.S. 825 (1994) ........................................................5,7,8,12

*Fleck v. Titan Tire Corp.,* 177 F.Supp.2d 605 (E.D. Mich. 2001)............................1

*Fox v. DeSoto,* 489 F3d 227 (6th Cir. 2007)...........................................................10

*Garrison v. Louisiana,* 379 U.S. 64 (1964) ............................................................5

*Gavitt v. Born,* 835 F.3d 623 (6th Cir. 2016).........................................................3

*Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109 (E.D.Pa.1993) ...........1

*Groh v. Ramirez,* 540 U.S. 551 (2004) ...................................................................7

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ...........................................................10

*Hendee v. Twp. of Putnam*, No. 08-14623, 2010 WL 1286199 (E.D. Mich. Mar. 31, 2010)..........2

*Hernandez v. Washington*, No. 2:16-CV-10854, 2017 WL 1214436 (E.D. Mich. Jan. 20, 2017)..3

*Hervey v. Estes,* 65 F.3d 784 (9th Cir. 1995)..........................................................12

*Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015) ..................................................2

*Lippay v. Christos,* 996 F.2d 1490 (3d Cir.1993) ...................................................5

*Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381 (6th Cir. 2009) .............2

*Malley v. Briggs,* 475 U.S. 335 (1986) ..................................................................10

*McCallum v. Geelhood,* No. 15-12676, 2017 WL 1250756 (E.D. Mich. Mar. 31, 2017)..........5,11

*Rodriguez v. Tenn. Laborers Health & Welfare,* 89 Fed. Appx. 949 (6th Cir. 2004) ....................2

*Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010). .............................................4,10,11

*United States v. Brown,* 631 F.3d 638 (3d Cir. 2011)..........................................5,8,12

*United States v. Cican,* 63 F. Appx 832 (6th Cir. 2003) ....................................................5

*United States v. Clapp,* 46 F.3d 795 (8th Cir.1995) ........................................................5

*United States v. Williams*, 718 F.3d 644 (7th Cir. 2013) ................................................7

*Vakilian v. Shaw,* 335 F. 3d 509 (6th Cir. 2003) ...........................................................4

*Walczak v. San Bernardino Cty.,* 260 F. Appx 982 (9th Cir. 2007) .............................12

*Ward v. Wolfenbarger*, 340 F. Supp. 2d 773 (E.D. Mich. 2004)..................................1

*Wesley v. Campbell*, 779 F.3d 421 (6th Cir. 2015).........................................................3

*Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000) ............................................................5,7

*Winfrey v. San Jacinto Cty.,* 481 F. Appx 969 (5th Cir. 2012)....................................11

## STATUTES

MCL 28.725 ......................................................................................................................6

MCL 28.725(12) ...............................................................................................................6

MCL 28.725a(3)(c) ..........................................................................................................6

MCL 712A.3 .....................................................................................................................7

## RULES

Fed. R. Civ. P. 12(b)(6)....................................................................................................3

Local Rule 7.1(h) .............................................................................................................1

Local Rule 7.1(h)(3)..........................................................................................................1

**CORRECTED BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING REGARDING ORDER (Doc. 66) GRANTING DEFENDANTS MARINOFF AND KELLEY'S MOTION TO DISMISS (Doc. 27) AND ORDER (Doc. 68) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. 43)**

Pursuant to Local Rule 7.1(h), Plaintiff requests that this honorable Court reconsider its rulings set forth in Docs. 66 and 68, because the Court was misled by palpable defects that, once corrected, would result in a different disposition of *Defendants Kelley and Marinoff's Motion to Dismiss* the Complaint against them.

## I.     STANDARD OF REVIEW

### A.  Standard Governing Motions for Reconsideration

Local Rule 7.1(h)(3) states:

> Generally, and without restricting the Court's discretion, the Court will not grant motion for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 775 (E.D. Mich. 2004).

"'The rationale for a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "A motion for reconsideration addresses only factual and legal matters that the Court may have overlooked." *Id*. (internal quotation marks and citation omitted.)

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.,* 177 F.Supp.2d 605, 624 (E.D. Mich. 2001) (internal citations omitted). *See U.S. v. Lockett,* 328 F.Supp.2d 682, 684 (E.D. Mich. 2004) (granting reconsideration of ruling

insofar as it was "infected by an obvious, clear, unmistakable, manifest and plain defect," because court had overlooked videotaped statement establishing that the facts were different than what the court had previously concluded).

Courts will generally entertain a motion for reconsideration where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). *See, e.g.*, *Hendee v. Twp. of Putnam*, No. 08-14623, 2010 WL 1286199, at *1 (E.D. Mich. Mar. 31, 2010).

### B. Standard for Evaluating Defendants' Motion to Dismiss Based on Qualified Immunity

It is by now axiomatic that, when evaluating a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). To survive a motion to dismiss made on qualified immunity grounds, the "plaintiff must allege facts that 'plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his [or her] conduct violated that right.'" *Id.,* (quoting *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). "The plausibility standard is not akin to a 'probability requirement,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)); it "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

"Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Courtright, supra* at 518. (quotation marks and citations omitted). Indeed, "the Sixth Circuit recently has cautioned district courts that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Hernandez v. Washington*, No. 2:16-CV-10854, 2017 WL 1214436, at *9 (E.D. Mich. Jan. 20, 2017), *report and recommendation adopted,* No. 16-10854, 2017 WL 1130090 (E.D. Mich. Mar. 27, 2017) (quoting *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015); *see Gavitt v. Born,* 835 F.3d 623, 640 (6th Cir. 2016) ("if the qualified immunity questions presented are fact-intensive, the record may not be adequately developed to evaluate the defense at the pleading stage under Rule 12(b)(6).")

## II.    ARGUMENT

This Court granted Defendants Kelley and Marinoff's Rule 12(b)(6) Motion to Dismiss the claims against them, finding that Plaintiff failed to satisfy both prongs of the qualified immunity test. Specifically, the Court found that

(1) Plaintiff did not sufficiently allege that Defendants Marinoff and/or Kelley violated any of his constitutional rights because Plaintiff "failed to allege that [either of] the State Defendants stated a deliberate falsehood or showed reckless disregard for the truth." (Order, Doc. 66, PgID 627-8); and

(2) Plaintiff failed to demonstrate that there was a constitutional right that was "sufficiently clear that [either Marinoff or Kelley] would understand that what she was doing violated that right." (Order, Doc. 66, PgID 629).

This Court should reconsider these rulings because they involve manifest errors of law and fact. Namely:

3

(1)   the Court failed to apply the appropriate standard for the Fourth Amendment constitutional rights that Plaintiff alleges were violated, i.e. false arrest and malicious prosecution, as set forth in *Sykes v. Anderson,* 625 F.3d 294, 305, 308-09 (6th Cir. 2010);

(2)   Court did not apply the well-established criteria for assessing whether an officer acted with "reckless disregard" for the truth to the alleged conduct of Defendants Marinoff and Kelley;

(3)   the Court misconstrued Plaintiff's allegation against Defendants Marinoff and Kelley;

(4)   the Court erred in overlooking or disregarding Plaintiff's specific allegation that Defendant Kelley provided false information *for the purpose of establishing probable cause* to prosecute Plaintiff; and

(5)   issues of material fact exist to preclude a finding of qualified immunity at this pleading stage.

The Court was thus misled by palpable defects that, once corrected, will result in the denial of *Defendants Marinoff and Kelley's Motion to Dismiss* the claims against them and the granting of *Plaintiff's Motion for Leave to File a Second Amended Complaint* as to Defendants Marinoff and Kelley.

### A.  The Court Committed Plain Error By Not Applying the Well-Established Criteria for Assessing "Reckless Disregard."

To establish a violation of his Fourth Amendment right to be free of search and seizure absent probable cause, Plaintiff is required to establish: (1) that Marinoff and/or Kelley stated a deliberate falsehood or showed reckless disregard for the truth; and (2) the allegedly false information was material to the erroneous finding of probable cause. *Vakilian v. Shaw,* 335 F. 3d 509, 517 (6th Cir. 2003).  As the Court correctly noted, there is no dispute that Plaintiff alleged the false information supplied by Marinoff and Kelley was material to the finding of probable cause. (Order, Doc. 66, PgID 627).  However, the Court misconstrued Plaintiff's allegations

4

against Marinoff and Kelley (*see* Part B), and it did not apply the criteria for assessing "reckless disregard," which led to an erroneous finding that Plaintiff failed to demonstrate that either defendant had made a statement of deliberate falsehood or with reckless disregard for the truth. (Opinion, Doc. 66, PgID 628-29).

In determining what constitutes reckless disregard, most circuits, including the Sixth Circuit, have borrowed from the test developed in First Amendment libel cases, equating reckless disregard for the truth with a "high degree of awareness of [the statements'] probable falsity." *Lippay v. Christos,* 996 F.2d 1490, 1501 (3d Cir.1993) (quoting *Garrison v. Louisiana,* 379 U.S. 64, 74 (1964)); *see United States v. Cican,* 63 F. Appx 832, 835 (6th Cir. 2003); *see also Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000); *United States v. Clapp,* 46 F.3d 795, 800-01 n.6 (8th Cir.1995). As this Court has recently articulated, "[a]n assertion is made with reckless disregard when, after viewing all the evidence, the affiant entertained serious doubts as to the truth of her statements or had obvious reasons to doubt the accuracy of the information reported." *McCallum v. Geelhood,* No. 15-12676, 2017 WL 1250756, at *4 (E.D. Mich. Mar. 31, 2017) (citation omitted). Thus, at this pleading stage, Plaintiff was simply required to make a plausible showing, *see Ashcroft v. Iqbal,* 556 U.S. at 678, that either Marinoff and/or Kelley entertained serious doubts about the information they were propagating, or that obvious reasons existed for them to do so, such that a subjectively reckless state of mind can be inferred. *McCallum v. Geelhood,* 2017 WL 1250756, at *4; *see United States v. Brown,* 631 F.3d 638, 645 (3d Cir. 2011); *cf., Farmer v. Brennan,* 511 U.S. 825, 842-43 (1994) (Whether an official "had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.")

5

In his complaint, Plaintiff alleged that, "On February 10, 2014, Defendant Kelley attested to the validity of Hart's purported 'Sex Offender Registry Certified Record' and transmitted those records to [law enforcement]." (Am. Compl., Doc. 43-1, ¶ 70). Plaintiff further alleged that those records contained sufficiently clear information alerting Defendant Kelley—whose job it was to be knowledgeable as to these matters—that Plaintiff was no longer required to register. Yet, despite this obvious information, Kelley "deliberately, maliciously, or with reckless disregard for the truth, falsely attested that Hart was required to register on a semi-annual basis from August 3, 2001 through February 20, 2054—a duration that did not even exist under the pre-or post-2011 amendment SORA." (Am. Compl., Doc. 43-1, ¶ 71). Defendant Kelley's attestation was then used to establish probable cause and prosecute Plaintiff, which resulted in wrongly depriving him of his liberty for 19 months. (Pl's Resp to Motion to Dismiss, Doc. 44, p.3).

The very first page of Plaintiff's "Sex Offender Registry Certified Record" contained information that would have immediately alerted Kelley to the fact that the record she was transmitting for the purpose of establishing probable cause to prosecute Plaintiff was inaccurate. Among other things, a registration period of 52 ½ years—as was listed on the first page of the record— made no sense. The registration periods for the various tier levels under the Michigan Sex Offender Registration Act (SORA) are: Tier I – 15 years, Tier II – 25 years, and Tier III – life. MCL 28.725 & 28.725a. Even if a registration period of over 52 years could have been understood to imply a requirement to register for life, such a duration is reserved for Tier III sex offenders. MCL 28.725(12). The first page of Plaintiff's registry clearly noted that he was a Tier II offender. Moreover, an offender required to register for life is required to report and register four times per year, MCL 28.725a(3)(c); Plaintiff's registration record stated that he was to register "semi-annually."

These and other indicators, such as Plaintiff's birthdate[1] and the date his registration period began—all included on the first page of the record that Kelley transmitted to law enforcement and prosecuting authorities—gave Kelley obvious bases on which to doubt the accuracy of the information that she was reporting. *See Wilson v. Russo*, 212 F.3d at 788. Indeed, even a cursory reading of, or simple glance at, the record Kelley was transmitting would have given even the untrained person a reason to doubt their truth, to say nothing of a professional whose job was precisely to regularly review these kinds of records for accuracy. *Cf., Groh v. Ramirez*, 540 U.S. 551, 564, (2004).

The situation confronting Kelley at the time she falsely attested to Plaintiff's requirement to register as a sex offender, was not one in which she had to react on the spot, within a short period of time, or under pressurized circumstances, where her actions could have been considered attributable to stress or haste. *Compare United States v. Williams*, 718 F.3d 644, 649 (7th Cir. 2013) (finding inclusion of false information in affidavit not tantamount to reckless disregard, but rather product of time and haste in a rapidly developing situation).[2] Under these circumstances and based on the circumstantial evidence of Kelley's knowledge, a reasonable trier of fact could easily find that Kelley knew that the information she deliberately supplied to law enforcement authorities was, in fact, untrue. *See Farmer v. Brennan,* 511 U.S. at 842-43.

---

[1] The Court mistakenly noted that Plaintiff was 17 years old at the time of the alleged crime. (Order, Doc. 66, PgID 620). In fact, Plaintiff was 17 years old at the time of his conviction, (1st Am. Compl., Doc. 22, ¶ 30), but only 16 years old at the time of the alleged crime. Accordingly, he was adjudicated as a juvenile. MCL 712A.3.

[2] Plaintiff's 2014 arrest took place on January 24, 2014; Defendant Kelley supplied false information to law enforcement on February 10, 2014; and Plaintiff was prosecuted based on this false information on February 18, 2014. (Am. Compl., Doc. #43-1, ¶¶ 68-73).

Based on the foregoing, had this Court applied the well-established test for determining "reckless disregard" to the allegations that Plaintiff asserted in his Proposed Second Amended Complaint—at least as to Defendant Kelley—it would have found that Kelley had obvious reasons to doubt the truthfulness of the information that she supplied to authorities in order to manufacture probable cause to prosecute Plaintiff and, as such, acted deliberately or with reckless disregard for the truth and for Plaintiff's constitutional rights. *See U.S. v. Brown,* 631 F.3d at 645; *cf., Farmer v. Brennan,* 511 U.S. at 842-43.

**B. The Court Committed Plain Error in Misconstruing Plaintiff's Allegations Against Defendants Marinoff and Kelly.**

Plaintiff claims that the actions of Defendants Kelley and Marinoff deprived him of his liberty without probable cause. (Am. Compl., Doc. 43-1, ¶ 84, 87).  Plaintiff cited a number of cases to support his contention that the right not to be subjected to unreasonable search and seizure based on false information knowingly supplied for the purpose of manufacturing probable cause was clearly established at the time that Kelley and Marinoff violated it. (Pl's Resp to Motion to Dismiss, Doc. 44, PgID 446).  However, the Court distinguished the instant case from the cases cited by Plaintiff based on a mistaken understanding of Plaintiff's allegations against Defendants Marinoff and Kelley. (Opinion, Doc. 66, PgID 629).

According to the Court's analysis, Plaintiff alleges that the constitutional right that was violated in this case was the right not to be improperly listed on the Sex Offender Registry (SOR) or the right not to be arrested and prosecuted based on an inaccurate SOR; and, since Plaintiff did not allege or suggest that "either of the State Defendants 'left' Hart's name on the SOR for the purpose of establishing probable cause," the right was not clearly established. (Opinion, Doc. 66, PgID 629-30).  However, this misconstrues and misstates the crux of Plaintiff's allegations against Defendants Marinoff and Kelley.  Plaintiff alleges that both of these defendants "deliberately

and/or recklessly produced and propounded a SOR that they knew to be flawed, inaccurate and unreliable," knowing full well that this registry is used by law enforcement across the state to arrest, prosecute and convict those whose names are on it. (Am. Compl., Doc. #43-1, ¶¶ 35, 38). Thus, Plaintiff does not simply allege that Kelley and Marinoff wrongly "left [his] name on the SOR" after he was no longer required to register, but rather he alleges that Kelley and Marinoff, knowing they did not undertake the kind of procedures necessary to ensure the validity of the SOR and, therefore, that the information contained in the SOR was likely false, nevertheless actively disseminated this false and unreliable information to law enforcement for their use in establishing probable cause to arrest and prosecute individuals whose names appear on the SOR. In this case, that name was Plaintiff Anthony Hart's. (Am. Compl., Doc. #43-1, ¶¶ 35, 38). With this conduct, both Marinoff and Kelley deprived Plaintiff of his clearly established constitutional right to be free from unreasonable search and seizure based on false information provided to establish probable cause. (*See* Pl's Resp to Motion to Dismiss, Doc. 44, PgID 446).

The Court also disregarded the separate allegation that Plaintiff made against Kelley. Specifically, the Court overlooked the fact that Plaintiff alleged that Defendant Kelley attested to the validity of an obviously flawed record, thereby deliberately or recklessly supplying false information to law enforcement *for the specific purpose of prosecuting Plaintiff*. (Am. Compl., Doc. #43-1, ¶¶ 69-71; Pl's Resp to Motion to Dismiss, Doc. #44, PgID 441).

As supported by longstanding Supreme Court and Sixth Circuit jurisprudence, Plaintiff's allegations do state the violation of a clearly established right.  Defendants Marinoff and Kelley "reasonably could have foreseen that by providing false information to [law enforcement] that bore directly on whether there was probable cause to believe that the Plaintiff[]s] committed a crime, [their] misconduct could result in not only the Plaintiff['s] initial seizure but also [his] eventual

incarceration.   And holding [Marinoff and Kelley] liable for all reasonably foreseeable consequences of [their] initial misdeeds finds support in the Supreme Court's decision in *Malley v. Briggs*." *Sykes,* 625 F.3d at 314-15; *see Malley v. Briggs,* 475 U.S. 335 (1986).

Had this Court correctly considered the facts alleged by Plaintiff, a different outcome of Defendants Marinoff and Kelley's Motion to Dismiss would have resulted, insofar as the deliberate and/or reckless transmission of false information stating that Plaintiff was required to register as a sex offender, when both Marinoff and Kelley were on actual notice that Plaintiff should not have been listed on the SOR, aided in the initiation of his wrongful arrest and prosecution—a deprivation of Plaintiff's liberty based solely on the false information that that Kelley and Marinoff supplied to law enforcement—a violation of Plaintiff's clearly established constitutional right. *See Sykes,* 625 F.3d at 309, 316.[3]

### III.   CONCLUSION

The purpose of qualified immunity is to shield government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  In other words, "qualified immunity [is] defeated if an official *knew or reasonably should have known* that the action he [or she] took within his [or her] sphere of official responsibility would violate the constitutional rights of the plaintiff." *Id.,* at 815 (internal quotation marks and citation omitted) (emphasis in original).

---

[3] While the standard for §1983 liability for malicious prosecution requires a showing that the defendant "made, influenced or participated in the decision to prosecute," (citing *Fox v. DeSoto,* 489 F3d 227, 237 (6th Cir 2007)), the *Sykes* Court specifically defined the term "participated" to be "…akin to 'aided.'  To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Sykes,* 625 F.3d at 308, n 5.

In this case, Plaintiff alleges that he was arrested and prosecuted without probable cause (Am. Compl., Doc. 43-1, ¶¶ 84, 87)—a clearly established federal right. *McCallum v. Geelhood,* No. 15-12676, 2017 WL 1196359, at *4. Providing false information to establish probable cause undoubtedly violates that right. *Id.*, citing *Sykes,* 625 F.3d at 305. Plaintiff alleged facts to show that both Defendants Kelley and Marinoff promulgated information that they knew or should have known was false, for the purpose of aiding law enforcement in establishing probable cause. (Am. Compl., Doc 43-1, ¶¶ 35, 38). Plaintiff also alleged that, on February 10, 2014, Defendant Kelley deliberately and/or recklessly forwarded demonstrably erroneous information to law enforcement for the specific and immediate purpose of manufacturing probable cause to prosecute him.

This Court committed clear error in misconstruing and/or overlooking the aforementioned allegations—an error that led to its erroneous conclusion that Plaintiff did not allege sufficient facts to show that Defendants Kelley and Marinoff were not entitled to qualified immunity. Supplying false information to establish probable cause is unconstitutional, *Sykes*, 625 F.3d at 305, and any reasonable officer would know that engaging in such conduct to manufacture probable cause is unconstitutional. *McCallum v. Geelhood*, *supra* at *4.

Plaintiff respectfully submits that, had this Court properly and accurately considered and weighed his allegations, it would have decided that he made a threshold showing of deliberate and/or reckless conduct on the part of Kelley and Marinoff that violated his Fourth Amendment right to be free of unreasonable search and seizure. "Because the issue of recklessness requires inquiry into the specifics of what [the defendant officers] knew," *Winfrey v. San Jacinto Cty.,* 481 F. Appx 969, 980–81 (5th Cir. 2012), dismissal at this pleading stage is manifestly unjust to Plaintiff. Furthermore, the question of whether, based on the information at their disposal, Kelley and/or Marinoff's actions constituted deliberate or reckless conduct, is a question for the trier of

fact. *See Hervey v. Estes,* 65 F.3d 784, 791 (9th Cir. 1995), as amended on denial of reh'g (Dec. 5, 1995) (holding that whether the false statements were made deliberately or recklessly is a factual determination for the jury). *Walczak v. San Bernardino Cty.,* 260 F. App'x 982, 984 (9th Cir. 2007). A reasonable jury could find that the false information supplied by Kelley and Marinoff to law enforcement was supplied deliberately or with reckless disregard for the truth. *See U.S. v. Brown,* 631 F.3d at 645; *cf., Farmer v. Brennan,* 511 U.S. at 842-43.

WHEREFORE, based on the palpable errors of law and fact set forth in this Motion for Reconsideration and Brief in Support, Plaintiff respectfully requests that this Court reconsider its *Order* (Doc. 66) *Granting Defendants Marinoff and Kelley's Motion to Dismiss* (Doc. 27); DENY said Motion in its entirety, and REINSTATE all of Plaintiff's claims against Defendants Kelley and Marinoff. Further, Plaintiff requests that this Court reconsider its *Order* (Doc. 68) *Granting in Part and Denying in Part Plaintiff's Motion for Leave to File a Second Amended Complaint* (Doc. 43) and GRANT that motion in its entirety. In the alternative, Plaintiff respectfully requests that the Court allow the parties to provide supplemental briefings on the issues raised in this Motion and accompanying Brief, and/or grant a rehearing on these issues.

Respectfully submitted,

STEVEN T. BUDAJ, P.C.                          GOODMAN & HURWITZ, P.C.
By: *s/ Steven T. Budaj*                        By: */s/Huwaida Arraf*
Steven T. Budaj (P30154)                        Huwaida Arraf (NY4707220)
65 Cadillac Square, Suite 2915    --and--        William Goodman (P14173)
Detroit, MI  482226                             Julie H. Hurwitz (P34720)
313-963-9330                                    1394 E. Jefferson Ave.
stbudaj@counsel.cc                              Detroit, MI 48207
                                                (313) 567-6170/Fax: (313) 567-4827
                                                harraf@goodmanhurwitz.com
                                                *Attorneys for Plaintiff*

Date: April 18, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

By: *s/ Huwaida Arraf*_____
Huwaida Arraf (NY 4707220)