# EXHIBIT C

# Order Granting Defendant Marinoff's and Kelley's Motion to Dismiss

Doc # 66

*(entered 3-31-17)*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HART,

    Plaintiff,

                                     Case No. 16-10253

v.

                                  HONORABLE DENISE PAGE HOOD

COUNTY OF HILLSDALE, et al.,

    Defendants.

                                             /

## ORDER GRANTING DEFENDANTS MARINOFF'S AND KELLEY'S MOTION TO DISMISS [#27]

### I. INTRODUCTION

This matter is before the Court on Plaintiff Anthony Hart's ("Hart") complaint that he was wrongfully convicted for failing to register his proper residency with the Michigan Sex Offender Registry ("SOR"). Defendants Marci Kelley ("Kelley") and Melissa Marinoff ("Marinoff") have filed a motion to dismiss based on qualified immunity. The motion to dismiss was fully briefed, and the Court held a hearing on the motion to dismiss on September 14, 2016.

### II. BACKGROUND

In 2001, Hart violated MCL § 750.520(e) and was convicted of fourth degree criminal sexual conduct. At the time of the crime, Plaintiff was 17 years old, and the Michigan Sex Offender Registration Act, MCL § 28.721 ("SORA"), required that he

register his address bi-annually for 25 years due to his offense. SORA was amended as of July 1, 2011, and offenders adjudicated of that offense as juveniles were no longer required to register. It is undisputed that, because Hart was 17 years old at the time of his crime, as of July 1, 2011, he no longer had an obligation to register his residency with the SOR.

Michigan State Police ("MSP") employees were required to remove Hart from the SOR following the 2011 SORA amendment. MSP employees did not properly remove Hart's name from the list, nor did anyone from the MSP inform Hart that he was no longer legally required to register his residency. The Hillsdale County Sheriff Department also did not remove Hart's information from the SOR or take any action to cause such a removal. From July 2011 through July 2013, Hart continued to register on the SOR, including identifying his address. On July 5, 2013, unaware that he was no longer required to register his address with the SOR, Hart erroneously registered his address as "79 Bulldog" in Hillsdale. Hart's actual address was "76 Bulldog" in Hillsdale.

On July 17, 2013, Hillsdale County Sheriff Deputy Lieutenant Timothy Parker ("Lieutenant Parker") arrested Hart for violating SORA by listing an incorrect address. Lieutenant Parker had examined Hart's criminal history and the SOR documents, all of which indicated Hart was 17 years old in 2001. Although this meant

2

that Hart no longer needed to register his residency with the SOR (because of the 2011 SORA amendment), Lieutenant Parker signed a warrant request charging a violation of SORA and sent it to the Hillsdale County Prosecutor's Office. The warrant was approved by the Hillsdale County Prosecutor's Office on July 18, 2013. On August 14, 2013, Hart entered a plea of nolo contendere, was found guilty of one count of failure to register pursuant to SORA (MCL § 28.279), and was placed on probation. From July 2013 through December 2013, Hart continued to register as a sex offender with local registering authorities (Hillsdale County).

On January 23, 2014, Lieutenant Parker advised Defendant Shelby Rathbun ("Rathbun") that Hart failed to verify his address and falsely accused Hart of criminal acts. On February 18, 2014, pursuant to the advice of his attorney (Defendant Kimberly Burger), Hart pled guilty to the felony of failure to register. On March 17, 2014, Hart was sentenced to 16-24 months in state prison and ordered to pay $1,026.94 in fines, costs, and restitution. Hart served 19 months at the Jackson state prison before someone realized that Hart should not have been charged with failing to register in 2013 and 2014.

On April 26, 2016, Plaintiff filed his First Amended Complaint ("Complaint").

## III. APPLICABLE LAW & ANALYSIS

### A. Rule 12(b)(6)

3

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.    Plaintiff's Claims Against Kelley and Marinoff

Hart first claims the State Defendants were responsible for the Hillsdale officials falsely arresting him, in violation of his Fourth Amendment rights. For a Plaintiff to have a viable false arrest claim under Section 1983, he must prove that the arresting officer lacked probable cause for the arrest.

> A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff. *Fridley*

4

> *v. Horrighs*, 291 F.3d 867, 872 (6th Cir.2002) (citing *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir.1999)). An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983.

*Voticky v. Village of Timberlake, OH*, 412 F.3d 669, 677 (6th Cir. 2005). A government official who applies the means by which a person is seized in violation of the Fourth Amendment can be held liable under Section 1983. *See, e.g., Berg v. City of Allegheny*, 219 F.3d 261, 272 (3d Cir. 2000) ("a government official's liability for causing an arrest is the same as for carrying it out"). *See also Malley v. Briggs*, 475 U.S. 335, 344 n.7 (1986) (an individual is "responsible for the natural consequences of his actions").

It is undisputed that neither Kelley nor Marinoff had a direct role in Hart's arrest, and the Complaint states that Hart was arrested by Lieutenant Parker. Hart alleges that the State Defendants (namely Kelley) provided inaccurate information to Hillsdale officials. The only specific allegations against Marinoff are that she was an employee of the MSP and that she had some responsibity for maintaining the SOR.

Hart's second claim is that the State Defendants were involved in a malicious prosecution against him, in violation of his Fourth Amendment rights. To succeed on a malicious prosecution claim, Hart must satisfy four elements:

> (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute;

5

(2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014). As the Sixth Circuit recently stated, a police officer violates a person's clearly established right to freedom from malicious prosecution under the Fourth Amendment "only when his deliberate or reckless falsehoods result in arrest and prosecution without probable cause." *Johnson v. Mosely*, 790 F.3d 649, 654-55 (6th Cir. 2015) (citing *Newman v. Township of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014)).

Hart's third claim against the State Defendants is for defamation, in violation of his Fourteenth Amendment substantive or procedural due process rights. The Supreme Court has held that a plaintiff may not recover under Section 1983 for damages to reputation if the alleged defamatory acts did not also result in the deprivation of a constitutionally protected right or interest. *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

### C.    Qualified Immunity

The State Defendants assert that they are entitled to qualified immunity with respect to the Section 1983 claims Hart filed against them. Qualified immunity is an affirmative defense against a Section 1983 claim. *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996). The doctrine of qualified immunity "shields 'governmental officials

6

performing discretionary functions . . . from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (government officials performing discretionary functions are shielded from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

"[T]he test for qualified immunity has only two prongs—whether the defendant violated a constitutional right and whether the right at issue was clearly established." *Brown v. Lewis*, 779 F.3d 401, 417 (6th Cir. 2015) (citing *Plumhoff v. Rickard*, — U.S. —, 134 S. Ct. 2012, 2020 (2014), and *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)). For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Creighton,* 483 U.S. at 640. This standard does not require the very action in question to have previously been held unlawful, only that its unlawfulness be apparent in light of pre-existing law. *Id.* (citing *Mitchell v. Forsyth,* 472 U.S. 511, 535 n.12, (1985)).

7

Once a government official has raised the defense of qualified immunity, the plaintiff "bears the ultimate burden of proof to show that the individual officers are not entitled to qualified immunity." *Cockrell v. City of Cincinnati*, 468 F. App'x 491, 494 (6th Cir. 2012) (citation omitted). A plaintiff must also establish that each individual defendant was "personally involved" in the specific constitutional violation. *See Salehphour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998); *Bennett v. Schroeder*, 99 F. App'x 707, 712-13 (6th Cir. 2004) (unpublished) ("It is well-settled that to state a cognizable Section 1983 claim, the plaintiff must allege some personal involvement by the each of the named defendants").

In this case, to establish the violation of a constitutional right, Hart must establish: (1) the State Defendants stated a deliberate falsehood or showed reckless disregard for the truth, and (2) the allegedly false or omitted information was material to the finding of probable cause. *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003) (citations omitted). There is no dispute that Hart has alleged that the false information was material to the finding of probable cause, but the Court finds that Plaintiff has failed to allege that the State Defendants stated a deliberate falsehood or showed reckless disregard for the truth.

In the Complaint, Hart alleged that both of the State Defendants are employees of the Michigan State Police and that, pursuant to MCL 28.728, they "were

8

responsible for accurately maintaining the" Michigan SOR. Dkt. No. 22, Para. 21. Hart makes no further allegations against Marinoff[1] and alleges only that Kelley "falsely attested that [Hart] was required to register" until 2054. Dkt. No. 22, Para. 70. The Court finds that those allegations fail to demonstrate that either of the State Defendants made a statement of deliberate falsehood or with reckless disregard for the truth. The Court concludes that Hart has not sufficiently alleged in his Complaint that either of the State Defendants violated any of his constitutional rights.

In his brief, Hart argues that Kelley and Marinoff are not entitled to qualified immunity because they violated his constitutional right to be free from arrest and detention based on materially false information provided by a public official.[2] Hart states that it was the obligation of Defendants Kelley and Marinoff to properly remove his name from the SOR following the June 1, 2011 amendment. Hart argues that the State Defendants' failure to remove his name from the SOR constituted a reckless

---

[1] The Court also finds that Hart did not allege that Marinoff was "personally involved" in the alleged constitutional violation, which requires a finding that he failed to state a cognizable Section 1983 claim against Marinoff. *See Salehphour*, 159 F.3d at 206; *Bennett*, 99 F. App'x at 712-13.

[2] After the State Defendants filed their Motion to Dismiss, Hart also filed a Motion for Leave to File a Second Amended Complaint. In the proposed Second Amended Complaint, Hart attempted to buttress his claims against the State Defendants by alleging that they acted deliberately or with a reckless disregard for his rights.

9

disregard for his rights and that they exercised a reckless disregard for the truth when providing false information regarding the SOR to the Hillsdale officials.

The Court finds that, even if Hart's arguments in his brief (or the conclusory allegations in the proposed Second Amended Complaint) would satisfy the first prong of overcoming qualified immunity by alleging reckless conduct by Kelley and Marinoff in failing to maintain the SOR registry, Hart has not – and cannot – demonstrate that there was a constitutional right that was "sufficiently clear that [either of the State Defendants] would understand that what [she] [wa]s doing violate[d] that right." *See Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (although a case directly on point is not required, the "existing precedent must have placed the statutory or constitutional question beyond debate.").

Hart cites a number of cases to support his contention that his constitutional rights were clearly established, but the cases he cites involve situations where persons supplied false information for the very purpose of establishing probable cause. There has been no allegation or suggestion that either of the State Defendants "left" Hart's name on the SOR for the purpose of establishing probable cause or so that arrest warrants could be issued for him or that he could be prosecuted or detained. The Court also finds that, although Hart was not required to identify cases that involve the very same conduct or inaction attributable to the State Defendants, Hart did have the

burden of submitting authority that clearly established that the State Defendants conduct was prohibited in the context of the situation with which they were presented. *Mellenix*, 136 S.Ct. at 309. None of the cases cited by Hart establish that the State Defendants' alleged conduct was unlawful "beyond debate" in light of pre-existing law. *Creighton*, 483 U.S. at 640 (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Mullenix*, 136 S.Ct. at 308.

For the reasons stated above, the Court finds that Hart has not met his burden of overcoming the State Defendants' assertion that they are entitled to qualified immunity with respect to his claims against them. The Court grants the State Defendants' Motion to Dismiss.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by Marinoff and Kelley [#27] is **GRANTED**.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 31, 2017

11

Case 2:16-cv-10253-DPH-EAS Doc # 66 Filed 03/31/17 Pg 12 of 12 Pg ID 631

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2017, by electronic and/or ordinary mail.

                                S/LaShawn R. Saulsberry
                                Case Manager