UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HART,

      Plaintiff,

vs.

HILLSDALE COUNTY, a Municipal
Corporation; AGENTS CHRISTINE WAHTOLA;
KWINN LEVA; LT. TIMOTHY PARKER;
CITY OF HILLSDALE and OFFICERS SHELBY
RATHBUN and OFFICER TODD HOLTZ;
MICHIGAN STATE POLICE ANALYSTS
MELISSA MARINOFF and MARCI KELLY, in
Their individual capacities; WATCH SYSTEMS,
LLC, a Louisiana Corporation; and ATTORNEY
KIMBERLEY BURGER, KB LAW OFFICE, P.C.
and PARKER, HAYES & LOVINGER, P.C.,
all jointly and severally,

      Defendants.

Case No. 16-cv-10253
Hon. Denise Page Hood
Mag. Judge Elizabeth A. Stafford

_____

**WILLIAM H. GOODMAN (P14173)**
**JULIE H. HURWITZ (P34720)**
**KATHRYN BRUNER JAMES (P71374)**
**HUWAIDA ARRAF (New York Bar**
**#4707220)**
Attorneys for Plaintiff
1394 E. Jefferson Avenue
Detroit, MI  48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

**STEVEN T. BUDAJ (P30154)**
Attorney for Plaintiff
65 Cadillac Square, Ste. 2915
Detroit, MI  48226
(313) 963-9330
Stbudaj@counsel.cc

**ROGER A. SMITH (P27722)**
Attorney for City of Hillsdale, Officers
Rathbun & Holtz
39572 Woodward Avenue, Ste. 200
Bloomfield Hills, MI  48304
(248) 593-6100
rsmith@mattablair.com

**DAVID M. BLACK (P25047)**
Attorney for Plaintiff
One Towne Square, Ste. 1700
Southfield, MI 48076
(248) 355-0300
dblack@sommerspc.com

**JAMES L. DYER (P32544)**
Attorney for Defendants Hillsdale County,
Wahtola, and Parker
822 Centennial Way, Ste. 270
Lansing, MI 48917
(517) 886-3800
jdyer@jrsjlaw.com

**ERIK A. GRILL (P64713)**
**DANA WOOD (P71955)**
Attorneys for Defendants Marci Kelly
and Melissa Marinoff
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
grille@michigan.gov

**DALE A. ROBINSON (P55522)**
Attorney for Defendant Watch Systems
333 W. Fort Street, Ste. 1600
Detroit, MI 48226
(313) 965-6100
Drobinson@rmrtt.com

_____

## DEFENDANT WATCH SYSTEMS, LLC'S ANSWER TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT (DKT. #22), RESERVATION OF SPECIAL AND/OR AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

NOW COMES Defendant, *WATCH SYSTEMS, LLC,* by and through its attorneys, *RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C.*, and for its Answer to Plaintiff's Amended First Amended Complaint (Dkt. #22), states as follows:

## PRELIMINARY STATEMENT

1.     Answering paragraph 1, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

2.      Answering paragraph 2, Defendant denies the allegations as it pertains to this Defendant for the reason the same are untrue. With respect to the remainder of the allegations, Defendant neither admits nor denies the allegations contained therein as they pertain to other Defendants, and therefore leaves the Plaintiff to his proofs.

3.      Answering paragraph 3, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

4.      Answering paragraph 4, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

5.      Answering paragraph 5, Defendant denies the allegations contained therein for the reason the same are untrue.

6.      Answering paragraph 6, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

7.      Answering paragraph 7, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

**JURISDICTION**

8.     Answering paragraph 8, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

9.     Answering paragraph 9, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

10.     Answering paragraph 10, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

**VENUE**

11.     Answering paragraph 11, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

**JURY DEMAND**

12.     Answering paragraph 12, Defendant relies upon Plaintiff's jury demand.

## PARTIES

13.     Answering paragraph 13, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

14.     Answering paragraph 14, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

15.     Answering paragraph 15, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

16.     Answering paragraph 16, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

17.     Answering paragraph 17, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

18.     Answering paragraph 18, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

19.     Answering paragraph 19, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

20.     Answering paragraph 20, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

21.     Answering paragraph 21, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

22.     Answering paragraph 22, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

23.     Answering paragraph 23, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

24.     Answering paragraph 24, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

25.     Answering paragraph 25, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

26.     Answering paragraph 26, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

27.     Answering paragraph 27, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

28.     Answering paragraph 28, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

29.     Answering paragraph 29, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

## FACTS

30.     Answering paragraph 30, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

31. Answering paragraph 31, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

32. Answering paragraph 32, Defendant admits the amendment of SORA and that the State Police had a duty to maintain the registry.

33. Answering paragraph 33, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

34. Answering paragraph 34, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

35. Answering paragraph 35, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

36. Answering paragraph 36, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

37. Answering paragraph 37, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

38.     Answering paragraph 38, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

39.     Answering paragraph 1, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

40.     Answering paragraph 40, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

41.     Answering paragraph 41, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

42.     Answering paragraph 42, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

43.     Answering paragraph 43, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

44.     Answering paragraph 44, Defendant admits that the Michigan State Police contracted with this Defendant; Defendant denies this delegated a duty  to

9

Defendant as the duty remained that of the Michigan State Police to maintain the registry.

45.    Answering paragraph 45, Defendant denies the allegations that it was negligent, grossly negligent or acted with deliberate indifference or had a duty to remove Plaintiff's name from SORA registry.

46.    Answering paragraph 46, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies same being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

47.    Answering paragraph 47, Defendant denies that it was negligent or had a duty to "flag" Plaintiff's name for removal from the registry.

48.    Answering paragraph 48, Defendant denies Plaintiff's claims of negligence, gross negligence and deliberate indifference.  As to the remainder of the allegations, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

49.    Answering paragraph 49, Defendant denies that it had a duty to remove or flag Plaintiff's name from the SORA registry.

50.     Answering paragraph 50, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

51.     Answering paragraph 51, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

52.     Answering paragraph 52, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

53.     Answering paragraph 53, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

54.     Answering paragraph 54, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

55.     Answering paragraph 55, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

56.     Answering paragraph 567, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

57.     Answering paragraph 57, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

58.     Answering paragraph 58, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

59.     Answering paragraph 59, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

60.     Answering paragraph 60, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

61.     Answering paragraph 61, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

62.     Answering paragraph 62, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

63.     Answering paragraph 63, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

64.     Answering paragraph 64, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

65.     Answering paragraph 65, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

66.     Answering paragraph 66, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

67.     Answering paragraph 67, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

68. Answering paragraph 68, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

69. Answering paragraph 69, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

70. Answering paragraph 70, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

71. Answering paragraph 71, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

72. Answering paragraph 72, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

73. Answering paragraph 73, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

74.     Answering paragraph 74, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

75.     Answering paragraph 75, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

76.     Answering paragraph 76, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

77.     Answering paragraph 77, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

78.     Answering paragraph 78, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

79.     Answering paragraph 79, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

80.     Answering paragraph 80, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

81.     Answering paragraph 81, including subparagraphs a-d, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

## CLAIMS
## COUNT I:  42 USC §1983
## FOURTH AMENDMENT – FALSE ARREST
## (<u>LAW ENFORCEMENT DEFENDANTS AND WATCH SYSTEMS</u>)

82.     Defendant hereby restates and incorporates by reference each and every paragraph set forth above, as though fully set forth herein.

83.     Answering paragraph 83, Defendant denies the allegations pertaining to it for the reason the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

84.     Answering paragraph 84, including subparagraphs a-d, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

16

## COUNT II:  42 USC §1983
## FOURTH AMENDMENT – MALICIOUS PROSECUTION
## (LAW ENFORCEMENT DEFENDANTS AND WATCH SYSTEMS)

85.     Defendant hereby restates and incorporates by reference each and every paragraph set forth above, as though fully set forth herein.

86.     Answering paragraph 86, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies same being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

87.     Answering paragraph 87, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies same being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

88.     Answering paragraph 88, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies same being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

89.     Answering paragraph 89, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

90.    Answering paragraph 1, including subparagraphs a-d, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

## COUNT III:  42 USC § 1983
## FOURTEENTH AMENDMENT: SUBSTANTIVE OR PROCEDURAL DUE PROCESS – DEFAMATION CLAIMS
## (<u>LAW ENFORCEMENT AND WATCH SYSTEMS DEFENDANTS</u>)

91.    Defendant hereby restates and incorporates by reference each and every paragraph set forth above, as though fully set forth herein.

92.    Answering paragraph 92, Defendant denies the allegations contained therein for the reason they are untrue.

93.    Answering paragraph 93, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies same being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

94.    Answering paragraph 94, Defendant denies the allegations contained therein for the reason they are untrue.

95.    Answering paragraph 95, including subparagraphs a-d, Defendant denies the allegations pertaining to this Defendant as the same are untrue.

## COUNT IV: 42 USC §1983
## MONTELL CLAIM
## (<u>MUNICIPAL DEFENDANTS AND WATCH SYSTEMS</u>)

18

96.     Defendant hereby restates and incorporates by reference each and every paragraph set forth above, as though fully set forth herein.

97.     Answering paragraph 97, including subparagraphs a-b, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs

98.     Answering paragraph 98, including subparagraphs a-c, Defendant denies the allegations contained therein for the reason they are untrue.

99.     Answering paragraph 99, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies same as pertaining to the other Defendants, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

100.   Answering paragraph 100, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations, Defendant neither admits nor denies same as pertaining to the other Defendants, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

101.   Answering paragraph 101, Defendant denies the allegations pertaining to this Defendant as the same are untrue.  As to the remainder of the allegations,

Defendant neither admits nor denies same as pertaining to the other Defendants, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

102.   Answering paragraph 102, including subparagraphs a-d, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

## COUNT V:  STATE LAW NEGLIGENCE
## (DEFENDANT WATCH SYSTEMS)

103.   Defendant hereby restates and incorporates by reference each and every paragraph set forth above, as though fully set forth herein.

104.   Answering paragraph 104, Defendant denies the allegations contained therein for the reason they are untrue.

105.   Answering paragraph 105, Defendant denies the allegations contained therein for the reason they are untrue.

106.   Answering paragraph 106, Defendant denies the allegations contained therein for the reason they are untrue.

107.   Answering paragraph 107 Defendant denies the allegations contained therein for the reason they are untrue.

108.   Answering paragraph 108 Defendant denies the allegations contained therein for the reason they are untrue.

109.   Answering paragraph 109 Defendant denies the allegations contained therein for the reason they are untrue.

110.   Answering paragraph 110, including subparagraphs a-d, Defendant neither admits nor denies the allegations contained therein, being without sufficient information upon which to form a belief and therefore leaves the Plaintiff to his proofs.

## COUNT VI:  STATE LAW, LEGAL MALPRACTICE
## (LAWYER DEFENDANTS)

111.   Defendant hereby restates and incorporates by reference each and every paragraph set forth above, as though fully set forth herein.

112.   Answering paragraph 112, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

113.   Answering paragraph 113, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

114.   Answering paragraph 114, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

115.    Answering paragraph 115, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

116.    Answering paragraph 116, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

117.    Answering paragraph 117, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

118.    Answering paragraph 118, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

119.    Answering paragraph 119, including subparagraphs a-d, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

120.    Answering paragraph 120, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

121.   Answering paragraph 121, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

122.   Answering paragraph 122, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

123.   Answering paragraph 123, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

124.   Answering paragraph 124, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

125.   Answering paragraph 125, including subparagraphs a-c, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

126.   Answering paragraph 126, Defendant neither admits nor denies the allegations contained therein, as the allegations pertain to the other named Defendants, and therefore leave the Plaintiff to his proofs.

WHEREFORE, Defendant, *WATCH SYSTEMS, LLC*, respectfully requests that this Honorable Court enter a judgment of no cause for action and award attorney fees and costs so wrongfully incurred.

**RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C.**

s/ Dale A. Robinson
By: DALE A. ROBINSON (P55522)
Attorney for Defendant Watch Systems
333 West Fort Street, Ste. 1600
Detroit, MI 48226
(313) 965-6100

Dated: July 13, 2017.


**RESERVATION OF SPECIAL AND/OR AFFIRMATIVE DEFENSES**

NOW COMES Defendant, *WATCH SYSTEMS, LLC*, by and through its attorneys, *RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C.*, and for its Affirmative Defenses to which Defendant demands a reply, states as follows:

This Defendant's investigation and discovery is just commencing and, therefore, Defendant does not know at present all of the following Special and Affirmative Defenses which will be supported by the proofs. Defendant gives notice of its reservation of the following Special and Affirmative Defenses in order to preserve them and avoid waiver of them.

1.     To the extent Plaintiff, Anthony Hart, is shown to be comparatively negligent, Plaintiff's claims may be barred in part based on same.

2.     That the negligence of others and not this Defendant was an intervening and superseding cause of the injuries and/or damages allegedly suffered by Plaintiff, Anthony Hart, herein, so as to defeat any and all claims against this Defendant.

3.     Defendant invokes the Michigan Statute of Frauds, MCLA 566.132, Section 2(g), as barring any and all claims with respect to breach of express and/or implied contract or warranty of care.

4.     Plaintiff's Complaint does not state a claim upon which relief can be granted as to this Defendant. Defendant will seek dismissal pursuant to F.R.Civ.P. 12(b)(6).

5.     Plaintiff's claims may be barred by prior release, arbitration agreement, settlement, statute, statute of limitations or waiver.

6.     That Plaintiff's Complaint is inadequate, legally insufficient and defective, in that it pleads conclusions and generalities and fails to pled with the requisite specificity the applicable duty, breach and causation as to this Defendant, and the precise manner in which your Defendants allegedly deviated therefrom and caused Plaintiff's damages.

7.     That the instant action may be barred by the applicable Statute of Limitations as to each Count in Plaintiff's Complaint, including but not limited to MCL 600.5805(1), (7), (9) and (10).  Defendant hereby informs the Plaintiff that it will seek summary judgment pursuant to F.R.Civ.P 56 at the appropriate time.

8.     Plaintiff is not the real party in interest for any medical bills or other costs that Plaintiff, Anthony Hart, has sustained which may have been paid by any health care plan or hospitalization carrier or other entity which is contractually subrogated to Plaintiff's right of recovery.

9.     Plaintiff's claim for recovery for excess expenses which were paid or are payable in whole or in part by a collateral source is barred by virtue of MCL 600.6303 and further limited to the paid amount, if recoverable.

10.     That your Defendant asserts that it is entitled to all applicable set-offs, including all prior or subsequent settlements and the apportionment of fault under Michigan law.

11.     To the extent discovery reveals additional parties at fault, your Defendant respectfully reserves the right to identify those non-parties at fault pursuant to the applicable statute, MCL 600.2957 and MCL 600.6304.

12.     To the extent that discovery reveals no act, omission or conduct of your Defendant was a proximate cause of Plaintiff's damages (if any), your Defendant reserves the right to bring a motion for summary judgment based upon a

lack of evidence sufficient to establish that your Defendant's acts, omissions or conduct was a proximate cause of Plaintiff's damages, thereby barring Plaintiff from any recovery from your Defendant.

13.     That any decision in this matter must take into effect the comparative fault of Plaintiff, Anthony Hart, and all Defendants and third party defendants and in allocating damages, the comparative contribution of all Defendants and third party defendants must be considered in apportionment of damages among all parties to this litigation.

14.     That Defendant did not owe a duty to Plaintiff as it relates to the maintenance or removal of his name from the SORA.

15.     That the Michigan State Police and/or their agents only, were responsible for the input of names into the SORA and the removal of same pursuant to MCL 28.728.

16.     That Defendant did not arrest or cause Plaintiff to be arrested by their provision of a database for the Michigan State Police to input and maintain names for the SORA, pursuant to Michigan law.

17.     That Defendant did not prosecute Plaintiff or cause him to be prosecuted by providing a program to the Michigan State Police to input and maintain names for the SORA, pursuant to Michigan law

18.     That Defendant did not violate Plaintiff's due process by providing the Michigan State Police a program to input and maintain the names for the SORA, pursuant to Michigan law.

19.     That Defendant is not a governmental, State or municipal actor or entity.

20.     That Defendant did not have a duty to remove names from the SORA, as this was solely the responsibility of the Michigan State Police and its agents who established the database by inputting the names of offenders required to register with SORA.

21.     That Defendant did not owe any duties to Plaintiff in providing the Michigan State Police with a program to input and maintain names for the SORA.

22.     That Defendant did not provide the Michigan State Police a program to input and maintain names for the SORA until one year after the change in MCL §28.721, et seq.

23.     That Defendant did not publish Plaintiff's name in the SORA, the Michigan State Police inputted and published his name.

24.     47 USC §230, et seq., shields Defendant from liability as the hosting platform.

25.     MCL §28.728(d) absolves Defendant of liability as Plaintiff did not petition for removal of his name from the SORA, as required by statute.

26.    Defendant has no duty to train or supervise law enforcement officers in executing their duties, including but not limited to obtaining warrants, investigating crimes, detaining suspects or conducting arrests.

27.    There is no continuing wrongful act in this case by this Defendant.

28.    There is no evidence Defendant acted with malice or knowledge of falsity.

29.    Defendant is shielded from liability for the Michigan State Police or its agents' incorrect inputting of data, by contract.

30.    Defendant may be entitled to governmental and/or qualified immunity.

31.    Any alleged negligence in including Plaintiff's name in the SORA after the July 1, 2011 Amendment to MCL §28.728 occurred more than a year prior to the contract between Defendant and the State of Michigan to provide a program for the inputting and maintenance of a SORA and, therefore, was the negligence of someone other than your Defendant.

32.    Pursuant to MCL 28.278(9), only the State Police can make a determination that a name is to be removed from the SORA.

33.    The accrual date for any alleged negligence or other tort or statutory claim by Plaintiff against this Defendant is November 15, 2012; therefore, all of Plaintiff's claims are time barred.

29

34.     The accrual date for any alleged negligence or other tort or statutory claim by Plaintiff against this Defendant is July 1, 2011; therefore, all of Plaintiff's claims are time barred.

35.     Defendant's program was not designed, marketed or intended to exclude names based on Michigan law, but was rather a template for the Michigan state Police to input names of individuals whom they determined, at their sole discretion, should be inputted into the SORA pursuant to Michigan law, applicable at the time of input.

36.     Defendant hereby incorporates by reference each and every other affirmative defense and/or special defenses filed by any of the other Defendants hereto.

Defendant reserves the right to file additional affirmative defenses as same may become known throughout the course of investigation and discovery.

**RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C.**

<u>s/ Dale A. Robinson</u>
By: DALE A. ROBINSON (P55522)
Attorney for Defendant Watch Systems
333 West Fort Street, Ste. 1600
Detroit, MI  48226
(313) 965-6100

Dated:  July 13, 2017.

## RELIANCE ON JURY DEMAND

NOW COME Defendant, *WATCH SYSTEMS, LLC*, by and through its attorneys, *RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C.,* and hereby relies upon the jury demand previously filed in this matter.

**RUTLEDGE, MANION, RABAUT,**
**TERRY & THOMAS, P.C.**

s/ Dale A. Robinson
By: DALE A. ROBINSON (P55522)
Attorney for Defendant Watch Systems
333 West Fort Street, Ste. 1600
Detroit, MI  48226
(313) 965-6100

Dated:  July 13, 2017.

## CERTIFICATE OF SERVICE

I, Linda S. Haller, hereby certify and say that I am employed by the law firm of RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C., and that on the 13th day of July, 2017, I electronically filed the foregoing paper with the Clerk of the Court using e-filing system which will send notification of such filing to all counsel of record.

I declare that the statements above are true to the best of my information, knowledge and belief.

s/ Linda S. Haller
