UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HART,

               Plaintiff,

-vs-

HILLSDALE COUNTY, a Municipal Corporation;
AGENTS CHRISTINE WAHTOLA, KWINN LEVA,
and LT. TIMOTHY PARKER; CITY OF HILLSDALE,
OFFICER SHELBY RATHBUN and OFFICER TODD
HOLTZ; MICHIGAN STATE POLICE ANALYSTS
MELISSA MARINOFF and  MARCI KELLEY, in their
individual capacities, and WATCH SYSTEMS, L.L.C.,
a Louisiana corporation, all jointly and severally,

               Defendants.

Case No.  16-cv-10253
Hon. Denise Page Hood
Mag. Judge Elizabeth A. Stafford

---

GOODMAN AND HURWITZ, P.C.
WILLIAM H. GOODMAN  P14173
JULIE H. HURWITZ  P34720
KATHRYN BRUNER JAMES  P71374
HUWAIDA ARRAF (NY#4707220)
Counsel for Plaintiff
1394 E. Jefferson Avenue
Detroit, MI  48207
Ph. (313) 567-6170   Fax (313) 567-4827
mail@goodmanhurwitz.com


STEVEN T. BUDAJ, P.C.
STEVEN T. BUDAJ  (P30154)
Counsel for Plaintiff
400 Monroe Street, Suite 490
Detroit, MI  48226
Ph. (313) 963-9330
stbudaj@counsel.cc

VANDEVEER GARZIA, P.C.
ROGER A. SMITH (P27722)
Counsel for Defendants City of Hillsdale,
Officer Rathbun and Officer Holtz
840 West Long Lake Road, Suite 600
Troy, MI 48098
Ph. (248) 312-2800  Fax (248) 879-0042
rsmith@vgpclaw.com



MICHIGAN ATTORNEY GENERAL
JAMES T. FARRELL (P35400)
SARA TRUDGEON (P82155)
CORI E. BARKMAN (P61470)
Counsel for Defendants Marci Kelly
and Melissa Marinoff
PO Box 30736
Lansing, MI 48909
Ph. (517) 373-6434
farrellj@michigan.gov
trudgeons@michigan.gov
barkmanc@michigan.gov

**DEFENDANTS CITY OF HILLSDALE, OFFICER SHELBY RATHBUN AND OFFICER
TODD HOLTZ'S ANSWER TO SECOND AMENDED COMPLAINT, NOTICE OF
SPECIAL AND/OR AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

RUTLEDGE, MANION, RABOUT, TERRY
& THOMAS, P.C.
DALE A. ROBINSON  (P55522)
Counsel for Defendant Watch Systems
300 River Place Drive, Suite 1400
Detroit, MI  48207
Ph. (313) 965-6100
drobinson@rmrtt.com

ROSATI SCHULTZ JOPPICH &
AMTSBEUTCHLER
JAMES L. DYER (P32544)
ANDREW J. BREGE (P71474)
Attorney for Defendants Hillsdale
County, Christine Wahtola, Kwinn Leva
and Lt. Timothy Parker
822 Centennial Way, Suite 270
Lansing, MI 48917
Ph. (517) 886-3800
jdyer@jrsjlaw.com
abrege@jrsjlaw.com

---

**DEFENDANTS CITY OF HILLSDALE, OFFICER SHELBY RATHBUN AND OFFICER
TODD HOLTZ'S ANSWER TO SECOND AMENDED COMPLAINT, NOTICE OF
SPECIAL AND/OR AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND**

NOW COME Defendants, CITY OF HILLSDALE, OFFICER SHELBY RATHBUN,

AND OFFICER TODD HOLTZ, by and through their attorneys, VANDEVEER GARZIA,

P.C., and in response to Plaintiff's Second Amended Complaint dated April 3, 2018, state

as follows:

<u>PRELIMINARY STATEMENT</u>

1.      Your Defendants deny engaging in any actions and/or conduct which could

be reasonably interpreted to represent violations of any rights, privileges, and/or

immunities enjoyed by the Plaintiff, deny that their actions were the direct and/or

proximate cause of any of the alleged damages sustained herein, and as to the balance

of the allegations contained within this paragraph, same are neither admitted nor denied

for lack of sufficient information upon which to form a belief as to the truth of the

allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

2.      The allegations contained within this paragraph as they relate to these

Defendants are denied as being untrue, and as to the balance of the allegations contained

within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

3.      The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

4.      The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

5.      The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

6.      The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>JURISDICTION</u>

7.      The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

8.      The allegations contained within this paragraph are neither admitted nor

denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

9.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>VENUE</u>

10.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>JURY DEMAND</u>

11.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>PARTIES</u>

12.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

13.     The allegations contained within this paragraph are admitted.

14.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

15.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

16.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

17.     The allegations contained within this paragraph as they relate to these Defendants are admitted and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

18.     The allegations contained within this paragraph are admitted.

19.     The allegations contained within this paragraph are admitted.

20.     The allegations contained within this paragraph are admitted.

21.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

22.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

23.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

24.     The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient

information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

25. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

26. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

FACTS

27. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

28. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

29. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

30. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

31. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

32.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

33.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

34.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

35.     Defendant City of Hillsdale denies engaging in any unreasonable conduct, denies violating any applicable duties, denies that its actions were the direct and/or proximate cause of any of the alleged damages sustained herein to the extent Plaintiff alleges the status of a registering authority applies to Defendant City of Hillsdale, that allegation is denied, and as to the balance of the allegations contained within this paragraph and as they relate to Defendant City of Hillsdale, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

36.     The allegations contained within this paragraph as they relate to the Hillsdale Police Department as operating or functioning as a "local registering authority" are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

37.     The allegations contained within this paragraph are neither admitted nor

denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

38.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

39.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

40.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

41.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

42.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

43.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

44.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

45.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

46.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

47.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

48.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

49.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

50.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

51.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

52.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

53.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

54.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

55.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

56.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

57.     To the extent that the allegations contained within this paragraph relate to Defendant City of Hillsdale and any suggestion/implication that it functioned, legally and/or factually, as a local registering authority, same are denied, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

58.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

59.     The allegations contained within this paragraph as they relate to Defendant Rathbun are admitted and as they relate to Defendant Holtz are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither

admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

60. The allegations contained within this paragraph are admitted.

61. The allegations contained within this paragraph suggesting that Plaintiff voluntarily appeared at the Hillsdale Police Department are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs, however, it is admitted that Defendant Rathbun was informed that Plaintiff was present at the Hillsdale County Sheriff's Office and that probable cause existed for his arrest and Defendant Rathbun then proceeded to the Hillsdale County Sheriff's Office reasonably relying upon information conveyed to her by a fellow law enforcement officer and placed Plaintiff under arrest. It is denied that Defendant Holtz was involved with the arrest and both Defendants Rathbun and Holtz deny that they engaged in any conduct with deliberate indifference and/or reckless disregard for the truth. To the extent that the balance of the allegations contained within this paragraph are inconsistent with these responses, then same are denied as being untrue.

62. Defendant Rathbun admits seeking a warrant based upon Plaintiff's failure to verify his address and change his address pursuant to statutory obligations that she was informed by a fellow law enforcement officer Plaintiff had violated, Defendant Holtz denies the allegations contained within this paragraph as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

63.     To the extent that the allegations contained within this paragraph imply and/or suggest that these Defendants engaged in any actionable conduct, deliberate indifference, and/or reckless disregard for the truth, same are denied as being untrue.  In fact, the warrant request by Defendant Rathbun was made in good faith, based upon factual information conveyed by a fellow law enforcement officer and with a sincere belief that probable cause existed for its issuance.  With respect to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

64.     Your Defendants deny engaging in any intentional and/or deliberate misrepresentation or conveyance of false information, deny that they acted or were guided by any reckless disregard for the truth, and affirmatively state that their actions were the product of good faith, based upon information provided by others, and with the underlying assumption that probable cause existed for the request.  As to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

65.     The allegations contained within this paragraph as they relate to Defendant Rathbun are admitted and as to the balance the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

66.     While neither admitting nor denying the allegations contained within this paragraph, your Defendants will rely upon the actual records alluded to which records

speak for themselves.

67.     With respect to the allegations, suggestion, and/or implications relating to various documents and/or statute references, your Defendants rely upon such documents and/or statutes as written inasmuch as they speak for themselves, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

68.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs, however, your Defendants affirmatively suggest that any representation and/or advice provided to Plaintiff as alleged would act as a superseding and/or intervening event eliminating any causal connection between the acts and/or conduct of these defendants and any harm/damages incurred or suffered by the Plaintiff.

69.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

70.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

71.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

72.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

73.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

74.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

75.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

76.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

77.      The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

78.     These Defendants deny that they were negligent in the premises, deny that they engaged in any conduct which could be reasonably characterized as grossly negligent, deny that they displayed any deliberate indifference toward the Plaintiff or others, deny that their actions were the direct and/or proximate cause of any of the alleged damages sustained herein, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon

which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>CLAIMS</u>
<u>COUNT I:   42 U.S.C. §1983 FOURTH AMENDMENT-FALSE ARREST</u>
<u>(LAW ENFORCEMENT DEFENDANTS AND WATCH SYSTEMS)</u>

79.    Your Defendants repeat and incorporate by reference herein each of their answers to all preceding paragraphs contained with the Plaintiff's Second Amended Complaint as if set forth herein word for word and paragraph for paragraph.

80.    The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

81.    These Defendants deny that they were negligent in the premises, deny that they engaged in any conduct which could be reasonably characterized as grossly negligent, deny that they displayed any deliberate indifference toward the Plaintiff or others, deny that their actions were the direct and/or proximate cause of any of the alleged damages sustained herein, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>COUNT II</u>
<u>42 U.S.C. §1983</u>
<u>FOURTH AMENDMENT – MALICIOUS PROSECUTION</u>
<u>(LAW ENFORCEMENT DEFENDANTS AND WATCH SYSTEMS)</u>

82.    Your Defendants repeat and incorporate by reference herein each of their

answers to all preceding paragraphs contained within the Plaintiff's Second Amended Complaint as if set forth herein word for word and paragraph for paragraph.

83.     The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

84.     The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

85.     The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

86.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

87.     These Defendants deny that they were negligent in the premises, deny that they engaged in any conduct which could be reasonably characterized as grossly negligent, deny that they displayed any deliberate indifference toward the Plaintiff or others, deny that their actions were the direct and/or proximate cause of any of the alleged

damages sustained herein, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>COUNT III</u>
<u>42 U.S.C §1983</u>
<u>FOURTEENTH AMENDEMENT SUBSTANTIVE OR PROCEDURAL DUE
PROCESS—DEFAMATION CLAIM</u>
<u>(LAW ENFORCEMENT AND WATCH SYSTEMS DEFENDANTS)</u>

88.    Your Defendants repeat and incorporate by reference herein each of their answers to all preceding paragraphs contained within the Plaintiff's Second Amended Complaint as if set forth herein word for word and paragraph for paragraph.

89.    The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

90.    The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

91.    The allegations contained within this paragraph as they relate to these Defendants are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient

information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

92.     To the extent that the allegations contained within this paragraph related to these Defendants and their conduct and/or actions, same are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>COUNT IV</u>
<u>42 U.S.C. §1983</u>
<u>MONELL CLAIM</u>
<u>(MUNICIPAL DEFENDANTS AND WATCH SYSTEMS)</u>

93.     Your Defendants repeat and incorporate by reference herein each of their answers to all preceding paragraphs contained within the Plaintiff's Second Amended Complaint as if set forth herein word for word and paragraph for paragraph.

94.     The allegations contained within this paragraph as they relate to this Defendant are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

95.     The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

96.     The allegations contained within this paragraph as they relate to Defendant City are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information

upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

97.     The allegations contained within this paragraph as they relate to Defendant City are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

98.     The allegations contained within this paragraph as they relate to Defendant City are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

99.     The allegations contained within this paragraph as they relate to Defendant City are denied as being untrue and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

COUNT V
STATE LAW NEGLIGENCE
(DEFENDANT WATCH SYSTEMS)

100.    Your Defendants repeat and incorporate by reference herein each of their answers to all preceding paragraphs contained within the Plaintiff's Second Amended Complaint as if set forth herein word for word and paragraph for paragraph.

101.    The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the

allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

102.   The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

103.   The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

104.   The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

105.   The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

106.   To the extent that the allegations contained within this paragraph implicate the actions and/or conduct of these Defendants, same are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

107.   To the extent that the allegations contained within this paragraph implicate the actions and/or conduct of these Defendants, same are denied as being untrue, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

<u>RELIEF REQUESTED</u>

WHEREFORE, it is prayed that this Honorable Court will enter a judgment of no cause for action in favor of these Defendants and against the Plaintiff together with costs and attorney fees wrongfully sustained.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

BY:   <u>/s/ *Roger A. Smith*</u>
        ROGER A. SMITH (P27722)
        ASHLEY A. SLAGHT (P79211)
        Attorneys for Defendant
        840 West Long Lake Road, Suite 600
        Troy, MI 48098
Dated:  December 3, 2020    (248) 312-2800

**NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES**

NOW COME the Defendants, CITY OF HILLSDALE, OFFICER SHELBY RATHBUN, and OFFICER TODD HOLTZ, by and through their attorneys, VANDEVEER GARZIA, P.C., and in further response to Plaintiff's *Second Amended Complaint* dated April 3, 2018, state as follows:

1.    The Plaintiff has failed to state a claim upon which relief can be granted against these Defendants and absent a satisfactory amendment of his Complaint to include plausible allegations of constitutional deprivations and/or liability against these Defendants as required under the Federal Rules of Civil Procedure and/or decided case law, your Defendants reserve the right to move for dismissal and/or summary judgment.

2. These Defendants cannot be jointly and severally liable under Michigan state law.

3. These individual Defendants are entitled to qualified immunity.

4. Based upon the allegations pled in Plaintiff's *Second Amended Complaint,* the applicable venue rules, and these Defendants' understanding of the applicable facts, this matter has been improperly filed/assigned to the United States District Court for the Eastern District of Michigan and should be transferred to the United State District Court for the Western District of Michigan.

5. That all or a portion of Plaintiff's claims may be barred by the applicable Statute of Limitations.

6. The sole proximate cause of any of the damages sustained herein is directly attributable to the unreasonable actions, conduct, and/or behavior of the Plaintiff and will serve to bar and/or reduce any damages to which the Plaintiff may otherwise be entitled to recover.

7. Plaintiff's claims for non-economic damages are barred by MCLA 600.2959 because the Plaintiff's fault is greater than the aggregate fault of the other person or persons that contributed to Plaintiff's damages, whether or not parties to this action.

8. Plaintiff has failed to mitigate his damages.

9. All or a portion of Plaintiff's implied and/or expressed state claims are barred by immunity granted by law pursuant to MCLA 691.1407 et seq.

10. Some or all of Plaintiff's claims are barred by the doctrine of collateral and/or judicial estoppel.

11. The actions of these Defendants as pled and/or as existed were not the proximate and/or competent cause of any of Plaintiff's damages sustained herein

inasmuch as the Plaintiff's own actions and/or the actions of others, including the attorney(s) who represented the Plaintiff at all critical stages of the underlying factual progression as they relate to these Defendants and the advice and/or counsel and Plaintiff's decision to accept same functions as a superseding and/or intervening cause of any harm/damages sustained by the Plaintiff thus breaking any chain of connection between these Defendants' actions and/or conduct and Plaintiff's claimed harm/damages.

12.     All of the actions of these Defendants were undertaken in the honest, good faith, reasonable, and realistic belief that they were justified and were done solely for the purpose of investigating and/or flowing from the consequences of an abhorrent crime and to bring the offender to justice and not out of any animosity, ill will, deliberate indifference, or malice toward the Plaintiff or for any other improper purpose.

13.     To the extent Plaintiff has attempted to assert a cause of action against these Defendants for "gross negligence", that claim fails to state a cause of action cognizable under Michigan law.

14.     The actions of these Defendants were based on probable cause and, are therefore, privileged.

15.     These Defendants acted in good faith and fairly disclosed all of the facts within their knowledge to the intervening magistrate, prosecuting attorney, appropriate courts and/or involved attorneys and, therefore, any decisions reached thereafter to authorize warrants, prosecute and/or bind Plaintiff over for Trial resulted solely from the independent exercise of judgment and discretion on the part of these other individuals.

16.     To the extent Plaintiff's claims are based upon these Defendants' testimony, they are barred by absolute witness immunity.

17.     Plaintiff's claims may be barred by the Doctrine of Res Judicata.

18.     Plaintiff's claims may be barred by the Doctrine of Laches.

19.     Plaintiff's claims may be barred by the wrongful conduct rule.

20.     Any statements, information, and/or publications attributable to these Defendants are subject to privilege and/or qualified privilege and did not contain any knowing falsehoods nor did these Defendants proceed with reckless disregard as to the existence of any falsehoods.

21.     Plaintiff's guilty pleas as set forth in Plaintiff's *Second Amended Complaint* eliminate any viable or plausible claims of constitutional deprivations against these Defendants.

22.     Liability under §1983 cannot be premised on a Respondeat Superior theory.

23.     Plaintiff's claims against the Municipal Defendants fail to satisfy the standards set forth in *Monell v Department of Social Services, Canton v Harris,* and their progeny.

24.     At all times relevant herein, Defendants reasonably concluded the presence of probable cause.

25.     Your Defendants incorporate herein by reference those affirmative defenses and objections pled by the Co-Defendants.

Your Defendants reserve the right to raise and/or plead any other special and/or affirmative defenses which may become known or warranted during the course of

subsequent discovery.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

BY:     /s/ *Roger A. Smith*
        ROGER A. SMITH (P27722)
        ASHLEY A. SLAGHT (P79211)
        Attorneys for Defendant
        840 West Long Lake Road, Suite 600
        Troy, MI 48098
Dated:  December 3, 2020       (248) 312-2800

## RELIANCE ON PLAINTIFF'S DEMAND FOR JURY TRIAL

NOW COME the Defendants, CITY OF HILLSDALE, OFFICER SHELBY RATHBUN, and OFFICER TODD HOLTZ, by and through their attorneys, VANDEVEER GARZIA, P.C., and hereby rely upon Plaintiff's Demand for Jury Trial filed in this matter on April 3, 2018.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

BY:     /s/ *Roger A. Smith*
        ROGER A. SMITH (P27722)
        ASHLEY A. SLAGHT (P79211)
        Attorneys for Defendant
        840 West Long Lake Road, Suite 600
        Troy, MI 48098
Dated:  December 3, 2020       (248) 312-2800

**PROOF OF SERVICE**

Tamara L. Gauthier-Cecil, on behalf of the Law Firm of Vandeveer Garzia, P.C., hereby certifies that on December 3, 2020, she served copies of *Defendants City of Hillsdale, Officer Shelby Rathbun, and Officer Todd Holtz's Answer to Second Amended Complaint, Notice of Special and/or Affirmative Defenses, and Reliance on Plaintiff's Jury Demand* on all counsel of record via the CM/ECF System utilized by the United States District Court, Eastern District of Michigan.

/s/ *Tamara L. Gauthier-Cecil*
Tamara L. Gauthier-Cecil
Legal Assistant