**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY HART,
        Plaintiff,
v.

HILLSDALE COUNTY, a Municipal Corporation;
CHRISTINE WAHTOLA, KWINN LEVA, and LT.
TIMOTHY PARKER; in their individual capacities;
CITY OF HILLSDALE, a Municipal Corporation;
OFFICERS SHELBY RATHBUN and TODD HOLTZ, in
their individual capacities; WATCH SYSTEMS, L.L.C., a
Louisiana Corporation; and MICHIGAN STATE POLICE
ANALYSTS MELISSA MARINOFF and MARCI
KELLEY, in their individual and/or official capacities,
all jointly and severally,
        Defendants.

Case No: 16-cv-10253
Honorable: Denise Page Hood
Magistrate: Elizabeth A. Stafford

---

**Goodman Hurwitz & James, P.C.**
William H. Goodman (P14173)
Kathryn Bruner James (P71374)
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
mail@goodmanhurwitz.com

**Steven T. Budaj, P.C.**
Steven T. Budaj (P30154)
400 Monroe Street, Suite 490
Detroit, MI 48226
(313) 963-9330 voice
(313) 963-9185 fax
stbudaj@counsel.cc

*Attorneys for Plaintiff*

**Vandeveer Garzia, PC**
Roger A. Smith (P27722)
840 W. Long Lake Rd., Ste 600
Troy, MI 48098
(248) 312-2900/Fax (248) 879-0042
rsmith@vgpclaw.com
*Attorneys for Defendants City of
Hillsdale, Rathbun & Holtz*

**Rosati, Schultz, Joppich & Amtsbuetchler, P.C.**
Andrew J. Brege (P71474)
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@jrsjlaw.com
*Attorneys for Defendants Hillsdale County, Wahtola, Leva & Parker*

| | |
|---|---|
| **Rutledge, Manion, Rabout,** | **Attorney General's Office** |
| **Terry & Thomas, P.C.** | James T. Farrell (P35400) |
| Dale A. Robinson (P55522) | Sara Trudgeon (P82155) |
| 300 River Place Drive, Ste. 1400 | Cori E. Barkman (P61470) |
| Detroit, MI 48207 | P.O. Box 30736 |
| (313) 965-6100 | Lansing, MI 48933 |
| drobinson@rmrtt.com | (517) 373-6434 |
| *Attorneys for Defendant Watch Systems* | farrellj@michigan.gov |
| | trudgeons@michigan.gov |
| | barkmanc@michigan.gov |
| | *Attorneys for Defendants* |
| | *Marinoff and Kelly* |

_____/

## JOINT STATUS CONFERENCE REPORT AND PROPOSED SCHEDULING ORDER

**Rule 26(f) Meeting**. Pursuant to Fed. R. Civ. P. 26(f), the parties, by and through their attorneys, specifically, Steven T. Budaj, William Goodman, Kathryn Bruner James, counsel for Plaintiff; and Roger A. Smith, counsel for Defendants, City of Hillsdale, Rathbun & Holtz; Andrew J. Brege, counsel for Defendants Hillsdale County, Wahtola, Leva & Parker; Dale A. Robinson, counsel for Defendant Watch Systems; and, James Farrell and Sara Trudgeon, counsel for Defendants Marinoff and Kelly, conferred by telephone on December 4, 2020, regarding the Rule 26(f) Plan. A Telephonic Scheduling Conference is scheduled for December 14, 2020 at 10:00am before Hon. Denise Page Hood.

1. **JURISDICTION:**

**Plaintiff's position on jurisdiction:** This court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 (3) and (4), declaratory claims are authorized by 29 U.S.C. §§3302 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). This is a federal action arising under the Fourth and Fourteenth Amendments to the United States Constitution and brought pursuant to 42 U.S.C. §1983.

**Defendants' position on jurisdiction:**

Defendant Watch Systems does not contest Plaintiff's statement of jurisdiction being appropriate in this Court.

Marci Kelley and Melissa Marinoff: The district court has subject-matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343 because Plaintiff alleged a constitutional violation in his Second Amended Complaint. However, Kelley and Marinoff question whether they are proper parties to this action because the trial court's order reinstating them as defendants occurred after notices of appeal had been filed, and, therefore, the trial court did not have jurisdiction over the case when it

2

entered the order reinstating Kelley and Marinoff. And, assuming, *arguendo*, that Kelley and Marinoff were properly reinstated as defendants, they object to venue being in the Eastern District of Michigan for the reasons set forth in their Motion to Dismiss based on Improper Venue.

Defendants Hillsdale County, Parker, Wahtola, and Leva do not contest jurisdiction, but concur in the relief sought by co-Defendants Kelley and Marinoff regarding proper venue.

City of Hillsdale Defendants (comprised of City of Hillsdale, Officer Shelby Rathbun, and Officer Todd Holtz) acknowledge that this court has jurisdiction over the claims presented.

2. **JURY**: This case will be tried to a jury.

3. **JUDICIAL AVAILABILITY**: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, nor to order the entry of final judgment.

4. **GEOGRAPHIC TRANSFER**: The parties agree that the action is properly assigned and should not be transferred, except for Defendants Melissa Marinoff and Marci Kelly, who seek a change in venue to the Western District.

Defendants Hillsdale County, Parker, Wahtola, and Leva concur in the relief sought by co-Defendants Kelley and Marinoff regarding proper venue, as venue in the Eastern District is inappropriate and/or more convenient in the Western District.

Marci Kelley and Melissa Marinoff: They do not believe that all parties agree that the E.D. of Michigan is a proper venue.

5. **STATEMENT OF THE CASE**:

**Plaintiff**: For years, Plaintiff Anthony Hart was wrongfully deprived of his personal freedoms—harassed, repeatedly arrested, prosecuted, and jailed for nearly two years, due largely to the actions of Defendants herein. Defendant Officers Christine Wahtola, Kwinn Leva, Shelby Rathbun, Todd Holtz, and Timothy Parker acted deliberately and/or with reckless disregard for the truth in supplying and/or propagating false information which caused Plaintiff's arrest and prosecution. The actions of these officers violated Plaintiff's clearly established constitutional rights, depriving him of his right to liberty for over four years, 17 months of which Plaintiff spent unlawfully incarcerated.

Defendants Hillsdale County and City of Hillsdale, with deliberate indifference to the rights of Plaintiff and other individuals whose names are or were listed on the Sex Offenders Registry (hereinafter "SOR" or "registry"), failed to adequately train and supervise its officers in handling, investigating, and processing matters involving Michigan's SORA—MCL § 28.721 *et seq.*, causing the violation of Plaintiff's rights.

3

Defendants Timothy Parker, Christine Wahtola, Kwinn Leva, Shelby Rathbun and Todd Holtz (hereinafter, collectively, "Defendant Officers") acted unreasonably in deliberately, or with reckless disregard for the truth, supplying and/or propagating false information that resulted in Plaintiff's arrests, prosecutions, and convictions. The actions of these officers, and of other defendants, violated Plaintiff's clearly established constitutional rights.

Defendants Marinoff and/or Kelley asserted falsehoods thereby demonstrating reckless disregard for the truth; and (2) this false information was material to the claimed probable cause that formed the basis for the false arrest of the Plaintiff. Defendants "deliberately, maliciously, or with reckless disregard for the truth, falsely attested that Hart was required to register on a semi-annual basis from August 3, 2001 through February 20, 2054—a duration that did not even exist under the pre-or post-2011 amendment SORA." Defendants attestation was then used to establish probable cause to arrest and prosecute Plaintiff, which resulted in wrongly depriving him of his liberty for 17 months.

Defendant WATCH SYSTEMS, a contractor of the Michigan State Police, jointly participated with State and/or local officials to create, service, update, train, and maintain the State of Michigan's Sex Offender Registry, as mandated by the Sex Offender Registration Act. As a result, Defendant WATCH SYSTEMS falsely designated, and/or failed to correct false designations of certain persons, in particular the Plaintiff herein, who were allegedly required to register or else face arrest, criminal charges and prosecution. While under contract with the State of Michigan, Michigan Department of State Police, Defendant WATCH SYSTEMS negligently, grossly negligently and/or with deliberate indifference, created, maintained and/or operated the SOR software, such that Plaintiff ANTHONY HART was never flagged for removal from the Michigan SOR. He thus remained on the public registry long-after the 2011 Amendment to SORA had taken effect, which required the Michigan State Police to remove him from the registry. This resulted in Plaintiff's false arrest, malicious prosecution, and violations of procedural and substantive due process.

**Defendants, City of Hillsdale, Rathbun & Holtz:**
In 2001, Plaintiff was adjudicated in Hillsdale County Juvenile Court on a violation of MCL 750.520(e), 4th degree criminal sexual conduct. Following his conviction, he was then designated as a "Tier II" sex offender which required him, among other things, to report and register his address bi-annually for 25 years. The Michigan Sex Offender Registration Act was amended, effective July 1, 2011, and Tier II offenders who had been adjudicated as juveniles were no longer required or expected to register. The names of these offenders were to be removed from the Sex Offender Registry by the Michigan State Police whose employees were also responsible for maintaining the registry. However, it appears that no action to remove Plaintiff's name from the registry was taken.

In January 2014, Defendant Rathbun was summoned to the Hillsdale County Sheriff's Office by Lt. Timothy Parker to arrest Plaintiff who had appeared at the Sheriff's Office for failing to verify his address and change his address pursuant to his conviction. Officer Rathbun, in

4

reasonable reliance upon information conveyed to her by a fellow law enforcement officer, proceeded to walk the Plaintiff through the Sally Port to the Hillsdale County Jail, filled out a booking sheet, and turned Plaintiff over to corrections for further processing. On that date, she also filled out a Warrant Request & Disposition form and submitted it to the Hillsdale County Prosecutor's Office for review.

The prosecutor's office then presumably discharged its professional responsibilities by independently reviewing and analyzing the request and issuing warrants.

Thereafter, on February 6, 2014, Officer Rathbun completed a Request for Certified Records (Sex Offender Registration) and faxed it to the Michigan State Police indicating that the documents were requested in conjunction with potential issuance of a warrant.

On February 10, 2014, by way of fax transmission, Stella J. Cabrera of the Michigan State Police forwarded to Officer Rathbun a certified true copy of the "Sex Offender Registration" relative to the Plaintiff. That document was then dutifully shared with the Hillsdale County Prosecutor's Office and, presumably, the Plaintiff's then criminal defense attorney and court officials.

According to the available court records, Plaintiff eventually pled guilty to the felony of failure to register and on March 17, 2014 was sentenced to incarceration in state prison. It is presumed that in the interim, a pre-sentence investigation was performed by the court, the Hillsdale County Prosecutor's Office, Plaintiff's criminal defense attorney, and others.

These Defendants deny any actions and/or conduct which could be reasonably interpreted to represent violations of any rights, privileges, and/or immunities enjoyed by the Plaintiff, further assert that their conduct and/or actions were not the direct and/or proximate cause of any of Plaintiff's damages and were undertaken in the honest, good faith, reasonable, and realistic belief that they were factually and legally justified and were done solely for the purpose of investigating and/or flowing from consequences of a crime supported by probable cause and to bring an offender to justice and not out of any animosity, ill will, deliberate indifference, negligence, recklessness, gross negligence, and/or malice toward the Plaintiff.

**Defendants Hillsdale County, Wahtola, Leva & Parker:**

Defendants Hillsdale County, Parker, Wahtola, and Leva incorporate their Answer to Plaintiff's Second Amended Complaint, together with their previously filed briefs regarding liability in this matter. The facts will establish that these Defendants did not violate any clearly established constitutional right of which a reasonable official would have known, and that none of these Defendants was the proximate, legal, or factual cause of Plaintiff's alleged injuries. These Defendants do not maintain the SOR. These Defendants did not cause Plaintiff to verify his registration requirements in 2012. These Defendants did not force Plaintiff to continue to register from 2011 through 2013. These Defendants did not cause Plaintiff to plead guilty to the failure to register charges in 2013 or 2014. Plaintiff's alleged injuries were caused, in whole or in part, by

5

his own actions and the actions of others, in particular the failure of his own criminal defense attorney. Defendants anticipate summary judgment will be granted after the completion of discovery.

**Defendant Watch Systems**

Defendant Watch Systems was contracted by the State of Michigan to design a software system to register sex offenders. In addition to designing it, they would maintain it and host the data. Watch Systems was not involved, nor did they at any point in time have access rights to the inputting or editing of the names on the registry. Further, as a software designer, Defendant Watch Systems could not be deliberately indifferent to the rights of the Plaintiff, nor could they have violated any of his constitutional rights as set forth in Plaintiff's Complaint as they had no active role in inputting names in the system. Further, since Watch Systems did not provide the names to be inputted into the software, nor did they input the names, they could not have defamed the Plaintiff by publishing his name. In addition, the software system created by Defendant Watch Systems was merely the repository of information provided by the Michigan State Police and other State and municipal authorities without any active involvement in the input, retention or editing of the sex offenders list. Lastly, upon initial launch of the software designed by Defendant Watch Systems, in 2013, the Michigan State Police and other State authorities provided information on their existing registry, and that information would have been electronically migrated to the system created by Defendant Watch Systems. Following the implementation of the software, all additional inputs or removals from the list were exclusively conducted by the Michigan State Police and/or other State authorities as Defendant Watch Systems had no access to input or edit the sex offender registry. Access was exclusively controlled by the State of Michigan for issuing user names and passwords.

**Defendants Marinoff and Kelly**:

There are any number of reasons why Kelley and Marinoff should not be forced to go through discovery before being dismissed from this case.

In ¶21 of the Second Amended Complaint (SAC), plaintiff alleges that Kelley and Marinoff are custodians of the Michigan Sex Offender Registry (SOR), and that they were required to maintain the registry under MCL 28.728 so it was accurate and reliable. This is incorrect as a matter of law. SORA requires the Michigan State Police—not low-level employees of the MSP—to maintain a platform where the SOR would be located. Kelley and Marinoff are low-level employees of the MSP who were not "custodians" of the SOR, nor did they have a legal duty to maintain the platform. Moreover, SORA does not require the SOR to be accurate and reliable.

In ¶33 of the SAC, plaintiff alleges that Kelley and Marinoff were required to remove Hart from the SOR after July 1, 2011. This is also incorrect. Again, state law required the MSP, not its low-level employees, to remove names of persons no longer required to be listed.

In ¶34 of the SAC, plaintiff alleges that Kelley and Marinoff deliberately failed to remove Hart from the SOR and deliberately failed to inform Hart that he no longer needed to register, and

6

deliberately failed to notify courts and prosecutors that the SOR was inaccurate and not a reliable source of information. Again, SORA did not impose a duty on either Kelley or Marinoff to do any of these activities. Even if they had such a duty under SORA, their failure to follow the requirements of SORA would be a violation of state law, not federal law. §1983 provides for enforcement of violations of federal law, not state law.

Also, based on the Sixth Circuit's opinion, Kelley and Marinoff's co-defendants were not justified in relying on the SOR in arresting and prosecuting Hart. According to the Sixth Circuit, the City and County defendants knew the SOR was not accurate. Hence, based on the law of the case, there is no direct or proximate causation between anything that Kelley and Marinoff allegedly did or did not do and the arrests and prosecutions of Hart by the City and County defendants.

In ¶65 of the SAC, plaintiff alleges that Kelley attested to the 'validity' of Hart's SOR records when she sent a copy of Hart's SOR records to the Sheriff's Department. This is plainly untrue. The cover letter Kelley signed when sending Hart's SOR records, which is attached to previously filed motions, shows that Kelley did not verify the information in Hart's record—she merely indicated that the materials being sent were a complete copy of his SOR records, which is akin to a record keeper's statement of completeness. Kelley's cover letter was not an affidavit by a person with personal knowledge verifying the accuracy of the information contained in the records.

There is no doubt that neither Kelley nor Marinoff had personal involvement in the arrests or prosecutions of Hart. Hence, there is no basis for this suit against Kelley and Marinoff and they should be forthwith dismissed without the necessity of going through two years of litigation.

For these and other reasons, Kelley and Marinoff will seek summary dismissal of this case at their earliest opportunity.

6. **PENDENT STATE CLAIMS**: Negligence claims against Defendant Watch Systems.

7. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**: Except for any new information which may be obtained in discovery, relying on the applicable court rules, the parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings, if necessary, within 90 days.

Defendants Hillsdale County, Parker Wahtola, and Leva object to a 90 day period for additional amendments, as Plaintiff has already amended and/or "corrected" the Complaint three times, and assert that any further amendments must be done by motion.

8. **DISCLOSURES AND EXCHANGES**:

    a. **Initial Disclosures**

      i. Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: The parties will exchange their respective Rule 26 disclosures by <u>February 1, 2020</u>.

  b. **Expert Discovery**

      i. The plaintiff expects to be able to furnish the names of plaintiff's expert witnesses by <u>  July 30, 2021</u>. Defendants expect to be able to furnish the names of the defendants' expert witnesses by <u>August 31, 2021</u>.

      ii. It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2).

9. **DISCOVERY**: The parties believe that all discovery proceedings can be completed by <u>February 28, 2022</u>.

    The parties recommend the following discovery plan:

  a. **Subjects of discovery**: Plaintiff will seek all records and witness accounts regarding Anthony Hart from the Defendants; complete personnel and disciplinary files (internal affairs, prisoner or other citizen complaints, lawsuits, etc.) of the individual Defendants; relevant Hillsdale County and City of Hillsdale written policies and practices (including policies, procedures and materials used in training); audio and/or visual recordings of all witness interviews; all relevant records pertaining to other individuals subject to the SOR based erroneous arrests, such as Plaintiff between 2011 and 2016; all documents regarding the preparation, installation, maintenance, upgrading, and correction of the software used by the State of Michigan State Police regarding sex offenders, and any other discoverable subjects not specifically described above.

  b. Hillsdale City Defendants will seek discovery regarding the factual background including sequence and chronology of events, the role played by the Hillsdale County Prosecutor's Office, investigators, pre-sentence officials (prosecutor's office and/or court), potential court clerks, Plaintiff's criminal defense attorney, representative of the Michigan Department of Corrections, and the Co-Defendants as it relates to Plaintiff's 2014 conviction and sentencing. Hillsdale City Defendants will also pursue discovery into Plaintiff's claimed damages including prior, contemporaneous to the underlying events, and current employers, friends, associates, spouses, treating physicians, treating psychiatrists, counselors, and/or psychologists, medical/psychological staff associated with Plaintiff's confinement, registration Authority

      selection/designation, trainors/training performed by and/or received by the Co-Defendants or others as it relates to the enforcement and/or prosecution of the Michigan Sex Offender Registry Act. Defendants will seek discovery regarding all factual and legal bases of Plaintiff's claims.

c. Defendant Watch Systems will seek discovery of the legal and factual basis for all of Plaintiff's claims, including but not limited to Watch Systems duty or ability to input, edit, delete or otherwise alter the names in the SOR, what notification was given to Watch Systems, if any, that any changes had to be made to the SOR and who had the responsibility to make changes.

d. Recommended limitations: The parties do not anticipate any limits not already contemplated by the Rules of Civil Procedure, or as may be agreed upon by the parties.

e. The presumptive time limits for depositions set forth in Federal Rules of Civil Procedure 30(d)(1) should not be modified unless otherwise agreed to by the parties or ordered by the Court. At this time, there is no anticipation of modification.

10. **DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION:** Disclosure of electronically stored information shall be the same as non-electronic documents.

11. **ASSERTION OF CLAIMS OF PRIVILEGE OR IMMUNITY AFTER PRODUCTION:** The parties agree to be reasonable and return materials that are truly privileged and inadvertently disclosed.

12. **MOTIONS:** The parties acknowledge that E.D. Mich. L.R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

13. **ALTERNATIVE DISPUTE RESOLUTION:** The parties prefer voluntary facilitative mediation.

14. **LENGTH OF TRIAL:** Counsel estimate the trial will last approximately 14 days total, allocated as follows: 10 days for Plaintiff's case, 4 days for Defendants' case.

15. **PROSPECTS OF SETTLEMENT:** Unknown at this time.

16. **OTHER:** This case involves complicated claims against the Defendants including claims under *Monell* necessitating broad discovery and a relatively longer period of discovery. Additionally, Plaintiff believes that because there is a substantial amount of discoverable materials

based on their *Monell* claim that may require discovery, there may be discovery motion practice.

Pursuant to this Court's Order (ECF #139), the parties propose the following dates for this Court's scheduling Order:

**Witnesses**: All witnesses to be called at trial shall be listed by: July 30, 2021

**Discovery**: All discovery shall be completed by: February 28, 2022

**Mediation**: The Parties do not consent to referral to Wayne County Mediation.

**Motions**: No motions other than trial motions *in limine* may be filed after April 30, 2022

**Settlement Conference**: Date: To be set by the Court. Time: To be set by the Court.

**Final Pretrial Conference**: The Final pretrial conference is schedule for: To be set by the Court

**Jury Trial**: Trial is scheduled to commence: To be set by the Court

Respectfully Submitted:

| | |
|---|---|
| _s/ William Goodman_ | _s/ Steven T. Budaj_ |
| **Goodman Hurwitz & James, P.C.** | **Steven T. Budaj, P.C.** |
| William H. Goodman (P14173) | Steven T. Budaj (P30154) |
| Kathryn Bruner James (P71374) | 400 Monroe Street, Suite 490 |
| 1394 E. Jefferson Avenue | Detroit, MI 48226 |
| Detroit, MI 48207 | (313) 963-9330 voice |
| (313) 567-6170 | (313) 963-9185 fax |
| mail@goodmanhurwitz.com | stbudaj@counsel.cc |

*Attorneys for Plaintiff*

10

| | |
|---|---|
| *s/ Roger A. Smith*  <br>**Vandeveer Garzia, PC**  <br>Roger A. Smith (P27722)  <br>840 W. Long Lake Rd., Ste 600  <br>Troy, MI 48098  <br>(248) 312-2900/Fax (248) 879-0042  <br>rsmith@vgpclaw.com  <br>*Attorneys for Defendants City of Hillsdale, Rathbun & Holtz* | *s/ Andrew J. Brege*  <br>**Rosati, Schultz, Joppich & Amtsbuetchler, P.C.**  <br>Andrew J. Brege (P71474)  <br>822 Centennial Way, Suite 270  <br>Lansing, MI  48917  <br>(517) 886-3800  <br>abrege@jrsjlaw.com  <br>*Attorneys for Defendants Hillsdale County, Wahtola, Leva & Parker* |
| *s/ Dale A. Robinson*  <br>**Rutledge, Manion, Rabout, Terry & Thomas, P.C.**  <br>Dale A. Robinson (P55522)  <br>300 River Place Drive, Ste. 1400  <br>Detroit, MI 48207  <br>(313) 965-6100  <br>drobinson@rmrtt.com  <br>*Attorneys for Defendant Watch Systems* | *s/ James T. Farrell*  <br>**Attorney General's Office**  <br>James T. Farrell (P35400)  <br>Sara Trudgeon (P82155)  <br>Cori E. Barkman (P61470)  <br>P.O. Box 30736  <br>Lansing, MI 48933  <br>(517) 373-6434  <br>farrellj@michigan.gov  <br>trudgeons@michigan.gov  <br>barkmanc@michigan.gov  <br>*Attorneys for Defendants Marinoff and Kelly* |

Dated: December 9, 2020