# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ANTHONY HART,

                  Plaintiff,

v.

HILLSDALE COUNTY, a Municipal Corporation;
CHRISTINE WAHTOLA, KWINN LEVA, and LT.
TIMOTHY PARKER; in their individual capacities;
CITY OF HILLSDALE, a Municipal Corporation;
OFFICERS SHELBY RATHBUN and TODD HOLTZ, in
their individual capacities; WATCH SYSTEMS, L.L.C., a
Louisiana Corporation; and MICHIGAN STATE POLICE
ANALYSTS MELISSA MARINOFF and MARCI
KELLEY, in their individual and/or official capacities,
all jointly and severally,

                  Defendants.

Case No:   16-cv-10253
Honorable: Denise Page Hood
Magistrate: Elizabeth A. Stafford

---

**Goodman Hurwitz & James, P.C.**
William H. Goodman (P14173)
Kathryn Bruner James (P71374)
Melissa A. Brown (P79127)
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
mail@goodmanhurwitz.com

**Steven T. Budaj, P.C.**
Steven T. Budaj (P30154)
400 Monroe Street, Suite 490
Detroit, MI 48226
(313) 963-9330 voice
(313) 963-9185 fax
stbudaj@counsel.cc

*Attorneys for Plaintiff*

**Vandeveer Garzia, PC**
Roger A. Smith (P27722)
840 W. Long Lake Rd., Ste 600
Troy, MI 48098
(248) 312-2900/Fax (248) 879-0042
rsmith@vgpclaw.com
*Attorneys for Defendants City of
Hillsdale, Rathbun & Holtz*

**Rosati, Schultz, Joppich & Amtsbuetchler, P.C.**
James L. Dyer (P32544)
Andrew J. Brege (P71474)
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
jdyer@jrsjlaw.com
abrege@jrsjlaw.com
*Attorneys for Defendants Hillsdale County,
Wahtola, Leva & Parker*

| | |
|---|---|
| **Rutledge, Manion, Rabaut,** | **Attorney General's Office** |
| **Terry & Thomas, P.C.** | James T. Farrell (P35400) |
| Dale A. Robinson (P55522) | Sara Trudgeon (P82155) |
| 300 River Place Drive, Ste. 1400 | Cori E. Barkman (P61470) |
| Detroit, MI 48207 | P.O. Box 30736 |
| (313) 965-6100 | Lansing, MI 48933 |
| drobinson@rmrtt.com | (517) 373-6434 |
| *Attorneys for Defendant Watch Systems* | farrellj@michigan.gov |
| | trudgeons@michigan.gov |
| | barkmanc@michigan.gov |
| | *Attorneys for Defendants* |
| | *Marinoff and Kelly* |

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS MARINOFF AND KELLEY'S SECOND MOTION TO DISMISS

NOW COMES Plaintiff, ANTHONY HART, by and through his attorneys, Steven T. Budaj, P.C. and Goodman, Hurwitz & James, P.C., and, for the reasons set forth in his attached brief, hereby respectfully requests that this Honorable Court deny Defendant Kelley's and Defendant Marinoff's Motion to Dismiss (ECF #144) in its entirety as venue is both proper and appropriate in the Eastern District of Michigan. Further, Defendants waived any defense of improper venue by failing to assert this defense in their earlier Motion to Dismiss, thereby allowing this issue to languish for over four years while the parties, this Court, and the Sixth Circuit devoted considerable work, time, and resources to the case. (ECF #27) and in any event, venue is proper in this Court, and the forum is convenient.

1.      Plaintiff admits as true.

2.      Plaintiff admits as true.

3.     Plaintiff admits in part, insofar as Defendant only partially stated the proper standard for determining venue; Plaintiff further states the full standard 28 U.S.C. §1391 states: "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; **or** (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. (Emphasis Added).

4.     Plaintiff admits as true and adds that Plaintiff also alleged in the Second Amended Complaint (ECF #129) that he sustained damages in that he was wrongfully imprisoned for 19 months in Jackson County, Michigan, which is within the Eastern District of Michigan and thus giving rise to his claim for damages herein.

5.     Plaintiff admits as true.

6.     Plaintiff has no knowledge to either admit or deny the veracity of Defendant Kelley and Defendant Marinoff's affidavits, and notes that Kelley's affidavit is unsigned and as such should be struck from the record.

7.     Plaintiff admits as true.

8.  Plaintiff has no knowledge to either admit or deny where all City and County defendants currently reside.

9.  Plaintiff admits as true in part and denies as untrue in part, as Plaintiff suffered injury and damage while wrongfully incarcerated for 19 months at the Jackson County correctional facility, and further that this injury and damage is the basis for Plaintiff's 42 U.S.C. §1983 claims.

10.  Plaintiff denies as untrue, as venue is proper and appropriate in the Eastern District, and as Defendants have waived their ability to assert venue as a defense where they failed to mention it at all in their previous Motion to Dismiss, filed three and a half years ago, under Rule 12(h).

11.  Plaintiff denies as untrue as at least 22 potential witnesses work and reside in the area around Jackson County, at the Jackson Correctional Facility, in the Eastern District of Michigan.

12.  Plaintiff admits as true.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court DENY Defendants' second Motion to Dismiss, for the reasons set forth in the attached brief; and further requests any relief this court determines to be reasonable and just.

Respectfully Submitted,

**Goodman Hurwitz & James, P.C.**

By: /s/   William H. Goodman

Dated: December 24, 2020

William H. Goodman P14173
Kathryn Bruner James P71374
Melissa A. Brown P79127
1394 E. Jefferson Avenue
Detroit, MI 48207
313.567.6170
mail@goodmanhurwitz.com

and

Steven T. Budaj, P.C.
Steven T. Budaj P30154
400 Monroe Street, Suite 490
Detroit, MI 48226
313.963.9330 (voice)
313.963.9185 (fax)
stbudaj@counsel.cc

**PLAINTIFF'S BRIEF IN SUPPORT IN RESPONSE TO DEFENDANT MARINOFF AND KELLEY'S SECOND MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Table of Authorities ................................................................... iii

Concise Statement of Issues Presented ................................... vi

I.     INTRODUCTION ........................................................ 1

II.    COUNTER-STATEMENT OF FACTS ....................... 2

III.   ARGUMENT................................................................ 3

     a.  DEFENDANTS WAIVED THEIR RULE 12(B)(3) DEFENSE ...................... 3

     b.  VENUE IS PROPER IN THE EASTERN DISTRICT OF MICHIGAN................. 8

     c.  DEFENDANTS' ALTERNATIVE MOTION TO TRANSFER BASED ON CONVENIENCE, FAILS TO CONSIDER THE CONVENIENCE OF THE EASTERN DISTRICT AND IS PREJUDICIALLY BELATED ................................................... 10

        i.    Defendant's Motion for Transfer to the Western District under 28 U.S.C.A. 1406(a) is Untimely and Should Be Denied. .............................................. 11

        ii.   Defendants Fail to Meet Their Burden under 28 U.S.C. §1404(a) ....................................... 12

IV.   CONCLUSION ........................................................... 16

## <u>TABLE OF AUTHORITIES</u>

*Al–Muhaymin v. Jones*, 895 F.2d 1147 (6th Cir.1990)............................................ 4

*Amphion, Inc. v. Buckeye Elec. Co.*, 285 F.Supp.2d 943
    (E.D. Mich. 2003) ...................................................................................... 13

*Apollo Petroleum Solutions LLC v. Nano Gas Technologies, Inc.*,
    2016 WL 4988234 (E.D. Mich. 2016)................................................................ 10

*Audi AG & Volkswagon of America, Inc. v. Izumi*, 204 F.Supp.2d
    1014 (E.D. Mich. 2002) .................................................................................... 13

*Carey v. Piphus*, 435 U.S. 247 (1976) ..................................................................... 9

*DRFP, LLC v. Republica Bolivariana de Venezuela*,
    945 F. Supp. 2d 890, (S.D. Ohio 2013) ............................................................. 11

*First of Michigan Corporation v. Bramlet*, 141 F.3d 260
    (6th Cir. 1998)................................................................................................... 10

*Gen. Motors Co. v. Dinatale*, 705 F. Supp. 2d 74
  (E.D. Mich. 2010) ................................................................................................ 13

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 67 S.Ct. 839,
  91 L.Ed. 1055 (1947) ........................................................................................... 13

*Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*,
    946 F.Supp.2d 714 (E.D. Mich. 2013)................................................................ 10

*Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085,
    (6th Cir. 2019).................................................................................................... 13

*Kentucky v. Marathon Petroleum Co.*, 464 F.Supp.3d 880
    (W.D. Kentucky, 2020)......................................................................................... 5

*King v. Taylor*, 694 F.3d 650 (6th Cir. 2012) ................................................... 3,4,6

*Lucas v. DeSilva Auto. Services*, 2018 WL 1558866
  * 11 (S.D. Ohio Mar 31, 2018) ............................................................ 3

*Means v. United States Conference of Catholic Bishops*,
  836 F.3d 643 (6th Cir. 2016) .............................................................. 15

*Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99
  L.Ed. 789 (1955) ................................................................................. 13

*Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978) .......................... 5

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22,
  108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ............................................. 14

*Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805,
  11 L.Ed.2d 945 (1964) ....................................................................... 13,14

*Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) ................................................. 5

*Winnett v. Caterpillar, Inc.*, 553 F.3d 1000 (6th Cir. 2009) .................................... 4

## Statutes

MCL §28.721 ("SORA") ........................................................................... 8

## Federal Court Rules

Fed. R. Civ. P. 12(g)(2) ............................................................................. 3,4

Fed R. Civ. P.  12(h)(1) ............................................................................ 3,4

Fed R. Civ. P.  12(b)(3).........................................................................*Id*

Fed R. Civ. P . 12(b)(6)........................................................................ 2

Fed R. Civ. P .12(b)(2)-(5)................................................................. 3,4

**<u>Federal Codes</u>**

29 U.S.C. §1391 ................................................................................. 9

28 U.S.C. §1391(b)(2)........................................................................*Id*

28 U.S.C. §1404(a) ...........................................................................*Id*

28 U.S.C. §1406 (b) ....................................................................... vi,12

**<u>Other Authorities</u>**

2A Moore's Federal Practice P 12.05 at 2240 (2d ed. 1975) ................................. 5

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Can Defendants Marinoff and Kelley prevail on a second Motion to Dismiss, now alleging improper venue under Fed. R. Civ. P. 12(b)(3), where Defendants previously moved to dismiss in May 2016, and failed to bring this defense at that time?

   Defendants say: Yes
   Plaintiffs say: No
   This Court should answer: No

2. Can Defendants Marinoff and Kelley prevail on a Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3) where a substantial portion of the events giving rise to Plaintiff's claim, injury, and damages, occurred in the Eastern District of Michigan?

   Defendants say: Yes
   Plaintiffs say: No
   This Court should answer: No

3. Can Defendants Marinoff and Kelley prevail on a motion to transfer venue under 28 U.S.C. §1406(a) where venue is proper in the Eastern District of Michigan and Defendants failed to raise this issue in the nearly five years since this litigation began, where 1406(b) requires timely assertion of this issue?

   Defendants say: Yes
   Plaintiffs say: No
   This Court should answer: No

4. Can Defendants Marinoff and Kelley prevail on a motion to transfer venue under 28 U.S.C.A. §1404(a) where the correct balancing test clearly favors retaining venue in the Eastern District of Michigan?

Defendants say: Yes
Plaintiffs say: No
This Court should answer: No

## I. INTRODUCTION

Plaintiff Anthony Hart spent 19 months in prison in Jackson County, Michigan, after a systematic failure of state actors, law enforcement, and a software supplier led to his conviction for a crime that Anthony Hart did not commit, because no such crime existed, as applied to him at the time of these events. Defendants Marci Kelley and Marissa Marinoff ("State Defendants") were directly responsible for the criminal charges and prosecution that deprived Plaintiff of his liberty, unjustly, for almost two years. Despite never filing an answer or any affirmative answer for nearly five years since the initial complaint was filed in January 2016, Defendants Kelley and Marinoff now submit their second Motion to Dismiss.

Plaintiff asks this court to DENY State Defendants' second motion to dismiss and DENY their alternative request to transfer to the Western District of Michigan for the reasons that: (1) Defendants have waived their ability challenge venue as they failed to raise it in a timely and seasonable manner; (2) venue is proper in the Eastern District of Michigan; and (3) the factors for considering transfer overwhelmingly favor continuing this litigation in the Eastern District of Michigan.

## II.   COUNTER-STATEMENT OF FACTS

The underlying facts of Plaintiff's complaint are well known to this Court, and not the subject of this Motion, so Plaintiff will not recite them here. Facts particularly relevant to this motion, may be summarized as follows:

- Plaintiff filed his first complaint in the Eastern District of Michigan, on January 25, 2016, alleging false arrest, malicious prosecution, and *Monell* violations, among others against multiple Defendants including Defendants Marinoff and Kelley. (ECF 1).

- Neither Marinoff nor Kelley filed an answer. Rather, on May 3, 2016, these Defendants filed their first motion to dismiss on the basis of qualified immunity, failure to state a claim, and statute of limitations, presumably under Rule 12(b)(6), though they do not cite the Rule in their papers (ECF #27).

- Defendants Marinoff and Kelley did not to move for dismissal under Fed R. Civ. P. 12(b)(3); indeed, not only did they fail to argue that venue was improper, they failed to even mention the word "venue" anywhere in their 2016 motion to dismiss. This Honorable Court granted Marinoff and Kelley's first Motion to Dismiss on March 31, 2017, but then, following Plaintiff's Motion for Reconsideration (ECF #75) on March 30, 2018, this Court vacated its prior Order and reinstated the Plaintiff's Complaint as to Marinoff and Kelley (ECF #127);

- City and County Defendants then appealed this Court's denial of qualified immunity to the Sixth Circuit, where the bulk of this Court's rulings were affirmed on September 3, 2020;

- This case was then returned to this Honorable Court, whereupon

Defendants Marinoff and Kelley filed, for the first time, a new Motion to Dismiss based on improper venue under Fed. R. Civ. P. 12(b)(3), as well as alternative relief to transfer the case to the Western District of Michigan under 28 U.S.C.A. 1404(a) and 1406(a).

All arguments set forth in Defendants' second Motion to Dismiss were fully available to Marinoff and Kelley when they filed their first Motion to Dismiss on May 3, 2016 (ECF #27) over four and a half years ago. Plaintiff now asks this court to DENY Defendants' belated and improper motion to dismiss.

## III.    ARGUMENT

### a.  DEFENDANTS WAIVED THEIR RULE 12(B)(3) DEFENSE

Defendants waived their defense of improper venue by failing to include the argument in their first motion to dismiss filed in 2016. (ECF #27). Fed. R. Civ. Pro. 12(g)(2), Fed. R. Civ. Pro. 12(h)(1). Moreover, their extensive participation in nearly five years of litigation before raising this defense has forfeited their right to assert it now. *King v. Taylor*, 694 F.3d 650, 658-59 (6th Cir. 2012) (holding that defendants forfeited a personal-jurisdiction defense where they participated in litigation for over a year, waited until after the statute of limitations had run, and raised the defense in their summary judgment motion); *see also Lucas v. DeSilva Auto. Services*, 2018

3

WL 1558866 * 11 (S.D. Ohio Mar 31, 2018) (applying *King* forfeiture analysis to venue defense).

"Unlike jurisdictional defects, venue objections can be waived." *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir. 1990). *See also Winnett v. Caterpillar, Inc*., 553 F.3d 1000, 1006 (6th Cir. 2009) (internal citations omitted) ("while subject-matter jurisdiction can never be waived or forfeited, we usually require timely and reasoned presentation of non-jurisdictional issues to avoid forfeiture."). Rule 12(g)(2) states:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

This rule prevents defendants from filing perpetual, piecemeal motions to dismiss a plaintiff's complaint *ad nauseum*, which serves only to delay and deny justice to the plaintiff. Further, Federal Rule of Civil Procedure 12(h)(1) provides:

A party waives any defense listed in Rule 12(b)(2)-(5) by:

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

> (B) failing to either:
> (i) make it by motion under this rule; or

4

> > (ii) include it in a responsive pleading or in an amendment
> > allowed by Rule 15(a)(1) as a matter of course.

The defense of improper venue appears in Rule 12(b)(3). A party must therefore raise venue in its first responsive pleading, or else that defense is waived. See *Whittington v. Milby*, 928 F.2d 188, 192 (6th Cir. 1991) ("It is true that improper venue is a personal defense which is waived if not raised either by motion or in a responsive pleading.").

Here, State Defendants' first responsive pleading was a motion to dismiss filed in May 2016, asserting qualified immunity, failure to state a claim, and assertion that Plaintiff's claims are barred by the statute of limitations. (ECF #27). State Defendants did not argue improper venue. By failing to challenge venue in their first substantive motion to dismiss, Defendants have waived the defense. *Kentucky v. Marathon Petroleum Co.*, 464 F.Supp.3d 880, 887-88 (W.D. Kentucky, 2020). *See also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978), citing 2A Moore's Federal Practice P 12.05 at 2240 (2d ed. 1975) ("While it was thought to be advisable to allow certain defenses to be raised by a pre-answer motion, the potential abuse of the privilege by successive filings to gain unjust delay was

prevented by subdivisions (g) and (h) of Rule 12.") State Defendants' motion should be denied on the basis and the further inquiry should end.

Even so, a party that technically complies with Rule 12(h) may still waive personal jurisdiction and venue defenses if the party creates a "'reasonable expectation that the defendant will defend the suit on the merits or whether the defendant has caused the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.'" *King*, 694 F.3d at 659 (underline added). In making this determination, the Court considers "all of the relevant circumstances." *Id*. Here, in addition to Defendants participating in more than nearly five years of litigation, this Court has gone through considerable effort that would be wasted if the case were dismissed or transferred now.

This case has been extensively litigated for nearly five years. State Defendants have participated in that litigation throughout, and neither their first motion to dismiss (ECF #27) nor their Response to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF #50) raise any mention of improper venue. Indeed, these Defendants sat idly by for all these years while this Court invested considerable effort hearing and issuing orders on multiple substantive motions, to wit:

- Orders deciding three motions to dismiss by other Defendants (ECF #66, 67, 122);

- Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File Second Amended Complaint (ECF #68);

- Order Granting Plaintiff's Motion for Reconsideration, Vacating Order Dismissing Defendants Marinoff and Kelley, Denying Motion to Dismiss Filed by Marinoff and Kelley and Requiring Plaintiff to File Second Amended Complaint. (ECF #127); and

- Order Denying Plaintiff's Motion for Leave to Revise Proposed Second Amended Complaint, Granting Defendants' Motions to Strike Plaintiff's Second Amended Complaint, and Ordering the Clerk of the Court to Strike Second Amended Complaint Filed on January 11, 2018 (ECF #128).

After all of this litigation, State Defendants, having never previously sought dismissal on venue grounds, now seek dismissal or transfer to the Western District, where they presumably will make identical arguments to a new judge in hopes of a more favorable outcome and wasting all of the effort invested by this Honorable Court. Indeed, none of the Defendants in this case has sought dismissal or transfer based on improper venue until now – nearly five years after the action was filed. These delays alone should result in the denial of this motion and any similar motion brought by any Defendant in this matter.

### b. VENUE IS PROPER IN THE EASTERN DISTRICT OF MICHIGAN

Plaintiff has alleged a series of incidents that resulted in his incorrect and improper listing on the Michigan Sex Offender Registry. He has further alleged that, as a result, he has been improperly required to register, arrested for "failing" to register, criminally charged, convicted, and sentenced to prison for violation of the Michigan Sex Offender Registration Act, MCL §28.721 ("SORA"). That imprisonment lasted 19 months and occurred at the Jackson Correctional Facility located in the Eastern District of Michigan. There, Plaintiff suffered the bulk of his damages; in addition to the simple fact that he was being incarcerated wrongfully, he was subjected to countless indignities, threats, assaults, episodes of being locked down, and placed in segregation (solitary confinement).

As a result, Plaintiff filed his Complaint in the Eastern District of Michigan, before this Honorable Court. In his Complaint and Second Amended Complaint, Hart alleges that Defendants both violated his rights to be free from unreasonable seizure, as secured by the 4th and 14th Amendments to the U.S. Constitution; and, he alleges deliberate indifference to his due process rights, as secured by the 14th

Amendment. Clearly, injury and damage are essential elements to both alleging and

proving such a claim under §1983. See *Carey v. Piphus*, 435 U.S. 247 (1976).

Accordingly, 28 USC §1391(b)(2) provides as follows:

> A civil action may be brought in … a judicial district in
> which a substantial part of the events or omissions giving
> rise to the claim occurred ….

It is beyond dispute that the circumstances of Mr. Hart's incarceration – the loss of

liberty, the threats, assaults, placement in segregation, and other events – constitute

a basis for injury and damage claims, substantially "giving rise" to his claims.

Further, these events may well require witnesses from the prison to provide

evidence of such damages. In addition, Plaintiff asserts emotional and psychological

injury due to his incarceration. During his stay in prison, he was examined and

interviewed by numerous psychiatrists, psychologists, counselors, nurses, social

workers, correctional officers, and others regarding these issues, many of whom may

well be witnesses in this case.[1] These witnesses as well appear to be located in the

Eastern District of Michigan.

Given the statutory test for proper venue – that the District be a location where

a "substantial part of the events … giving rise to the claim occurred" – the

precedential analysis of this language becomes useful. Thus, "substantial part" has

---

[1] Mr. Hart's prison records disclose at least 22 such potential witnesses.

been interpreted to: "include any forum with a substantial connection to the plaintiff's claim." DRFP C*orporation v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1998). See also *Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*, 946 F.Supp.2d 714 (E.D. Mich. 2013) ("Defendant would need to "demonstrate that ... *no* substantial part of the events giving rise to [Plaintiff's] claim[s] occurred in the Eastern District of Michigan." (emphasis added)); *Petroleum Solutions LLC v. Nano Gas Technologies, Inc.*, 2016 WL 4988234 (E.D. Mich. 2016). Since damages are certainly a substantial part of the events that give rise to Plaintiff's claims, it is clear that venue is proper in the Eastern District of Michigan and has been since the case was filed herein. Defendants' Motion to Dismiss is meritless and should be denied.

### c. DEFENDANTS' ALTERNATIVE MOTION TO TRANSFER BASED ON CONVENIENCE, FAILS TO CONSIDER THE CONVENIENCE OF THE EASTERN DISTRICT AND IS PREJUDICIALLY BELATED

As noted above, Defendants Marinoff and Kelly previously moved to dismiss this case in May 2016 (ECF #27). Yet they have never, until this belated moment, sought either dismissal or transfer of venue due to inconvenience. This Court has invested considerable resources to familiarize itself with the details of those matters set forth in the Complaint, amended complaints, motions, and other papers. This

Court has expended much effort and thought in fashioning a series of opinions and orders.[2] Further, this case, already very old and obscured due to the passage of time, cannot afford the luxury of yet more delay resulting from the transfer suggested by these Defendants. Additionally, given the amount of evidence and the number of witnesses located in and around the Jackson Correctional Facilities, the convenience of this district is self-evident.

>   **i.      Defendant's Motion for Transfer to the Western District under 28 U.S.C.A. 1406(a) is Untimely and Should Be Denied**

Defendants ask, in the alternative, should their Motion to Dismiss under Rule 12(b)(3) be denied, that this court transfer the case to the Western District of Michigan "for the convenience of the parties and witnesses" under 28 U.S.C.A. 1406(a). However, Defendants fail to mention that the very same statute states:

>   (b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

>   28 U.S.C. § 1406 (b).

"(I)t is clear that a party can waive the right to transfer pursuant to 28 U.S.C. § 1406(a) if it does not raise the issue in a timely fashion." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 901 (S.D. Ohio 2013), citing *Al–*

---

[2] To date, this Court has fashioned at least six written extensive orders and opinions, addressing multiple substantive issues raised by the parties through motion practice.

*Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir.1990) (holding defendants waived their right to raise the issue of improper venue under §1406(a) where defendants waited eight years to raise the issue, after filing motions to dismiss in the case, which failed, as in the present case).

Simply put, Defendants have waived their right to raise the issue of improper venue under §1406(a) by waiting nearly five years to raise the issue. This issue was available to the Defendants in 2016, when they filed their first Motion to Dismiss, and they failed to raise it at that time. By the plain language of §1406(b), Defendants cannot tuck this forum-shopping card up their sleeve to dispense when it becomes apparent that Defendants must finally file an answer to Plaintiff's Second Amended Complaint and proceed with discovery.

### ii.     Defendants Fail to Meet Their Burden under 28 U.S.C. §1404(a).

Defendants' final argument, should their request to dismiss under Rule 12(b)(3) be denied, and should this Court deny its undeniably tardy request for relief under §1406(a), is that this court transfer the case to the Western District under 28 U.S.C. §1404(a) for the "convenience of the parties and witnesses." (ECF No. 144,

PgID 1788). This argument too must fail because application of the operative test does not favor transfer.

"Courts presume that plaintiffs choose convenient forums, so a plaintiff's choice of forum is given deference." *Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1094 (6th Cir. 2019)[3]; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("Unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.")

As the moving party, Defendants bear the burden of establishing the need for a change of forum. *Gen. Motors Co. v. Dinatale*, 705 F. Supp. 2d 740, 752 (E.D. Mich. 2010). The showing must be made by a preponderance of the evidence*, Inc. v. Buckeye Elec. Co.*, 285 F.Supp.2d 943, 946 (E.D. Mich. 2003). Defendants do not meet this burden in their motion.

Courts have broad discretion to transfer an action pursuant to section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. *See generally Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct.

---

[3] While *Jones* addressed analysis under the common law doctrine of *forum non conveniens*, as opposed to the statutory scheme applicable here, this district has recited this language as applied to 28 U.S.C. § 1404(a). *Audi AG & Volkswagon of America, Inc. v. Izumi*, 204 F.Supp.2d 1014, 1023 (E.D. Mich. 2002).

544, 99 L.Ed. 789 (1955). The Supreme Court instructs that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen*, 376 U.S. at 622, 84 S.Ct. 805).

In their brief, Defendants rely on a nine-factor test borrowed by this court from the Southern District of New York in 2000 and further rely explicitly on the foreign district to argue that location of the operative facts should be the primary factor. (*See* ECF #144, Pg.ID.1789). They argue that the Eastern District of Michigan is an inconvenient forum for Defendants based on residency. Yet, the same could be said of the substantial number of potential witnesses who work and reside in the Eastern District of Michigan, specifically those in and around the Michigan Department of Corrections Jackson-area prison facilities.

Even if it is reasonable that after nearly five years Defendants can now suddenly argue that the Eastern District of Michigan is "inconvenient," the existence of multiple witnesses in the Eastern District of Michigan balances this consideration out. Further, and more practically, during the current COVID-19 Pandemic, the

Eastern District of Michigan's hearings and depositions are now virtually conducted, and filing motions and pleadings are now filed exclusively electronically online and hearings are conducted by video conference. It is highly unreasonable to argue that, given this, Defendants are "inconvenienced" by attending virtual court hearings that do not require them to leave the comfort of their own homes or offices.

The Sixth Circuit has offered clear guidance recently in *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016), which considered §1404(a) in light of the following factors: (1) the convenience of the witnesses, (2) the location of operative facts, (3) the ability to compel unwilling witnesses, (4) the interests of justice, (5) ease of access to sources of proof, (6) convenience of the parties, and (7) plaintiff's choice of forum.

Many of these factors are neutral when applied to this matter. As discussed above, there are witnesses that reside in both the Eastern and Western Districts, and electronic participation options drastically reduce the need for travel. Operative facts occurred and sources of proof exist in each district. It is also noteworthy that the vast majority of cases analyzing section 1404(a) involve districts that do not abut one another, as they do here. Occasional travel between Hillsdale, Lansing, Jackson, and

15

Detroit is hardly unduly burdensome.

Factors (4) and (7), however, drastically tip the balance in favor of continuing the case in this district. Transfer to another district at this point would cause unnecessary delay and result in the waste of this Court's time and attention invested in this matter thus far, which is against the public interest and the interests of justice. Indeed, this Court's familiarity with the matter will allow all parties to *finally* initiate a smooth transition into discovery after nearly five years of delay. Ultimately, Defendants have not articulated any factors that would tip the scale so strongly in their favor as to disturb Plaintiff's choice of forum.

## IV.   CONCLUSION

Plaintiff requests that this Honorable Court DENY Defendants' second Motion to Dismiss and DENY any alternative relief under 28 U.S.C.A §1404(a) and §1406(a).

Respectfully Submitted,

**Goodman Hurwitz & James, P.C.**

By:  /s/   William H. Goodman

Dated December 24, 2020

William H. Goodman P14173
Kathryn Bruner James P71374
Melissa A. Brown P79127
1394 E. Jefferson Avenue
Detroit, MI 48207
313.567.6170
mail@goodmanhurwitz.com

and

Steven T. Budaj, P.C.
Steven T. Budaj P30154
400 Monroe Street, Suite 490
Detroit, MI 48226
313.963.9330 (voice)
313.963.9185 (fax)
stbudaj@counsel.cc

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 24, 2020, she served a copy of

**Plaintiff's Response to Defendant Marinoff and Kelley's Second Motion to**

**Dismiss** upon all counsel of record utilizing the Court's electronic filing system.

/s/ Laurel O. Seale
Legal Assistant/Paralegal

17