# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY HART,

      Plaintiff,

v.

HILLSDALE COUNTY, a Municipal Corporation; AGENTS CHRISTINE WAHTOLA; KWINN LEVA; LT. TIMOTHY PARKER; CITY OF HILLSDALE and OFFICERS SHELBY RATHBUN and OFFICER TODD HOLTZ; MICHIGAN STATE POLICE ANALYSTS MELISSA MARINOFF and MARCI KELLY, in their individual capacities; WATCH SYSTEMS, LLC, a Louisiana Corporation; all jointly and severally,

      Defendants.

Case No. 16-cv-10253

Hon. Denise Page Hood

Mag. Judge Elizabeth A. Stafford

---

**WILLIAM H. GOODMAN (P14173)**
**JULIE H. HURWITZ (P34720)**
**KATHRYN BRUNER JAMES (P71374)**
**HUWAIDA ARRAF (New York Bar #4707220)**
Attorneys for Plaintiff
1394 E. Jefferson Avenue
Detroit, MI  48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

**STEVEN T. BUDAJ (P30154)**
Attorney for Plaintiff
400 Monroe Street, Suite 490
Detroit, MI  48226
(313) 963-9330
Stbudaj@counsel.cc

**DAVID M. BLACK (P25047)**
Attorney for Plaintiff
One Towne Square, Ste. 1700
Southfield, MI  48076
(248) 355-0300
dblack@sommerspc.com

**JAMES L. DYER (P32544)**
**ANDREW BREGE (P71474)**
**MARCY STEPANSKI (P44302)**
Attorney for Defendants Hillsdale County, Wahtola, Parker and Leva
822 Centennial Way, Ste. 270
Lansing, MI  48917
(517) 886-3800
jdyer@jrsjlaw.com
abrege@rsjalaw.com
mstepanski@rsjalaw.com

**DALE A. ROBINSON (P55522)**
Attorney for Defendant Watch Systems
300 River Place, Ste. 1400
Detroit, MI  48207
(313) 965-6100
Drobinson@rmrtt.com

**ROGER A. SMITH (P27722)**
Attorney for City of Hillsdale, Officers Rathbun & Holtz
840 W. Long Lake Road, Ste. 600
Troy, MI  48098
(248) 312-2800
rsmith@vgpclaw.com

**JAMES T. FARRELL (P35400)**
**SARA TRUDGEON (P82155)**
**CORI E. BARKMAN (P61470)**
Attorneys for Defendants Marci Kelly and Melissa Marinoff
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434
farrellj@michigan.gov
trudgeons@michigan.gov
barkmanc@michigan.gov

___

## THE STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE MSP DEFENDANTS' MOTION TO DISMISS

Plaintiff's principal argument against dismissal or transfer of the case based on improper venue is that a significant portion of events giving rise to the lawsuit occurred in the Eastern District.  Specifically, plaintiff claims that because the MDOC—a nonparty—chose to house him in a prison in Jackson should determine venue of the case.  But to say the case revolves around where plaintiff was incarcerated is incorrect and misleading.

2

Plaintiff's claims are brought under the Fourth Amendment for false arrest and malicious prosecution. Those alleged torts occurred in Hillsdale County. Plaintiff has not asserted a claim for false imprisonment. Hence, the place of incarceration is not a relevant consideration when analyzing where plaintiff's claims arose.

Plaintiff's incarceration is one aspect of his damage claim. His incarceration was ordered by a judge in Hillsdale County after plaintiff pled guilty following his allegedly false arrest and malicious prosecution. The relevant fact for purposes of his damage claim is that plaintiff was incarcerated; where that incarceration occurred is of little or no relevance. Thus, in this case, the place of plaintiff's incarceration is not a significant consideration in terms of the Court's venue analysis.

Plaintiff also argues that the State defendants (Kelley and Marinoff) waived their right to challenge improper venue by not asserting improper venue when they filed their original motion to dismiss on May 3, 2016. See ECF 27. Plaintiff's waiver argument fails because the automatic waiver provision does not apply to previously dismissed then reinstated defendants such as Kelley and Marinoff.

Kelley and Marinoff were named defendants in plaintiff's original complaint (ECF 1) and plaintiff's first amended complaint (ECF 22). Their motion to dismiss (ECF 27), which was filed on May 3, 2016, was granted (ECF 66) on March 31, 2017, and Kelley and Marinoff were dismissed from the case. In 2018 the Court reversed itself and reinstated Kelley and Marinoff as defendants. See ECF 127. Plaintiff has now filed his second amended complaint. See ECF 129. Thus, for all practical purposes, Kelley and Marinoff are 'new' parties responding to a new complaint, and, thus, their present motion to dismiss is Kelley and Marinoff's first response to a new complaint. The waiver rule is, therefore, inapplicable.

Courts have held that the failure to raise an affirmative defense by responsive pleading or appropriate motion does not always result in waiver. *Sultan v. Lincoln Natational Corp.*, 2006 U.S. Dist. LEXIS 44427 (D.N.J. June 30, 2006) (citing *Prinz v. Greate Bay Casino Corp.*, 705 F.2d 692 (3d Cir.1983)). There is no evidence that the State defendants violated any scheduling orders in raising the defense of improper venue for the first time in December 2020. It was a pragmatically appropriate time to raise the defense given the procedural history of this case. Plus,

there is no evidence that the State defendants intentionally delayed asserting the defense, or that raising the defense now in any way prejudices plaintiff. Plaintiff has had a full and fair opportunity to respond to the motion.

Even if waiver occurred, the Court can cure venue defects by transferring the case under the federal transfer statutes notwithstanding any Rule 12(h)(1) waiver. 14 *Wright & Miller, Federal Practice and Procedure*, § 3827 (4th ed. 2017). See *Bennett v. Gilchrist*, 2015 U.S. District LEXIS 192472 (N.D. Ala., June 15, 2015), *Wet Sounds, Inc. v. PowerBass USA, Inc.,* 2018 U.S. District LEXIS 64600 (S.D. Texas, April 17, 2018).

Wherefore, the State defendants respectfully request that their Motion to Dismiss be granted, and that this case either be dismissed or transferred to the Western District of Michigan.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ James T. Farrell*
James T. Farrell (P35400)
Sara Trudgeon (P82155)
Cori E. Barkman (P61470)
Assistant Attorneys General
MDOC Division

P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055

Date: January 7, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on **January 7, 2021**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*/s/ Terri J. Davis*
Terri J. Davis, Legal Secretary
Mich. Dept. of Attorney General
MDOC Division
