## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTHONY HART,

     Plaintiff,

                                        Case No. 16-10253

v.                                HON. DENISE PAGE HOOD

COUNTY OF HILLSDALE, et al.,

     Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS
## FOR IMPROPER VENUE [ECF No. 144]

## I.    INTRODUCTION

On January 25, 2016, Plaintiff Anthony Hart filed a complaint alleging that he was wrongfully arrested, prosecuted, and defamed for failing to register his proper residency with the Michigan Sex Offender Registry ("SOR"). Plaintiff named two Michigan State Police analysts as Defendants: Marci Kelley ("Kelly") and Melissa Marinoff ("Marinoff") (collectively, the "MSP Defendants"). On December 3, 2020, the MSP Defendants filed a Motion to Dismiss for Improper Venue (the "Motion"). ECF No. 144. The Motion has been fully briefed.

## II.    BACKGROUND

The allegations in this case have been set forth by the Court in several prior orders (*see* ECF No. 127), and they are incorporated into this Order by reference.

### III.  ANALYSIS

This cause of action was filed in January 2016. In lieu of an answer, the MSP Defendants filed a motion to dismiss on May 3, 2016. The Court dismissed the MSP Defendants from the case when it granted their motion to dismiss on March 31, 2017. Plaintiff timely filed a motion for reconsideration. The Court granted the motion for reconsideration on March 31, 2018, and the Court reinstated the MSP Defendants as defendants on that date.

On April 16, 2018, the Court stayed the case in this Court while certain defendants filed an interlocutory appeal. The case then remained at the Sixth Circuit Court of Appeals until October 22, 2020. Six weeks later, on December 3, 2020, the MSP Defendants filed this Motion. They claim that venue is improper in the Eastern District of Michigan and that this cause of action should have been brought in the Western District of Michigan. When the MSP Defendants filed the Motion, it was the first time any party raised the issue of improper venue.

The MSP Defendants assert that the underlying events and actions of the defendants occurred in Hillsdale County or Ingham County, both of which sit in the Western District of Michigan, or are alleged against another defendant that resides outside the State of Michigan. The MSP Defendants represent that the defendants and most (if not all) witnesses also reside in the Western District of Michigan.  These facts generally appear to be accurate, but the MSP Defendants

overlook the fact that most of the damages witnesses likely are tied to the Eastern District of Michigan. For that reason, venue is proper in the Eastern District of Michigan.  In a typical case such as this – where the underlying torts occurred and most of the parties and witnesses reside in a different judicial district – the balancing of interests likely would result in dismissal of the action due to improper venue or a transfer of venue.  Due to the untimeliness of the Motion, however, this case is not typical.

The MSP Defendants argue that raising the issue of improper venue for the first time in December 2020 was appropriate given the procedural history of the case.[1] The Court is not persuaded. First, by the time the Motion was filed, this case was nearly five years old. The MSP Defendants have not submitted any authority that supports transferring venue after such a lengthy period. Second, this Court has considered and ruled upon several substantive motions, including four dispositive motions. The Court has conducted substantial work in this cause of action. Third, the issue of improper venue was not raised in any of those four dispositive motions,

---

[1] MSP Defendants were not active defendants throughout the cause of action before this Court. They were parties at the outset and promptly filed a motion to dismiss (as noted above, it did not include an argument that venue was improper in the Eastern District or that the case should be transferred to the Western District). After approximately one year, the MSP Defendants were dismissed from this cause of action. Plaintiff quickly filed a motion for reconsideration, but the MSP Defendants were not reinstated for nearly a year (March 20, 2018). Less than a month later, the case was appealed and remained on appeal until October 2020.

in the MSP Defendants' July 2016 response to Plaintiff's motion for leave to file a second amended complaint (ECF No. 50), or anywhere else until nearly five years after the case was filed. If improper venue was obvious or a concern to the parties, there were many opportunities to raise the issue. Fourth, none of the other defendants have filed a concurrence with respect to the Motion. The absence of a concurrence by one or more of the other defendants indicates that no other party supports dismissing or transferring this case due to improper venue.

Fifth, the MSP Defendants previously filed a motion to dismiss in May 2016. They did not state that it was filed pursuant to Rule 12(b)(6), but they asserted that they were entitled to qualified immunity, that Plaintiff failed to state a claim, and that Plaintiff's claims are barred by the statute of limitations. *See* ECF No. 27, PageID.180 (the MSP Defendants stated that "Plaintiff has failed to state a legally viable claim against the State Defendants for a violation of the Fourth or Fourteenth Amendments, and **his claims fail as a matter of law**.") (emphasis added). The MSP Defendants did not argue improper venue in that motion to dismiss. By failing to do so, they waived their right to raise the issue of improper venue, as explained below.

Rule 12(g)(2) states:

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule

raising a defense or objection that was available to the party but omitted from its earlier motion.

Neither Rule 12(h)(2) or (3) is applicable in this matter. Rule 12(h)(1) similarly provides:

A party waives any defense listed in Rule 12(b)(2)-(5) by:

    (A)    omitting it from a motion in the circumstances described in Rule 12(g)(2); or

    (B)    failing to either:

        (i)    make it by motion under this rule; or

        (ii)    include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

The defense of improper venue appears in Rule 12(b)(3), and the Sixth Circuit has firmly established that a party must raise venue in its first responsive pleading or motion or that defense is waived. *See, e.g., Whittington v. Milby*, 928 F.2d 188, 192 (6th Cir. 1991) ("It is true that improper venue is a personal defense which is waived if not raised either by motion or in a responsive pleading."); *Kentucky v. Marathon Petroleum Co.*, 464 F.Supp.3d 880, 887-88 (W.D. Kentucky, 2020). *See also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (citing 2A Moore's Federal Practice P 12.05 at 2240 (2d ed. 1975) ("While it was thought to be advisable to allow certain defenses to be raised by a

pre-answer motion, the potential abuse of the privilege by successive filings to gain unjust delay was prevented by subdivisions (g) and (h) of Rule 12.")).

The MSP Defendants assert that Plaintiff's waiver argument fails because the automatic waiver provision does not apply to previously dismissed then reinstated defendants such as them, as they should be considered "new" parties. They fail to cite any authority for this proposition. The MSP Defendants cite a district court case from New Jersey in which the court concluded that the failure to raise an affirmative defense by responsive pleading or appropriate motion does not always necessitate a finding of waiver. *See Sultan v. Lincoln Nat'l Corp.*, 2006 U.S. Dist. LEXIS 44427 (D.N.J. June 30, 2006) (citing *Prinz v. Greate Bay Casino Corp.*, 705 F.2d 692 (3d Cir. 1983)). Those cases, however, do not persuade the Court that it should overlook the MSP Defendants' failure to raise improper venue over the course of nearly five years.

For the reasons set forth above, the Court concludes that the MSP Defendants' failure to challenge venue in their prior motion to dismiss constituted a waiver of the defense of improper venue.  The Motion is denied, and Plaintiff's cause of action will continue to be litigated in the Eastern District of Michigan.

## IV.  CONCLUSION

Accordingly,

IT IS ORDERED that the MSP Defendants' Motion to Dismiss for Improper

Venue [ECF No. 144] is **DENIED**.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Date: April 5, 2022                UNITED STATES DISTRICT JUDGE